UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC.,  )
a Florida corporation,           )
                                 )
        Plaintiff,                )
                                 )
v.                               )   Case No. 3:17-cv-1054-J-32JRK
                                 )
DINA KLEMPF SROCHI, as Trustee   )
of the LAURA JEAN KLEMPF         )
REVOCABLE TRUST, a Georgia trust,)
                                 )
        Defendant.                )
                                 )

**MOTION FOR EXTENSION OF
TIME TO RESPOND TO COMPLAINT**

Defendant, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust (the "Jean Klempf Trust" or the "Trust"), moves the Court for an extension of time to file her response to the complaint filed by plaintiff, Foodonics International, Inc. ("Foodonics"), until the later of (i) November 29, 2017 or (ii) 30 days following the termination of the mediation which the parties agreed to attend on October 30, 2017.

**Background Facts and Relief Requested**

1. On June 23, 2017, the Trust provided a letter to the attorneys for Foodonics and Jacques Klempf which (i) identified the Trust's claims against Jacques Klempf and Foodonics for securities law violations, fraud and breach of fiduciary in connection with the redemption of stock held by the Jean Klempf Trust as a minority

shareholder, (ii) identified damages in excess of $23,200,000 and (iii) proposed that the parties attempt to reach an amenable resolution of the claims without protracted litigation. A copy of the proposed complaint which accompanied the letter and which is referred to in Foodonics' complaint is attached (See Exhibit 1).

2. On July 14, 2017, attorneys for the Trust delivered a proposed Settlement Term Sheet to Foodonics and Jacques Klempf which was rejected without comment or counteroffer. As a result, the Trust exercised its right of setoff as to an IRS tax refund.

3. On September 7, 2017, Foodonics commenced this action by filing a complaint against the Trust seeking damages for the setoff taken by the Trust and a declaratory judgment as to the Trust's claims as set forth in the Trust's proposed complaint. In the letter transmitting Foodonics' preemptive strike complaint, Foodonics proposed a meeting "to settle these matters rather than [to] litigate them." (See Exhibit 2).

4. As a result of a series of settlement communications between counsel for the parties between September 14 and September 26, 2017, the parties agreed to participate in an early mediation in an effort to resolve the claims asserted by all parties in this case. Counsel for the respective parties agreed to a mediator and agreed to a mediation date of October 30, 2017. (See Exhibits 3, 4, 5 and 6).

5. As part of the communications between September 14 and September 26, counsel for the parties also agreed that the Trust need not file a

response to Foodonics' complaint until "a reasonable time after the mediation" if the mediation was not successful.

6. On September 30, 2017, the Foodonics complaint was served on the Trustee and, but for the agreement of counsel as set forth above, a response would have been due to be served on October 23, 2017.

7. On October 7, 2017, counsel for the Trust asked counsel for Foodonics to confirm that "a reasonable time after the mediation" be deemed to be 30 days after the mediation. (See Exhibits 7 and 8).

8. On October 12, 2017, counsel for the Trust was notified by counsel for Foodonics that his client was now "unwilling for us to grant an extension of time to respond to the complaint." (See Exhibit 9). In response, counsel for the Trust requested that counsel for Foodonics reconsider this repudiation of their agreement and delivered to Foodonics' counsel a proposed unopposed motion for extension of time to respond to the complaint. (See Exhibit 10).

9. On October 16, 2017, counsel for Foodonics advised that his client would not change his mind and demanded that the Trust respond to the Foodonics complaint without any extension of time -- in seven days (October 23, 2017).

10. By this Motion, the Trust requests an extension of time to respond to the complaint filed herein until the later of (i) November 29, 2017 or (ii) 30 days following the date that the mediator files a notice that the mediation has reached an impasse.

**Memorandum of Law**

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), the Court can extend time for responding to a pleading upon a showing of good cause. An application for an extension of time under this Rule is normally granted in the absence of prejudice and in the interest of efficient judicial administration. See *Fisher v. Office of State Attorney 13th Judicial Circuit Florida*, 162 Fed.Appx. 937, 940 (11th Cir. 2006).

In this case, there will be no prejudice to Foodonics if the extension requested is granted. To the contrary, the requested extension was and is an integral component of a professionally responsible agreement for an early mediation which was and is intended to promote the efficient judicial administration of this case for all parties and this Court.

In addition, good cause exists for the requested extension to protect and promote the standards of professionalism which have been adopted by The Florida Bar and The Jacksonville Bar Association. In this case, as a result of communications between counsel, the attorneys for the Trust believed in good faith that they would have "a reasonable time after the mediation" to respond to the complaint "if the mediation was not successful."

> A lawyer's word should be his or her bond.
>
> The Florida Bar *Guidelines for Professional Conduct*, General Principles, para. A. 2 (2008).

Moreover, as to the extension of time, the Professional Guidelines provide that:

> 8. A lawyer should accede to all reasonable requests for scheduling, rescheduling, cancellations, extensions, and postponements that do not prejudice the client's opportunity for full, fair, and prompt consideration and adjudication of the client's claim or defense.
>
> 9. First requests for reasonable extensions of time to respond to litigation deadlines, whether relating to pleadings, discovery, or motions, ordinarily should be granted between counsel as a matter of courtesy unless time is of the essence.
>
> . . .
>
> 11. A lawyer should advise clients against the strategy of granting no time extensions for the sake of appearing "tough."

In this case, the attorneys for Foodonics have permitted their client to dictate that no time extensions be granted as part of his misguided "appearing tough" strategy.

## Conclusion

WHEREFORE, the Trust respectfully requests that this Court enter an order granting an extension of time to respond to the complaint filed herein until the later of (i) November 29, 2017 or (ii) 30 days following the date that the mediator files a notice that the mediation has reached an impasse.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), counsel for the Trust certifies that he has conferred in good faith with counsel for Foodonics, who states that his client opposes the relief requested in this motion.

SMITH HULSEY & BUSEY


By: /s/ *James H. Post*
    James H. Post

Florida Bar Number 0175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Attorneys for Defendant Dina Klempf
   Srochi, as Trustee of the Laura Jean
   Klempf Revocable Trust

Certificate of Service

I certify that on this 19th day of October, 2017, I electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to all CM/ECF participants in this case. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

/s/ *James H. Post*<br>Attorney

976424