# EXHIBIT 6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION



FOODONICS INTERNATIONAL, INC.,

    Plaintiff,

vs.                                 CASE NO.: 3:17-cv-01054-TJC-JRK

DINA SROCHI, as Trustee of the
Laura Jean Klempf Revocable Trust,

    Defendant.
_____/

## NOTICE OF MEDIATION CONFERENCE

TO:   S. Grier Wells, Esq.                        James H. Post, Esq.
        GrayRobinson, P.A.                      Smith Hulsey & Busey
        50 N. Laura Street, Suite 1100       P. O. Box 53315
        Jacksonville, Florida 32202           Jacksonville, Florida 32201-3315
        Counsel for Foodonics                  Counsel for Dinal Srochi

    MEDIATION OF THIS CAUSE is referred to TERRANCE E. SCHMIDT, Mediator, in accordance with rules governing mediation set forth in Chapter Nine of the United States District Court for the Middle District of Florida.

    1.    LOCATION: The mediation conference shall begin at **1:30 o'clock p.m. on Monday, October 30, 2017, at the offices of BLEDSOE & SCHMIDT, P.A., 501 Riverside Avenue, Suite 903, Jacksonville, Florida 32202,** and continue until recessed or terminated by the Mediator. The time allotted for this Mediation is **four** hours; however, if time permits, the participants shall be prepared to spend as much time as necessary to resolve this matter, or until an Impasse is declared by the Mediator.

    2.    ATTENDANCE: The personal attendance of all parties, trial counsel, and insurance representatives is required, unless excused by prior agreement of all parties, and/or counsel or by leave of Court. Parties shall appear with complete authority to resolve the matters in dispute.

    (a)    A corporate party shall send an authorized representative with absolute authority to enter into a full and complete compromise and settlement.

(b) A public entity required to conduct business pursuant to Chapter 286, Florida Statutes, shall appear at the Mediation Conference by physical presence of a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body of the entity.

(c) If insurance is involved in the action, the insurance carrier shall send a representative of the insured party who is not such carrier's outside counsel, who has full authority to settle up to the amount of the plaintiff's last demand or the policy limits, whichever is less, <u>without further consultation</u>.

(d) If a party has knowledge of the existence of a lien, such as workers compensation, medical liens, or other subrogated liens, then that party shall give notice of the date, time and place of the Mediation Conference to the lien holder.

3. MEDIATION PROCESS: Mediation is a process in which a neutral and impartial third party, the mediator acts to encourage and facilitate the resolution of a dispute without prescribing what it should be. It is an informal and non-adversarial process with the object of helping the parties to communicate constructively and to voluntarily reach their own mutually acceptable resolution of the issues in dispute. A mediator does not make rulings, or give legal advice, or impose any settlement on the parties. The mediator has no power to either compel or enforce settlement agreements.

4. MEDIATION STATEMENTS AND SUMMARIES: No less than 72 hours prior to the Mediation Conference, each party shall furnish to the Mediator **with a copy to all counsel involved**, a statement outlining the party's position, the issues involved, the latest settlement negotiations, and designating the persons who will appear at the Mediation Conference. Parties and counsel may attach other documents to the mediation statement, which they wish the mediator to review. These statements should not be filed with the Court. Any party may communicate, through counsel, with the Mediator at any time regarding the conference. All discussions, representations, and statements made at the Mediation Conference shall be privileged as settlement negotiations and nothing related to the mediation conference shall be admitted at trial or subject to discovery.

5. COMPENSATION: The Mediator's practice may be devoted primarily to mediation and his time typically may not be able to be filled when the Mediation is cancelled or postponed on short notice. The Mediator has set forth the terms of compensation, including the cancellation policy for this Mediation, in the addendum attached hereto and incorporated herein by reference as **Exhibit A**. It shall be the responsibility of the parties and their counsel to ensure that the Mediator's charges for conducting the Mediation are promptly paid in accordance with the terms set forth in **Exhibit A**. The failure of any party or their counsel to make timely payment shall expose

the parties and their counsel to additional fees, costs and sanctions as the circumstances require.

6. SANCTIONS: If any party or counsel fails to comply with the terms of this Order, the Court may dismiss the case, strike pleadings, enter a default, remove the case from the trial calendar, assess attorney's fees, mediation fees and costs or impose any other sanctions which the Court may deem appropriate under the circumstances.

7. SETTLEMENT: It shall be the responsibility of the Plaintiff(s) counsel to immediately notify the Court and the Mediator, in writing, of any settlement or other termination of the litigation.

DATED: October 2, 2017

_____
TERRANCE E. SCHMIDT, MEDIATOR
Florida Bar No.: 165042
Certification No.: 6667R
501 Riverside Avenue, Suite 903
Jacksonville, Florida 32202
Telephone: 904/398-1818
Facsimile: 904/398-7073

# EXHIBIT "A" ATTACHED TO NOTICE OF MEDIATION

RATE OF COMPENSATION: The Mediator shall be compensated at the rate of **$195 per hour per party (two-party dispute).** If there are more than two parties represented by the same common counsel and/or parties appearing *pro* se, the Mediator shall be compensated at the rate of **$450 per hour divided among the parties** as set forth below.

(a) There is a one-hour charge for mediation administration services and mediation preparation; however, if the parties' mediation statements require more than one hour of preparation time, the additional time will be billed as preparation time.

(b) There is a minimum charge of two (2) hours per half-day Mediation and four (4) hours for a full-day Mediation.

(c) If at any time within five (5) business days of a scheduled Mediation, the Mediation Conference is cancelled for any reason, other than at the request of the Mediator, the Mediator is entitled to charge the parties two (2) hours per half-day Mediation and four (4) hours for a full-day Mediation for the cancellation of the Mediation Conference, to be paid by the party or parties causing the cancellation.

(d) For mediations held outside of Jacksonville, the parties will be billed for travel time (1/2 hourly rate) and mileage billed at .55/mi.

(e) All charges for Mediation are payable within 30 days from the date of the Mediator's statement.

(f) Unless otherwise agreed, all mediation charges are to be divided equally among the parties represented by the same common counsel and/or parties appearing *pro se*.