# EXHIBIT 10

**From:** James H. Post
**Sent:** Thursday, October 12, 2017 5:04 PM
**To:** grier.wells@gray-robinson.com
**Subject:** FW: Klempf - Case Management Form

Grier,

     Attached is a proposed Unopposed Motion for an Extension of Time to Respond to the Complaint which is consistent with the communications you and I have had regarding an early mediation including, in particular, our objective to mitigate legal costs and to "avoid throwing gasoline on the litigation fire" by legal posturing prior to what we hope would be a successful mediation.

     I request that you keep your prior commitment to me and authorize me to file the attached unopposed motion.

Thanks,
Jim

**From:** Grier Wells [mailto:Grier.Wells@gray-robinson.com]
**Sent:** Thursday, October 12, 2017 4:47 PM
**To:** James H. Post
**Subject:** FW: Klempf - Case Management Form

After I sent the e-mail below to you, I got a call from Jacques. He is unwilling for us to grant an extension of time to respond to the complaint.

**Grier Wells | Complex Commercial, Employment and Construction Litigation**
**G R A Y | R O B I N S O N**

50 North Laura Street, Suite 1100 | Jacksonville, Florida 32202
T: 904-598-9929 | F: 904-598-9109 | D: 904-632-8478
E-mail | Website | Bio | vCard

**Facebook | LinkedIn | Twitter**

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

**From:** Grier Wells
**Sent:** Thursday, October 12, 2017 2:33 PM
**To:** James H. Post (jpost@smithhulsey.com)

**Cc:** James Nolan
**Subject:** FW: Klempf - Case Management Form

Jim:

I am attaching the court's case management report with scheduling requirements.

We have also further considered your request for an extension of time to respond to the complaint until well after mediation, either 30 days post mediation or 30 days from our request for a response. We note that an early mediation was scheduled at your suggestion.

In our conversation earlier this week, I expressed our concern that we would go to mediation, already scheduled for October 30, with no understanding of the defendant's position(s) on either the tax refund or asset sale claims. Given your and Dennis' refusal to provide any definitive information in our meeting this summer, that is still a concern of ours and we do not understand why you do not want to respond prior to mediation.

I can understand requesting an extension in a case where there is no significant prior knowledge about the various claims. However, the tax refund issue has been discussed with Dennis and Dan Edelman, both representing Ms. Klempf, since 2015 and certainly as a formal claim since 2016. Our several demand letters to Ms. Klempf advised that litigation would be necessary if unresolved. Moreover, you and Dennis asserted claims related to the asset sale of Foodonics in your proposed complaint this past summer. The issues in the litigation involve only the tax refund and the asserted claims of fraud in the asset sale. It can hardly be said that you need time to investigate or evaluate.

Dina Srochi was served on September 30, ordinarily requiring a response by October 20. If you want an extension beyond the 20th, we believe mediation should be rescheduled until such time as an answer and any defenses or counterclaim is filed.

Please advise.

Thanks.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC.,  )
a Florida corporation,
                                )
    Plaintiff,
                                )
v.                                           Case No. 3:17-cv-1054-J-32JRK
                                )
DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF         )
REVOCABLE TRUST, a Georgia trust,
                                )
    Defendant.
                                )
_____ )

## UNOPPOSED MOTION FOR EXTENSION
## OF TIME TO RESPOND TO COMPLAINT

Defendant, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust, moves the Court for an extension of time to file her response to the complaint filed by plaintiff, Foodonics International, Inc. ("Foodonics"), and in support says:

1. The response to the complaint is due to be served on October 23, 2017.

2. The parties have agreed to participate in an early mediation in an effort to resolve the claims asserted in this case. This mediation is scheduled to be held on October 30, 2017.

3. Defendant requests an extension of 30 days following the termination of the mediation, if not successful, in which to file her response to the complaint.

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 6(b), the Court can extend time for responding to a pleading upon a showing of good cause. Here, good cause for an

extension of time is shown, Plaintiffs do not oppose the relief requested in this Motion as evidenced by the Local Rule 3.01(g) certification below, and granting the Motion will not prejudice either party or the proceedings.

WHEREFORE, Defendant respectfully requests that this Court enter an order granting an extension of 30 days following the termination of the mediation, if not successful, in which to serve her response to Foodonics' complaint.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), counsel for Defendant certifies that he has conferred in good faith with counsel for Foodonics, who does not oppose the relief requested in this motion.

SMITH HULSEY & BUSEY

By: /s/ *James H. Post*
James H. Post

Florida Bar Number 0175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Attorneys for Defendant Dina Klempf
   Srochi, as Trustee of the Laura Jean
   Klempf Revocable Trust

Certificate of Service

I certify that on this 5th day of October, 2017, I electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to all CM/ECF participants in this case. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

                /s/ *James H. Post*
                   Attorney

974953