IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC.,
a Florida corporation,

      Plaintiff,

v.

DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Georgia
trust,

      Defendants,
_____/

CASE NO.: 3:17-CV-01054-TJC-JRK

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

Plaintiff, Foodonics International, Inc., through its undersigned counsel and pursuant to Rule 3.01(b) of the Rules of this Court, responds to Defendant's Motion for Extension of Time to Respond to Complaint (Doc. 4) ("Defendant's Motion") filed herein on October 19, 2017.

### Additional Background Facts

1. Plaintiff's Complaint essentially asserts two (2) claims summarized as follows:

    a. Count I is a claim for return of a tax refund paid to Laura Jean Klempf as a result of Plaintiff's overpayment of 2015 income taxes for Laura Jean Klempf (the "Tax Refund Claim");

    b. Count II is a request for declaratory relief as a result of the claims asserted by Defendant for alleged securities violations and fraud arising out of the sale of the assets of Plaintiff in 2016 ("Securities/Fraud Claims").

1

2. Plaintiff began asserting its right to the Tax Refund in 2016 through several letters to Laura Jean Klempf, her counsel and advisors. Except for two "we'll get back to you" letters in June, 2017, there was no response to Plaintiff's correspondence.

3. Instead, and as noted in Defendant's Motion, Defendant provided a letter to the undersigned counsel on June 23, 2017with a draft of a 28 page proposed complaint asserting the Securities/Fraud Claims in Plaintiff's Complaint. The draft complaint is attached to Defendant's Motion as Exhibit "1" and is referenced in Plaintiff's Complaint.

4. At counsel for Defendant's request, a settlement conference was held on July 14, 2017 between counsel for the parties. As noted in Defendant's Motion, Defendant's demands were summarily rejected.[1]

5. This action was filed on September 7, 2017 and a courtesy copy was provided to counsel for Defendant with the suggestion that settlement discussions continue.

6. Counsel for Plaintiff thereafter contacted counsel for Defendant and inquired if service of process could be accepted. Counsel for Defendant advised that service could be accepted under the waiver provisions of Rule 4, Fed. R. Civ. P., and that Defendant would avail herself of the sixty (60) day period to respond under said rule.

7. Counsel for Plaintiff advised counsel for Defendant it did not want to wait sixty (60) days for a response to the Complaint and effected personal service on Defendant on September 30, 2017, requiring a response to the Complaint by October 23, 2017.

8. Between the filing of the Complaint and service upon Defendant, counsel had a number of discussions about scheduling voluntary mediation and Defendant's request for an extension of time to respond to the Complaint well beyond mediation. Similar discussions

---

[1] Plaintiff believes Defendant's reference to Defendant's view of the value of the alleged Securities/Fraud Claims is inappropriate. However, the reference having been made, it will be addressed below.

regarding an extension of time were held subsequent to service of process and up through the filing of Defendant's Motion.

9. The undersigned counsel for Plaintiff has consistently advised counsel for Defendant of a willingness to work with Defendant on the filing of a response, but that Plaintiff was unwilling to proceed to voluntary mediation (facing a $23 million dollar claim on the alleged Securities/Fraud Claims) without having the benefit of Defendant's response to the Complaint.

10. Moreover, after continued discussions with Plaintiff itself, counsel for Plaintiff advised counsel for Defendant that Plaintiff was unwilling to grant an extension of time and yet participate in voluntary mediation. See, generally, email communications attached as Exhibit "10" to Defendant's Motion for Extension of Time.

11. Defendant has been unwilling to reschedule voluntary mediation.

12. Defendant's Motion does not cite a legal basis for the requested extension. In all of the discussions between counsel regarding an extension of time, the sole basis for the requested extension has been to save the expense of filing a response to the Compliant in the hopes of settlement at mediation.

**Argument**

13. Defendant, through Laura Jean Klempf, and her attorneys and advisors have known of Plaintiff's Tax Refund claim since at least early 2016 if not earlier.

14. Defendant, as noted in her Motion, has asserted a $23 million dollar claim for alleged Securities/Fraud Claims.

15. Counsel for Defendant was advised of counsel for Plaintiff's opposition to service under Rule 4. Plaintiff was not amenable to the sixty (60) day response under the Rule. Defendant's Motion and prior correspondence related thereto, in effect request a sixty (60) day

extension from date of service.  It is incongruous to assert that Plaintiff was agreeable to such an extension when the Rule 4 procedure was rejected, and personal service was instead perfected.

16.     Plaintiff has been consistent that it did not want to proceed to voluntary mediation without the benefit of Defendant's response to the Complaint.

17.     Defendant's goal of saving the time and expenses of filing a responsive pleading to claims it has not only known about, but essentially asserted herself in the alleged Securities/Fraud Claims, a $23 million dollar claim, is disingenuous.

## Conclusion

18.     Counsel for Plaintiff recognizes, and has so advised counsel for Defendant, that the filing of Defendant's Motion will in all likelihood effect some extension of time.  Plaintiff simply does not wish to proceed to mediation on significant claims without the benefit of Defendant's response to Plaintiff's Complaint.  Moreover, unfortunately, Plaintiff has been unwilling to agree to a rescheduling of mediation.

WHEREFORE, Plaintiff respectfully requests this Court to either deny the Motion for Extension of Time or, alternatively, to permit only a brief extension so the parties may proceed expeditiously thereafter.

Respectfully submitted this 20th day of October.

GRAYROBINSON, P.A.

 /s/S. Grier Wells_____
S. GRIER WELLS, ESQ.
Florida Bar No.: 203238
grier.wells@gray-robinson.com
elizabeth.irvine@gray-robinson.com
50 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Phone: (904)-598-9929
Fax: (904)-598-9109

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed and served electronically on this 20th day of October through the Florida E-Portal on James H. Post, Esq., counsel for Plaintiff at jpost@smithhulsey.com.

                                                /s/ S. Grier Wells, Esq.
                                                        Attorney