# EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC., )
a Florida corporation,
                                        )
            Plaintiff,
                                        )
v.                                          Case No. 3:17-cv-1054-J-32JRK
                                        )
DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF                )
REVOCABLE TRUST, a Georgia trust,
                                        )
            Defendant.
_____ )

## DISCOVERY AGREEMENT

To permit discovery to proceed without delay and to avoid possible disputes regarding the waiver of the attorney-client privilege, work product doctrine, or another privilege or protection recognized by law, the parties to this action agree as follows:

1.      Claw-back Agreement: If any party discloses information that otherwise would be protected from disclosure by the attorney-client privilege, work product doctrine, or another privilege or protection recognized by law, that disclosing party may, within seven business days after discovering the disclosure, request that the receiving party return the materials containing the information. The receiving party shall make no further use of such information and shall promptly (i) return the purportedly protected material(s) and (ii) destroy any copies in its possession. If the receiving party wishes to challenge the applicability of the protection, or assert that it has been intentionally waived, the receiving party shall, within seven business days from the disclosing party's request for return of the material(s), make a written submission to the Court. The party

asserting the protection shall respond within five business days. The receiving party shall comply with its obligations under (i)–(ii) regardless of any such challenge.

2. <u>Agreement to Notify</u>: If a party receiving information from another party discovers that the disclosing party disclosed information and knows or reasonably should know that the information was inadvertently sent, the receiving party shall promptly (i) notify counsel for the disclosing party of the disclosure and (ii) sequester and make no further use of the potentially protected information for seven business days to allow the disclosing party to provide notice triggering the preceding paragraph.

3. <u>Disclosure Not Waiver</u>: Except when a party intentionally waives the attorney-client privilege, work product doctrine, or another privilege or protection recognized by law by disclosing such information to an adverse party as provided in Fed. R. Evid. 502(a), the disclosure of such information does not constitute a waiver in this proceeding, or in any other federal or state proceeding. Further, the provisions of Fed. R. Evid. 502(b)(2) are inapplicable to the production of ESI pursuant to an agreement between the parties.

SMITH HULSEY & BUSEY

By:___/s/ *James H. Post*___
      James H. Post

Florida Bar Number 0175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Attorneys for Defendant Dina Klempf
   Srochi, as Trustee of the Laura Jean
   Klempf Revocable Trust

GRAYROBINSON, P.A.

By:___*/s/ S. Grier Wells*___
      S. Grier Wells

Florida Bar Number 203238
50 North Laura Street, Suite 1100
Jacksonville, Florida 32202
(904) 598-9929
(904) 598-9109 (facsimile)
grier.wells@gray-robinson.com

Attorneys for Plaintiff Foodonics
   International, Inc.