UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC.,  )
a Florida corporation,
)
        Plaintiff,
)
v.                                                Case No. 3:17-cv-1054-J-32JRK
)
DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF    )
REVOCABLE TRUST, a Georgia trust,
)
        Defendant.
_____)

## CONFIDENTIALITY AND PROTECTIVE STIPULATION AND ORDER

This matter is before the Court upon the joint request of the Parties for entry of a protective order (Doc. No. 16 p.6). Having reviewed the Parties' joint request and for good cause shown, the Court hereby enters the following ORDER governing confidential information and documents and authorizes the release of the information among the Parties without obtaining prior written consent of the individuals to whom the records pertain. Such disclosure is subject to the following conditions:

    1.    Definitions

        "Litigation" shall refer to Civil Action No.: 3:17-cv-1054-J-32JRK pending in the United States District Court for the Middle District of Florida and any appeals through final judgment.

        "Party" shall mean any one of the parties to this Litigation.

"Designating Party" shall mean the Party or Producing Party who designates Discovery Material as "Confidential Discovery Material" in accordance with the terms of this Stipulation and Order.

"Parties" shall mean and include all of the parties to the Litigation.

"Producing Party" shall mean any Party, or any other person or entity, producing Discovery Material.

"Discovery Material" means all documents produced and information supplied orally with a transcription or in writing in this Litigation for purposes of discovery in any form including, but not limited to, interrogatory answers, responses to requests for admission, and deposition transcripts and exhibits.

"Confidential Discovery Material" means any Discovery Material that is or contains non-public, highly sensitive business or personal information which is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

2. Any Party or Producing Party may designate any Discovery Material as "Confidential Discovery Material" under the terms of this Stipulation and Order if the Party or Producing Party believes in good faith that such Discovery Material is or contains Confidential Discovery Material entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

3. The designation by any Party or Producing Party of Discovery Material as Confidential Discovery Material shall be made only after review by an attorney for the designating Party based on a good faith belief that there is a valid basis for such designation.

4. Confidential Discovery Material shall be used solely for purposes of this Litigation, filing and pursuing insurance claims related to the matters and claims that are the subject of this Litigation and as expressly provided in paragraph 6 below.

5. The designation of Discovery Material as Confidential Discovery Material for purposes of this Stipulation and Order shall be made in the following manner:

    a. in the case of documents or other written materials (apart from depositions or other pretrial testimony), whether produced in paper form or electronically, by affixing the legend "Confidential" to each page containing any Confidential Discovery Material, provided that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Party or Producing Party may so designate a document promptly after such document has been produced, with the effect that such document is subject to the protections of this Stipulation and Order. For clarity, a Party who is not the Producing Party (i.e., the "Designating Party") may nevertheless designate documents and other written materials produced by third parties in which the Party has an interest entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure by providing written notice to all other parties, by reference to bate stamp numbers or other reliable method, of the documents and other written materials being designated as confidential; and

    b. in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at or before the conclusion of the deposition; or (ii) by written notice, sent by counsel to all Parties within ten (10) days after the receipt of the transcript of the deposition or other pretrial testimony, provided that only those portions of the transcripts designated as "Confidential" shall be deemed Confidential

Discovery Material. All depositions will be treated as Confidential Discovery Material until the expiration of the ten (10) day period. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition or in writing, without further order of the Court.

6. Except as specifically provided for in this or subsequent Court orders, Confidential Discovery Material shall not be revealed, disclosed, or otherwise made known to persons, directly or indirectly, other than the following:

    a. the Parties to the Litigation, including the Parties' officers, directors, managers, and employees (including in-house counsel), who are necessary to assist counsel for the Parties in the conduct of the Litigation for use in accordance with this Stipulation and Order;

    b. experts or consultants who are not officers, directors, managers, or employees of any Party and who are necessary to assist outside counsel of record in the conduct of this Litigation and who sign the agreement attached as Exhibit A;

    c. counsel of record for the Parties that have appeared in the Litigation, employees, contractors, and vendors of such counsel assisting in the conduct of the action for use in accordance with the terms of this Stipulation and Order;

    d. trial or deposition witnesses;

    e. the Court and Court personnel;

    f. court reporters employed in connection with this Litigation; and

    g. insurance company personnel and other necessary persons in connection with any claims made in connection with the Litigation.

7. Every person given access to Confidential Discovery Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms thereof.

8. If Confidential Discovery Material or information contained therein is to be included in any papers to be filed with the Court, including, without limitation, motions, briefs or affidavits, the Party filing such a pleading shall move the Court to allow the pleading or that portion of the pleading containing confidential information to be redacted or to be filed under seal as required by the Local Rules of this Court. Filing with the Court of any document or information that is subject to this Stipulation and Order shall be considered a disclosure unless the document or information is filed under seal. Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information shall be subject to review at the request of any Party or the Court *sua sponte*.

9. A Party may at any time challenge the designation or classification of Confidential Discovery Material by serving a written objection on the Producing Party or the Designating Party, if the latter is not the Producing Party. If the Parties are unable to resolve a dispute concerning designation or classification by agreement within ten (10) calendar days after service of the objection, a Party may seek relief from the Court. Confidential Discovery Material challenged as improperly designated or classified shall nonetheless be treated pursuant to its classification and remain subject to the provisions of this Stipulation and Order until otherwise ordered by the Court or upon agreement of the Parties concerning the challenge. Although under this Stipulation and Order the Party

opposing or challenging the designation or classification must initiate filing of a motion with the Court, the burden of proof shall remain on the Producing Party or the Designating Party, as appropriate, to establish that the information sought to be protected constitutes Confidential Discovery Material. In any dispute regarding whether Discovery Material is Confidential Discovery Material, the Court in its discretion may award to the prevailing party the attorneys' fees and other costs incurred by the prevailing party in such dispute. Absent agreement of the Parties involved in such dispute, the Court shall determine the amount to be awarded, if any.

10. Entering into, agreeing to and/or producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

    a. operate as an admission by any Party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

    b. prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Discovery Material;

    c. prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

d. prejudice in any way the rights of a Party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

e. prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential Discovery Material;

f. prevent the Parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

g. be construed as an agreement by any person to produce or supply any document, or as a waiver by any person of his or her right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

11. This Stipulation and Order has no effect upon, and shall not apply to, the Parties' use of their own respective confidential information for any purpose. Nothing herein shall: (i) prevent a Party from disclosing Confidential Discovery Material to officers, directors, or employees of the Producing Party; or (ii) impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Confidential Discovery Material but obtained lawfully by such Party independently of the discovery proceedings in this Litigation and not otherwise subject to confidentiality restrictions.

12. If a Party in possession of Confidential Discovery Material receives a subpoena or other compulsory process from a non-Party to this Stipulation and Order seeking production or other disclosure of such Confidential Discovery Material, that

Party shall give email and telephone notice to counsel for the Producing Party or the Designating Party, as appropriate, within five (5) business days after receipt of the subpoena or other compulsory process; such notice shall identify the Confidential Discovery Material sought and enclose a copy of the subpoena or other compulsory process. If the Producing Party or the Designating Party timely seeks a protective order, the Party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential Discovery Material called for prior to receiving a court order or the consent of the Producing Party or Designating Party, as appropriate. In the event that such Confidential Discovery Material is produced to the non-Party, such material shall still be treated by the Parties to this action in accordance with the designation as Confidential Discovery Material by the Parties to this Stipulation and Order.

13. The inadvertent or unintentional production of documents containing, or other disclosure of, confidential or proprietary information without being designated as Confidential Discovery Material shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. The inadvertent or unintentional production of documents or other information containing privileged information or attorney work product shall not be deemed a waiver in whole or in part of a Party's claim of privilege or work product protection, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or production shall be corrected as soon

as reasonably possible after the Producing Party or Designating Party becomes aware of the error.

14. In the event a Producing Party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once notice of the inconsistent designation is provided by the Designating Party. The Designating Party shall be responsible for informing the Party receiving the inconsistently designated information of the inconsistent designation; however, if any person subject to this Stipulation and Order receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation.

15. Any person receiving Confidential Discovery Material shall not disclose such information to any person who is not entitled to receive such information under this Stipulation and Order. If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all Parties and, without prejudice to other rights and remedies of any Party, make a reasonable good faith effort to retrieve such materials and to prevent further disclosure by it or by the person who received such information.

16. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly-joined Party by its counsel has executed and, at the request of any Party, filed with the Court its agreement to be fully bound by this Stipulation and Order.

17. Non-Parties who produce documents pursuant to this Stipulation and Order shall have the benefit of this Stipulation and Order, and shall be entitled to enforce its terms, if they agree to be bound hereby.

18. The Parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order has been entered by the Court.

19. The provisions of this Stipulation and Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom.

20. Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving the Litigation, and upon the written request of the Producing Party or Designating Party, all persons having received Confidential Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Party that produced it or destroy all such Confidential Discovery Material and certify that fact. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product (including Discovery Material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall not disclose the court papers or attorney work product to any person, except pursuant to court order or agreement with the Producing Party or Designating Party.

21. In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceeding.

22. Each of the Parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other Parties hereto. Nothing in this Stipulation and Order shall preclude any Party from seeking judicial relief, upon notice to the other Parties, with regard to any provision hereof.

| SMITH HULSEY & BUSEY | GRAYROBINSON, P.A. |
|---|---|
| By: /s/ *James H. Post* <br> James H. Post | By: /s/ *S. Grier Wells* <br> S. Grier Wells |
| Florida Bar Number 0175460 <br> 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> jpost@smithhulsey.com | Florida Bar Number 203238 <br> 50 North Laura Street, Suite 1100 <br> Jacksonville, Florida 32202 <br> (904) 598-9929 <br> (904) 598-9109 (facsimile) <br> grier.wells@gray-robinson.com |
| Attorneys for Defendant Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust | Attorneys for Plaintiff Foodonics International, Inc. |

IT IS SO ORDERED:

*James R. Klindt*

James R. Klindt
United States Magistrate Judge
Dated: February 12, 2018

983429

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC., )
a Florida corporation, )
                              )
    Plaintiff, )
                              )
v. ) Case No. 3:17-cv-1054-J-32JRK
                              )
DINA KLEMPF SROCHI, as Trustee )
of the LAURA JEAN KLEMPF )
REVOCABLE TRUST, a Georgia trust, )
                              )
    Defendant. )
_____)

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY
## AND PROTECTIVE STIPULATION AND ORDER

I, _____, have read the Confidentiality and Protective Stipulation and Order (the "Order") in the above-captioned case. I understand the terms of the Order, I agree to comply with the Order in all respects, and I hereby submit and waive any objection to the jurisdiction of the United States District Court for the Middle District of Florida for the adjudication of any dispute concerning or related to my compliance with the Order.

I understand that any violation of the terms of this Order may be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or other or additional relief as deemed appropriate by the Court.

Signature:_____

Please print or type the following:

Name:_____

Title and Affiliation:_____

Address:_____

_____

Telephone:_____