UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| FOODONICS INTERNATIONAL, INC., a Florida corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:17-cv-1054-J-32JRK ) |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Georgia trust, | ) ) ) ) |
| Defendant. | ) ) |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Florida trust, and DENNIS L. BLACKBURN, as Assistant Trustee of the JEAN KLEMPF TRUST, | ) ) ) ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. | ) ) |
| FOODONICS INTERNATIONAL, INC., a Florida corporation, and KEVIN JACQUES KLEMPF, | ) ) ) |
| Counterclaim Defendants. | ) ) |

**MOTION FOR ORDER TO SHOW CAUSE
REGARDING SUBPOENA TO CAL-MAINE FOODS, INC.**

Defendant/counterclaim plaintiff Dina Klempf Srochi, as trustee of the Laura Jean Klempf

Revocable Trust (the "Trust"), pursuant to Rule 45(d)(2)(B) and 45(g), Federal Rules of Civil

Procedure, moves the Court for an order to show cause why Cal-Maine Foods, Inc. ("Cal-Maine") should not be held in contempt of Court for failure to timely comply with a properly issued subpoena duces tecum. In support of its motion, the Trust states as follows:

1. On January 15, 2018, the Trust served a subpoena duces tecum on Cal-Maine through its registered agent (the "Subpoena"). A true and correct copy of the Subpoena and Affidavit of Service are attached as Exhibit A.

2. Cal-Maine did not assert any objections to the Subpoena or otherwise respond within 14 days of service of the Subpoena.

3. Cal-Maine also did not produce any of the documents and electronically stored information called for in the Subpoena by February 12, 2018 (the date specified in the Subpoena for production).

4. As of the date of this motion, counsel for the Trust has received no communication from Cal-Maine regarding the Subpoena.

## **LEGAL MEMORANDUM**

Pursuant to Rule 45(d)(2)(B), Federal Rules of Civil Procedure, "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested." *See* Rule 45(d)(2)(B), Federal Rules of Civil Procedure. "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *See* Rule 45(d)(2)(B), Federal Rules of Civil Procedure.

Because Cal-Maine did not assert any objections within 14 days of service, any objections Cal-Maine may have made are waived. See *Madeline L.L.C. v. Street*, No. 09-80705-MC, 2009 WL 1563526 (S.D. Fla. June 3, 2009).

Cal-Maine's failure to comply with the Trust's Subpoena prejudices the Trust's ability to defend itself and prosecute its claims in the instant action. The documents and electronically stored information requested in the Subpoena are relevant to the claims and defenses of the parties in this action. As an example, during the parties' Rule 26(f) conference, counsel for the plaintiff, Foodonics International, Inc., stated that Cal-Maine was in possession of an AS/400 server and database which contains communications and other information which is directly responsive to the Trust's discovery requests.

Pursuant to Rule 45(g), Federal Rules of Civil Procedure, this Court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. Attached to this motion as Exhibit B is a proposed order directing Cal-Maine to show cause why the company should not be held in contempt of this Court for failure to comply with the Subpoena.

WHEREFORE, the Trust respectfully requests that this Court (i) enter the attached order directing Cal-Maine to show cause why the company should not be held in contempt of this Court

for failure to timely respond to the Trust's properly issued subpoena duces tecum, and (ii) grant such further relief as this Court deems necessary and proper.

        SMITH HULSEY & BUSEY

By:   /s/ *James H. Post*
     James H. Post
     Michael E. Demont
     R. Christopher Dix

Florida Bar Number 175460
Florida Bar Number 364088
Florida Bar Number 036988
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com
mdemont@smithhulsey.com
cdix@smithhulsey.com

Attorneys for Dina Klempf Srochi, as
   Trustee, and Dennis L. Blackburn,
   as Assistant Trustee, of the Laura Jean
   Klempf Revocable Trust

Certificate of Service

I certify that on this 16th day of February, 2018, I electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to all CM/ECF participants in this case. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

>                    /s/ *James H. Post*
>                         Attorney

986965