# Exhibit A

# AFFIDAVIT OF SERVICE

State of Florida        County of Middle        Us District Court

Case Number: 17-CV-1054-J-32JRK



Plaintiff:
**FOODONICS INTERNATIONAL, INC.,**

vs.

Defendant:
**DINA KLEMPF SROCHI, et al.**

For:
James H. Post
Smith Hulsey & Busey
225 Water Street
Ste 1800
Jacksonville, FL 32202

Received by Smith Hulsey & Busey on the 15th day of January, 2018 at 9:47 am to be served on **Cal-Maine Foods, Inc., c/o CT Corporation, 1200 Sourh Pine Island Road, Plantation, FL 33324**.

I, Christopher Jordan Solages, being duly sworn, depose and say that on the **18th day of January, 2018 at 3:34 pm**, I:

**CORPORATE SERVICE** by delivering a true copy of the **Subpoena to Produce Documents, Information, Objects or to Permit Inspection of Premises in a Civil Action** with the date and hour of service endorsed thereon by me, to: **Donna Moch** as **Section Head, authorized by the State of Florida to accept service in absence of the Registered Agent** at the address of: **1200 Sourh Pine Island Road, Plantation, FL 33324** on behalf of **Cal-Maine Foods, Inc.,** and informed said person of the contents therein, in compliance with F.S. 48.081(3)(a)

I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 22nd day of January, 2018 by the affiant who is personally known to me.

NOTARY PUBLIC

JESSICA ATTAWAY
Notary Public - State of Florida
Commission # FF 909363
My Comm. Expires Nov 6, 20__
Bonded through National Notary Assn.

Christopher Jordan Solages
Process Server

Smith Hulsey & Busey
225 Water Street
Ste 1800
Jacksonville, FL 32202
**(904) 359-7700**

Our Job Serial Number: PVU-2018000247

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2c

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| FOODONICS INTERNATIONAL, INC., <br> *Plaintiff* <br> v. <br> DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Georgia tr <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:17-cv-1054-J-32JRK |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: CAL-MAINE FOODS, INC.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

You may comply with this Subpoena by providing legible copies of the items to be produced to the Attorney whose name appears on this Subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the Attorney whose name appears on this Subpoena and thereby eliminate your appearance at the time and place specified below.

| Place: Smith Hulsey & Busey <br> 225 Water Street, Suite 1800 <br> Jacksonville, FL 32202 | Date and Time: <br> February 12, 2018 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 1/12/2018

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

OR

/s/ James H. Post
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust , who issues or requests this subpoena, are:

James H. Post, Esq., Smith Hulsey & Busey, 225 Water St., Ste 1800, Jacksonville, FL 32202, jpost@smithhulsey.com, (904) 359-7700

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:17-cv-1054-J-32JRK

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## Definitions

As used herein:

1. The "Cal-Maine Sale" refers to the sale of the Assets of Foodonics to Cal-Maine on or about October 16, 2016.

2. "Document(s)" shall have the same meaning as in Rule 34, Federal Rules of Civil Procedure and shall include, without limiting the generality of the foregoing, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses or other form of communication is recorded, now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

3. "Dolph Baker" refers to Adolphus B. Baker, Chairman, Chief Executive Officer and President of Cal-Maine Foods, Inc., his employees, agents, entities, affiliates, attorneys, and representatives.

4. "ESI" means electronically stored information in all forms in which it is stored and communicated, and has the same meaning as in Rule 34, Federal Rules of Civil Procedure. ESI specifically includes emails, word processing files, electronic documents, spreadsheets, presentations, databases, images, movies, audio files, voicemails, text messages, and any other information stored on any computer, laptop, tablet, cell phone, smartphone, external hard drive USB drive, cd drive, dvd drive, backup drive, SharePoint site, file server, or in any remote or "cloud"-based system or location, including Dropbox. ESI specifically includes all of the following electronic file types: *.msg, *.pst, *.eml, *.jpg, *.tif, *.gif, *.mov, *.mpg, *.mpeg, *.wmv, *.avi, *.wav, *.mp3, *.doc, *.docx, *.wpd, *.xls, *.xlsx, *.ppt, *.pptx, *.mdb and *.pdf. ESI also includes social media data, including information stored by you or communicated by you through Facebook, Twitter, LinkedIn, Skype and blogs. ESI also includes business or personal email accounts such as Yahoo Mail, Gmail, Hotmail, Outlook.com, AOL mail and other web-based email services.

5. "Financial Information" shall refer to any record of the financial activities of a business, person, or other entity, including, but not limited to, income statements, balance sheets, statements of financial positions, profit and loss reports,

statements of revenue and expense, cash flow statements, audited financial statements, and compilations of financial information.

6. "Foodonics" refers to Plaintiff, Foodonics International, Inc. doing business as Dixie Egg Co., its officers, directors, affiliates, subsidiaries, employees, agents, attorneys, and representatives.

7. "Foodonics' Assets" or "Assets" shall refer to any or all of the assets of Foodonics in existence between September 1, 2008 and December 31, 2016 including, but not limited to, (i) the egg production assets of Foodonics and its related entities and/or (ii) Foodonics' interest in American Egg Products, LLC and the Egg-Land's Best franchise with licensing rights for portions of certain markets in Alabama, Florida, and Georgia as well as Puerto Rico, Bahamas and Cuba.

8. "Foodonics' Stock" or "Stock" refers to all Class A Voting Shares and Class B Non-Voting Shares of Foodonics in existence between September 1, 2008 and December 31, 2016.

9. "Jacques Klempf" refers to K. Jacques Klempf, his employees, agents, entities, affiliates, attorneys, and representatives.

10. "Laura Jean Klempf" refers to Laura Jean Klempf, her employees, agents, entities, affiliates, attorneys and representatives.

11. "Marc Klempf" refers to Marc E. Klempf, his employees, agents, entities, affiliates, attorneys, and representatives.

12. The "Redemption Sale" refers to the redemption transaction on the Settlement and Redemption Agreement which was closed on December 31, 2015.

13. "Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents or information that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

14. The "Settlement and Redemption Agreement" refers to the Settlement and Redemption Agreement entered into as of December 21, 2005 by and among Foodonics; Jacques Klempf; Laura Jean Klempf, individually; Laura Jean Klempf, in her capacity as Trustee of, and on behalf of, the Laura Jean Klempf Revocable Trust dated April 1, 1992, as Amended (the "Seller"); Jacques Klempf and Laura Jean Klempf as Trustees of the Family Trust under the Edward Klempf Revocable Trust Agreement dated April 1, 1992; Dina Klempf Srochi; and Marc Klempf.

15. "Trust" or "Defendant" refers to Dina Klempf Srochi, including but not limited to in her capacity as Trustee of the Laura Jean Klempf Trust dated April 1, 1992.

16. "You," "Your," or "Cal-Maine" refers to Cal-Maine Foods, Inc., its officers, directors, affiliates, subsidiaries, employees, agents, attorneys, and representatives.

17. Unless otherwise specified, the requests contained in this request for production are limited to documents and ESI authored, created, received, revised or sent from September 1, 2008 until the date that this request for production was served.

## Instructions

1. These discovery requests are continuing in nature so as to require You to file supplementary responses if You obtain new or different information up to and including the time of trial of this action.

2. Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, in the event that any document or ESI called for by a request is withheld by You on the basis of claim of privilege, please identify that document or ESI by stating: (a) any addressor or addressee, (b) matter, number of pages, and attachments or appendices, (c) all persons to whom the document or ESI was distributed, shown or explained, (d) its present custodian, and (e) the nature of the privilege asserted.

3. If any responsive document or ESI is no longer in existence, cannot be located, or is not in Your possession, custody, or control, identify it, describe its subject matter, and describe its disposition, including, without limitation, identifying the person having knowledge of the disposition.

4. In each of Your responses to these discovery requests, You are requested to provide not only such information as is in Your possession, but all information as is reasonably available. In the event that You are able to provide only part of the information called for by any discovery request, please provide all of the information You are able to provide and state the reason for Your inability to provide the remainder.

5. Produce ESI in native or near-native format, and do not convert ESI to an imaged format (e.g., *.TIF or *.PDF). Native format requires production in the same format in which the ESI was customarily created, used and stored by you. Near-native format requires production of native format ESI so that the content and metadata are electronically accessible. If the native or near-native format is not compatible with a Microsoft Office Suite software program or application, you should provide a

description of a software program or application that may be used to access and view the ESI.

6. Documents should be produced in searchable *.PDF format with logical unitization and family relationships preserved.

7. No potentially discoverable information contained on your computer systems should be deleted or modified and procedures that may affect such data should not be performed unless all potentially discoverable data has been copied and preserved. The data to be preserved includes not just active data, but archival, backup and residual data.

8. All drafts or versions of documents and ESI should be produced in addition to the final document or ESI. All documents and ESI containing written notations, comments, edits or marginalia, or which are in any way different from the original should be produced in addition to the original.

9. In response to this request, You are required to furnish all information and documents in Your possession, custody or control, or in the possession, custody or control of Your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on Your behalf.

## Documents and ESI Requested

1. All Documents and ESI exchanged, sent or delivered between You and/or Dolph Baker, on the one hand, and Jacques Klempf and/or Foodonics, on the other hand, including, but not limited to:

   a. All Documents and ESI that You or Dolph Baker sent to or received from Foodonics or Jacques Klempf relating to the Cal-Maine Sale.

   b. All documents or ESI that You or Dolph Baker sent to or received from Foodonics or Jacques Klempf referring or relating to the Settlement and Redemption Agreement.

   c. All Documents and ESI that You or Dolph Baker sent to or received from Foodonics or Jacques Klempf referring or relating to Laura Jean Klempf or the Trust.

d. All Documents and ESI that You or Dolph Baker sent to or received from Foodonics or Jacques Klempf relating to the value of Foodonics' Assets or Foodonics' Stock.

e. All Documents and ESI that You or Dolph Baker sent to or received from Foodonics or Jacques Klempf relating to the sale of Foodonics' Assets or Foodonics' Stock.

f. All Documents and ESI constituting any Foodonics' financial information provided by or on behalf of Jacques Klempf and/or Foodonics to You and/or any of its representatives, agents, officers or directors.

2. Any and all closing documents and other agreements relating to the Cal-Maine Sale.

3. All Documents and ESI in the possession of You or Dolph Baker relating to or containing any representations or estimates made by Jacques Klempf or Foodonics to any person or entity regarding the value of Foodonics' Stock or Foodonics' Assets from September 1, 2008 through the date of production.

4. All Documents and ESI in the possession of You or Dolph Baker from any person or entity relating to the value of Foodonics' Stock from September 1, 2008 through the date of production.

5. All Documents and ESI relating to any proposals, offers or discussions Jacques Klempf or Foodonics had with You and/or any person or entity regarding any possible purchase or sale of Foodonics' Assets or Foodonics' Stock.

6. All Documents and ESI in the possession of You or Dolph Baker that refer or relate to Marc Klempf.

7. All Documents and ESI in the possession of You or Dolph Baker that refer or relate to Dina Klempf Srochi.

8. All Documents and ESI in the possession of You or Dolph Baker that refer or relate to Steven Brust.

9. All Documents and ESI in the possession of You or Dolph Baker that refer or relate to Dennis L. Blackburn.

10. All Documents or ESI in the possession of You or Dolph Baker that refer or relate to Laura Jean Klempf.

11. All Documents and ESI in the possession of You or Dolph Baker sent to or received from Ian Ratner relating or referring to (i) Jacques Klempf, (ii) the value of Foodonics' Assets or Foodonics' Stock and/or (iii) any potential sale of Foodonics' Assets or Foodonics' Stock.

12. All Documents and ESI in the possession of You or Dolph Baker sent to or received from GlassRatner Advisory & Capital Group, LLC relating or referring to (i) Jacques Klempf, (ii) the value of Foodonics' Assets or Foodonics' Stock and/or (iii) any potential sale of Foodonics' Assets or Foodonics' Stock.

13. All Documents and ESI in the possession of You or Dolph Baker sent to or received from Jess W. Wright relating or referring to (i) Jacques Klempf, (ii) the value of Foodonics' Assets or Foodonics' Stock and/or (iii) any potential sale of Foodonics' Assets or Foodonics' Stock.

14. All Documents and ESI in the possession of You or Dolph Baker sent to or received from Sheldrick, McGehee & Kohler, LLC relating or referring to (i) Jacques Klempf, (ii) the value of Foodonics' Assets or Foodonics' Stock and/or (iii) any potential sale of Foodonics' Assets or Foodonics' Stock.

15. All Documents and ESI in the possession of You or Dolph Baker sent to or received from John P. Stevens relating or referring to (i) Jacques Klempf, (ii) the value of Foodonics' Assets or Foodonics' Stock and/or (iii) any potential sale of Foodonics' Assets or Foodonics' Stock.

16. All Documents and ESI in the possession of You or Dolph Baker sent to or received from Stevens, Powell & Company, P.A. relating or referring to (i) Jacques Klempf, (ii) the value of Foodonics' Assets or Foodonics' Stock and/or (iii) any potential sale of Foodonics' Assets or Foodonics' Stock.

17. All Documents and ESI in the possession of You or Dolph Baker sent to or received from Robert Monsky relating or referring to (i) Jacques Klempf, (ii) the value of Foodonics' Assets or Foodonics' Stock and/or (iii) any potential sale of Foodonics' Assets or Foodonics' Stock.

18. All Documents and ESI in the possession of You or Dolph Baker sent to or received from First Florida Capital Corporation relating or referring to (i) Jacques Klempf, (ii) the value of Foodonics' Assets or Foodonics' Stock and/or (iii) any potential sale of Foodonics' Assets or Foodonics' Stock.

19. All Documents and ESI in the possession of You or Dolph Baker sent to or received from GrayRobinson, P.A. relating or referring to (i) the Settlement and Redemption Agreement, (ii) Laura Jean Klempf or the Trust, (iii) Foodonics or Jacques Klempf, (iv) the Cal-Maine Sale, (v) the value of Foodonics' Assets or Foodonics' Stock, or (vi) any potential sale of Foodonics' Assets or Foodonics' Stock.

20. All Financial Information referring or relating to Foodonics or Jacques Klempf delivered to You and/or Dolph Baker during the period January 1, 2012 through January 1, 2017.

21. All Documents and ESI referring or relating to the transfer of any Foodonics' Assets to (i) BAM Residential Holdings, LLC; (ii) BAM Commercial Holdings, LLC; and/or (iii) BAM Investment Group, LLC.

22. All corporate minutes for You for the years 2012 through the date of production.

23. All filings with any state or federal governmental agency, including the Securities and Exchange Commission, referring or relating to Foodonics and/or Jacques Klempf.

982913