UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| FOODONICS INTERNATIONAL, INC., a Florida corporation, | : : : |
| Plaintiff, | : : |
| v. | : Case No. 3:17-cv-1054-J-32JRK : |
| DINA KLEMP SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Georgia trust, | : : : : |
| Defendant. | : : |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Florida trust, and DENNIS L. BLACKBURN, as Assistant Trustee of the JEAN KLEMPF TRUST, | : : : : : : : |
| Counterclaim Plaintiffs, | : : |
| v. FOODONICS INTERNATIONAL, INC., a Florida corporation, and KEVIN JACQUES KLEMPF, | : : : : : |
| Counterclaim Defendants. | : |

**MEMORANDUM IN OPPOSITION TO MOTION FOR ORDER TO
SHOW CAUSE REGARDING SUBPOENA TO CAL-MAINE FOODS, INC.**

As set forth in the Declaration of Brian Hickman, the Representation Services Advisor from CT Corporation System, attached as Exhibit 1, the Laura Jean Klempf Trust Defendants (the "Trust") failed to serve non-party witness Cal-Maine Foods, Inc. ("CMI") with the subpoena which defendants seek to enforce. Instead, the Return of Services suggests that defendants served the Florida Secretary of State based on the mistaken belief that CMI had not identified a

{12790040.1}

registered agent. However, the Hickman Declaration further establishes that CMI has been registered to conduct business in Florida and identified CT Corporation as its registered agent since 2005. *See also* Exhibit 2. Worse yet, the Trust refused to withdraw the motion even after counsel for CMI notified counsel for the Trust of his mistake and requested that he withdraw the motion. Fed. R. Civ. Pro. 45(d) requires a party requesting a subpoena to take reasonable steps to avoid imposing undue burden and expense on the person subject to the subpoena. The Trust fell far short of this standard. The motion should be denied and the Trust ordered to pay CMI's fees and costs.

## PROCEDURAL BACKGROUND

In January 2018, the Trust requested that the Court issue wide ranging subpoenas to CMI and to its CEO Adolphus Baker. The Trust served the subpoena on the CEO in his individual capacity on or about January 17, 2018, but it was incomplete. Undersigned counsel contacted counsel for the Trust by telephone to request a full copy of the subpoena on January 19, 2018. Mr. Baker did not request that the Trust re-serve the subpoena. Nor did it request an extension. Instead, Mr. Baker accepted the full copy of the subpoena sent by email by counsel for the trust and then timely responded to the subpoena on January 31, 2018. Counsel for the Trust at no time disclosed the existence of a subpoena to CMI in any of its communications with counsel.

Rather, the first notice that CMI had of the existence of the subpoena was an email from counsel for Plaintiff who forwarded the notice of the pending motion to undersigned counsel. CMI contacted its registered agent in Florida to determine why it had not received service of the motion. CT Corporation reviewed its records and determined that the Trust never served the subpoena. *See* Hickman Decl. ¶¶ 1-3. The lack of service to CT Corporation is consistent with the Return of Service attached to the motion. In the return of service, the process server states

{12790040.1}

that he delivered the subpoena to "Donna Moch, as Section Head, authorized by the State of Florida to accept service in absence of the Registered Agent." See Rec. Doc. Page ID 304.

Following notice of the motion, undersigned counsel contacted counsel for the Trust and explained his mistake. Undersigned counsel also requested that the Trust withdraw its motion. The Trust declined to withdraw the motion without cause or justification.

## LAW AND ARGUMENT

Rule 45 permits a party to serve a subpoena on a nonparty but imposes an obligation on the party requesting the subpoena to take reasonable steps to avoid imposing undue burden and expense on the person subject to the subpoena. In this case, the Trust seeks to compel compliance with a subpoena that it has never served on CMI. Rule 45 does not permit enforcement of a subpoena in the absence of service. Due process demands that CMI be permitted an opportunity to serve written objections and to seek a protective order to the extent that the subpoena would impose an undue burden on CMI. Further, once notified of its mistake, the Trust had an obligation to mitigate the burden on CMI by withdrawing its motion. The Trust has failed to meet this standard. Under these circumstances, Rule 45(d)(1) provides that the Court "must enforce" the duty to mitigate burden and "impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." The Court should deny the Motion for Order to Show Cause and further order the Trust to reimburse CMI for the reasonable fees and costs incurred in responding to the motion.

## CONCLUSION

For the reasons stated above, CMI respectfully requests that the Court deny the Motion for Order to Show Cause and further order the Trust to reimburse CMI for the reasonable fees and costs it has incurred in responding to the Trust's motion.

{12790040.1}

Respectfully submitted,

JONES WALKER LLP

By: _/s/ Daniel R. Russell_
DANIEL R. RUSSELL
Florida Bar No. 63445
215 South Monroe Street, Suite 130
Tallahassee, Florida 32301
Telephone: 850.425.7800
Facsimile: 850.425.7818
E-Mail:whall@joneswalker.com
    drussell@joneswalker.com
Secondary E-Mail: mharrell@joneswalker.com

with

MARK A. CUNNINGHAM* (Pro Hac Pending)
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8536
Facsimile: (504) 589-8536
mcunningham@joneswalker.com

Attorney for Nonparty Cal-Maine Foods, Inc.

## CERTIFICATE OF SERVICE

I, the undersigned, declare that on March 2, 2018, I served by mail and e-mail this opposition memorandum on James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, ,who serves as counsel for Defendants.

_/s/ Daniel R. Russell_
Daniel R. Russell