UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC.,
a Florida corporation,

    Plaintiff,

v.

DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Georgia trust,

    Defendant.
_____

DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Florida trust,
and DENNIS L. BLACKBURN, as
Assistant Trustee of the JEAN KLEMPF
TRUST,

    Counterclaim Plaintiffs,

v.

FOODONICS INTERNATIONAL, INC.,
a Florida corporation, and KEVIN
JACQUES KLEMPF,

    Counterclaim Defendants.
_____

Case No. 3:17-cv-1054-J-32JRK

## ORDER GOVERNING ESI ISSUES

This cause came on for consideration on the unopposed motion of defendant and counterclaim plaintiff Dina Klempf Srochi, as trustee of the Laura Jean Klempf Revocable Trust, for an order addressing preliminary ESI issues in this case. The Court having considered the motion and the parties having consented to the entry of this order, it is ORDERED:

1. All parties shall *preserve* ESI related to this case which was created or received on or after September 1, 2008. The parties reserve their respective positions and objections concerning ESI *production* date ranges.

2. All parties shall designate within 10 days of the entry of this order an e-discovery liaison to be knowledgeable about and responsible for the party's ESI and to work together to help resolve e-discovery disputes without Court intervention.

3. All parties shall disclose within 10 days of the entry of this order the locations and types of potentially discoverable information in the parties' possession or control and how that information can be (or has already been) collected from the systems and media in which it is stored.

4. In accordance with in accordance with Rule 16(b)(3)(B)(v), Federal Rules of Civil Procedure:

   (i) no discovery-related motion may be filed unless the moving party attempted in good faith, but without success, to resolve the dispute and has requested a pre-motion conference with the Court to discuss the dispute and to attempt to resolve it informally;

   (ii) if the Court does not grant the request for a conference, or if the conference fails to resolve the dispute, then upon approval of the Court, a motion may be filed;

   (iii) unless otherwise permitted by the Court, discovery-related motions and responses thereto will be filed in letter format and may not exceed three, single-spaced pages, in twelve-point font;

   (iv) replies will not be filed unless requested by the Court following review of the motion and response;

(v) unresolved discovery disputes are to be raised as required by this paragraph before the end of discovery and

(vi) absent a showing of good cause and due diligence, discovery disputes will not be heard after the discovery cutoff.

5. Within 20 business days of the entry of this order, the parties' e-discovery liaisons shall confer regarding presently served discovery requests in this case to discuss the search methods that will be used to search ESI, identify information that is subject to production and filter out ESI that is not subject to discovery. The parties' e-discovery liaisons shall also confer regarding the foregoing search methods and issues within 14 business days after any new request for production is served after the entry of this Order. For all presently pending and future discovery requests, the parties' e-discovery liaisons will cooperate in the development of appropriate search methodology and criteria, including the potential use of computer-assisted search methodologies and other analytics-based search and filtering tools.

6. The parties shall use phasing for any ESI production that cannot be completed within the time period specified in any discovery request involving ESI.

7. Except as otherwise agreed by the parties, production of ESI shall be made as set forth below:

### A. TIFF Production

Except as indicated below, all ESI is to be produced in TIFF format, with each page bearing a unique bates number. TIFF files shall be produced in single-page format, along with the metadata and image load files (.OPT file and .LFP file).

### B. Native Production / Special Formats

Microsoft Excel documents and other similar files, as well as any ESI that otherwise cannot be reasonably imaged or produced in TIFF format, shall be produced in native format. (However, if such

material contains privileged information or information subject to any other applicable protection, it may be redacted and produced in TIFF format, as described below.)

The receiving party may request that the producing party provide any ESI in native format upon good cause *(e.g.,* where a document produced in TIFF format, such as a Microsoft Powerpoint presentation, is unreadable or undecipherable).

To the extent a party has discoverable ESI that cannot be reasonably produced in TIFF or native format, such as information contained in a database, the producing party shall produce such ESI in a reasonably usable and exportable format that can best provide all relevant information *(e.g.,* Excel, CSV, or SQL format). The parties shall discuss the production format of such ESI prior to production.

Documents produced in native format or other special format shall each have a unique bates number. Any party that uses ESI produced in native format as an exhibit or for any other purpose shall ensure that the ESI is marked with the proper bates number and confidentiality marking.

### C. Cost

The parties agree that the cost(s) associated with converting ESI from the form in which it is ordinarily maintained (i.e., native or near-native format) into any form required by this order shall itself not be used by either party as a basis to object to discovery. The parties reserve their respective positions and objections concerning whether the cost(s) associated with converting ESI would be recoverable as a prevailing party cost under 28 U.S.C. §1920(4).

### D. Redaction

Any ESI that contains information that is protected by attorney-client privilege or other applicable protection may be produced in TIFF format with reactions applied, even if they would otherwise be produced in native format. Redacted documents shall be disclosed on a privilege log or other log.

### E. Metadata

All produced ESI must be accompanied with all metadata to the extent it is able to be extracted from the document. The metadata must be delivered in standard metadata load files *(e.g.,* .DAT file using standard Concordance delimiters). The producing party shall make reasonable efforts to ensure that the metadata is extracted and formatted consistently across documents and productions.

In addition, the producing party must provide "Custodian" and "Source" data also populated in the metadata load file. With respect to ESI gathered from an individual's computer or other device, the "Custodian" field will provide, to the extent reasonably available, metadata sufficient to identify the custodian from whose device such ESI has been gathered; for ESI gathered from other sources, the "Source" field will provide, to the extent reasonably available, metadata sufficient to identify the location from which such ESI has been gathered *(e.g.,* "network shared drive").

To the extent any ESI contains information subject to a claim of privilege or any other applicable protection, its respective metadata may be redacted or withheld. The producing party shall disclose metadata that is redacted or withheld a privilege log or other applicable log.

### F. Extracted Text / OCR

All ESI is to be provided with searchable text (.TXT) files extracted directly from the document. Any ESI produced in redacted form may be processed through OCR. These text files should indicate page breaks, to the extent reasonably available.

### G. De-duplication

The parties shall make reasonable efforts to de-duplicate identical ESI within and across custodians.

### H. Encrypted or Password-Protected ESI

Upon the reasonable request of the receiving party, for any ESI that exists in encrypted format or is password-protected, the producing party will undertake reasonable efforts to provide the propounding party a means to gain access to those native files *(e.g.,* by supplying passwords, to the extent the producing party possesses such passwords).

DONE and ORDERED in Jacksonville, Florida on _____, 2018.

                                                                     JAMES R. KLINDT
                                                      UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record