**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FOODONICS INTERNATIONAL, INC.,
a Florida corporation,

          Plaintiff,

vs.                           Case No. 3:17-cv-1054-J-32JRK

DINA KLEMPF SROCHI,
as Trustee of the Laura Jean Klempf
Revocable Trust, a Georgia Trust,

          Defendant.
_____

DINA KLEMPF SROCHI,
as Trustee of the Laura Jean Klempf
Revocable Trust, a Florida Trust, et al.,

         Counterclaim Plaintiffs,

vs.

FOODONICS INTERNATIONAL, INC.,
a Florida corporation, et al.,

         Counterclaim Defendants.
_____/

## O R D E R

This cause is before the Court on the Motion for Order to Show Cause Regarding Subpoena to Cal-Maine Foods, Inc. (Doc. No. 22; "Motion"), filed by Defendant/Counterclaim Plaintiff Dina Klempf Srochi, as trustee of the Laura Jean Klempf Revocable Trust ("the Trust") on February 16, 2018. The Motion seeks the issuance of an order to show cause regarding "a properly issued subpoena duces tecum" to Cal-Maine Foods, Inc. ("Cal-Maine"). Motion at 1-2. According to the Trust, despite being served with the subpoena on January

15, 2018 "through its registered agent," Cal-Maine altogether failed to respond to it. Id. at 2.

Cal-Maine's registered agent is CT Corporation. Attached to the Motion is an Affidavit of Service (Doc. No. 22-1; "Affidavit") indicating that the subpoena was "to be served on Cal-Maine Foods, Inc., c/o CT Corporation, 1200 Sourh [sic] Pine Island Road, Plantation, FL 33324," but instead, the process server actually served "Donna Moch as Section Head, authorized by the State of Florida to accept service in absence of the Registered Agent at the address of: 1200 Sourh [sic] Pine Island Road, Plantation, FL 33324 on behalf of Cal-Maine Foods, Inc." Affidavit at 1 (some emphasis omitted). Although the process server's use of the word "absence" and construction of the above-quoted sentence is subject to more than one interpretation, it appears the subpoena was not served "through [Cal-Maine's] registered agent" as represented in the Motion.[1]

---

[1] One interpretation is that the process server attempted service at the address given and no one was there to accept service. This could have happened because the address given was slightly incorrect. (CT Corporation is located on "South Pine Island Road" rather than "Sourh Pine Island Road" as stated in the Affidavit. See Printout from Sunbiz.org Division of Corporations (Doc. No. 25-2).) Even if the process server knew the correct address, this scenario seems unlikely, given that CT Corporation "provides registered agent services throughout the United States and swiftly and attentively relays service of process, legal notices, and other crucial state documents to its clients," and given that it "maintains a service of process location at [the address listed on Sunbiz.org]." Declaration of Brian Hickman (Doc. No. 25-1; "Hickman Declaration"), at 2; see Fla. Stat. § 48.091(2) (providing that a registered agent office must be "open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours"). Another possible interpretation is that Donna Moch works for CT Corporation, but not as a registered agent, and the process server believed her to be authorized by the State to accept service in lieu of the registered agent. Cal-Maine has an entirely different view of what happened. According to Cal-Maine, the return "suggests that defendants served the Florida Secretary of State based on the mistaken belief that [Cal-Maine] had not identified a registered agent." Response at 1-2.

Obviously, a better explanation by the process server would have cleared up what happened, but the undersigned cannot interpret the Affidavit to support a representation that Cal-Maine was served "through the registered agent," Motion at 2, and the Representation Services Advisor for CT Corporation has confirmed under penalty of perjury that "CT Corporation System has not received [the subject subpoena]," see Hickman Declaration at 2.

Cal-Maine responded in opposition to the Motion on March 2, 2018. See Memorandum in Opposition to Motion for Order to Show Cause Regarding Subpoena to Cal-Maine Foods, Inc. (Doc. No. 25; "Response"). Cal-Maine explains that CT Corporation has been its registered agent since 2005, but the subpoena inexplicably was not served on CT Corporation. Response at 1-2. Cal-Maine, therefore, was unaware of the subpoena until its counsel received "an email from counsel for Plaintiff who forwarded the notice of the [instant M]otion." Id. at 2. At that time, Cal-Maine's counsel contacted CT Corporation to determine what happened; CT Corporation confirmed it had never received the subject subpoena. Id.; see also Hickman Declaration at 2.

After learning this information, Cal-Maine's counsel contacted counsel for the Trust; explained what happened; and requested that the Motion be withdrawn. Response at 3. Counsel for the Trust refused to withdraw it. Id. Accordingly, citing Rule 45(d)(1), Federal Rules of Civil Procedure, which provides that a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and a court "must enforce this duty and impose an appropriate sanction–which may include . . . reasonable attorney's fees–on a party or attorney who fails to comply," Cal-Maine seeks both denial of the Motion and reimbursement of its reasonable fees and costs incurred in responding to it. Response at 3.

Upon review, it is

**ORDERED:**

1. The Motion for Order to Show Cause Regarding Subpoena to Cal-Maine Foods, Inc. (Doc. No. 22) is **DENIED.**

2.	The undersigned is inclined to award Cal-Maine its reasonable fees and costs incurred in responding to the Motion, to be paid by counsel for the Trust.[2] See Fed. R. Civ. P. 45(d)(1).  **No later than April 30, 2018**, counsel for the Trust may respond to the request for fees and costs, failing which fees and costs will be automatically awarded to Cal-Maine.

**DONE AND ORDERED** at Jacksonville, Florida on April 16, 2018.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record
Counsel for Cal-Maine Foods, Inc.

---

[2]  Although the Response asks for fees and costs to be paid by "the Trust," Response at 3, it appears counsel's actions, rather than the Trust's, are the cause of the issues here.  And, Rule 45(d)(1) specifically states that an attorney responsible for serving a subpoena can be liable for fees if failing to avoid imposing undue burden or expense.