UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC., )
a Florida corporation,
                                    )
          Plaintiff,
                                    )
v.                                       Case No. 3:17-cv-1054-J-32JRK
                                    )
DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF            )
REVOCABLE TRUST, a Georgia trust,
                                    )
          Defendant.
                                    )
_____

DINA KLEMPF SROCHI, as Trustee      )
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Florida trust,   )
and DENNIS L. BLACKBURN, as
Assistant Trustee of the JEAN KLEMPF )
TRUST,
                                    )
          Counterclaim Plaintiffs,
                                    )
v.
                                    )
FOODONICS INTERNATIONAL, INC.,
a Florida corporation, and KEVIN    )
JACQUES KLEMPF,
                                    )
          Counterclaim Defendants.
                                    )
_____

## <u>MOTION TO ALLOW A COURT REPORTER DURING MEET AND CONFER</u>

Counterclaim Plaintiffs, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf

Revocable Trust, and Dennis L. Blackburn, as Assistant Trustee of the Jean Klempf Trust

(collectively, the "Trust") request an order from this Court allowing a court reporter to attend

when the parties meet and confer regarding discovery matters in this case, and in support say:

1.      On October 29, 2018, the Court entered an order (Doc. No. 70) directing the parties to meet and confer in good faith prior to November 5, 2018, regarding (i) all issues related to the GrayRobinson documents (including privilege log issues, date ranges, and general compliance with the subpoena); (ii) Kevin Jacques Klempf's phone data (including iCloud issues) and (iii) privilege log issues related to Foodonics and Jacques Klempf (collectively, the "Meet and Confer Issues").

2.      The Trust's request to allow a court reporter to attend when the parties meet and confer is consistent with the practice adopted by other Courts in other jurisdictions to facilitate the consensual resolution of disputes among parties and their counsel.  Exhibit 1 attached to this motion is a March 7, 2014 Letter Order entered by Hon. Paul W. Grimm in *EEOC v. Wal-Mart*, Case No. 8:13-cv-02655, Doc. No. 20, United States District Court, District of Maryland.  Exhibit 2 contains remarks from Hon. David Waxse, United States Magistrate Judge, District of Kansas (Ret.), published on February 21, 2018 by Exterro, Inc. in the *4th Annual Federal Judges Survey: Judicial Perspectives on the State of E-Discovery Law and Practice* at p. 14 (emphasis added)[1]:

> Another tool I have used, when counsel and the parties are not cooperating, is to require that they meet again in person and attempt to find a cooperative solution to the dispute they have. ***This time I either require that they video tape the efforts to reach a cooperative solution to the problem and either advise me of the resolution they have reached or send me a copy of the video.  I have not had to watch such a video.***  I don't know why this works, but it does.  Another judge who has an undergraduate degree in physics has used this technique successfully.  She thinks ***lawyers are like particles in physics; they change when observed.***

---

[1] https://www.exterro.com/judges-survey-18/

3. The attendance of a court reporter while the parties discuss the Meet and Confer Issues will (i) ensure that the parties meet and confer in good faith, (ii) expedite the sluggish pace of discovery that has already resulted in six discovery status conferences in this case, (iii) memorialize any agreements the parties may reach regarding the Meet and Confer Issues and (iv) provide a detailed record of the parties' respective positions regarding any unresolved disputes.

4. The Trust's counsel conferred with counsel for Foodonics International, Inc. and Kevin Jacques Klempf (collectively, the "Foodonics Parties") prior to filing this motion, but counsel for the Foodonics Parties did not agree to the requested relief.

WHEREFORE, the Trust requests that this Court enter an order allowing a court reporter to attend when the parties meet and confer regarding the Meet and Confer Issues.

SMITH HULSEY & BUSEY

By: _/s/ R. Christopher Dix_
James H. Post
Michael E. Demont
R. Christopher Dix

Florida Bar Number 175460
Florida Bar Number 364088
Florida Bar Number 036988
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com
mdemont@smithhulsey.com
cdix@smithhulsey.com

Attorneys for Dina Klempf Srochi, as
Trustee, and Dennis L. Blackburn,
as Assistant Trustee, of the Laura Jean
Klempf Revocable Trust

Certificate of Service

I certify that on this 29th day of October, 2018, I electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to all CM/ECF participants in this case. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

_____ */s/ R. Christopher Dix* _____
Attorney

1016995

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

March 7, 2014

RE: *EEOC v. Wal-Mart*
    PWG-13-2655

### LETTER ORDER

Dear Counsel:

This letter order memorializes the rulings made in the March 6, 2014 conference call regarding the discovery disputes raised in the parties' Joint Report on Discovery Dispute, ECF No. 19. My rulings are summarized as follows:

1.    The parties are to meet and confer by March 27, 2014. That meeting is to be videotaped, and a copy of the tape should be submitted if any further disputes arise. If I determine that either party is being uncooperative, I will impose sanctions and that party will be required to pay the cost of the meet and confer.

2.    Document Requests 1, 2 and 6 are limited as explained on the call. Document Request 3 is hugely overbroad and not relevant as written, but, if Defendant did not comply with the requirements for asserting privilege, then its objections are waived. Defendant's objections to Document Request 4 are overruled.

3.    The parties shall review the Discovery Guidelines for guidance on their ESI dispute, which they shall discuss at the meet and confer.

4.    Defendant's answer to Interrogatory 1 is fair; Defendant shall produce the addresses, Social Security numbers, and job titles of the persons with knowledge of the facts of this case, but not their length of employment. Defendant's objection to Interrogatory 2 is overruled. Interrogatory 3 is an excessively broad request. The parties shall discuss it at the meet and confer and Plaintiff may make a more targeted inquiry.

5.    As for the Rule 34(b)(2)(E) dispute, I clarified that documents can be produced *either* as normally maintained *or* with the identifications requested.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

_____/S/_____

Paul W. Grimm
United States District Judge

# EXHIBIT 2





## Expert Opinion
### ON COOPERATION

**Hon. David Waxse**,
United States Magistrate Judge,
District of Kansas (Ret.)

The newly revised Rule 1 of the Federal Rules of Civil Procedure adds parties to those who are responsible for securing the "just, speedy and inexpensive determination" of civil litigation. The revised committee note adds these two sentences:

"Most lawyers and parties cooperate to achieve these ends."

"Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure."

One way to do that is to have judges more actively involved in case management, which will give them more opportunities to convey this message of cooperation to the counsel and the parties.

Another tool I have used, when counsel and the parties are not cooperating, is to require that they meet again in person and attempt to find a cooperative solution to the dispute they have. This time I either require that they video tape the efforts to reach a cooperative solution to the problem and either advise me of the resolution they have reached or send me a copy of the video. I have not had to watch such a video. I don't know why this works, but it does. Another judge who has an undergraduate degree in physics has used this technique successfully. She thinks lawyers are like particles in physics; they change when observed.

> "...I don't know why this works, but it does..."