IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC.,
a Florida corporation,

    Plaintiff,

v.

Case No.: 3:17-cv-1054-J-32JRK

DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Georgia Trust,

    Defendant.
_____/
DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Florida Trust,
and DENNIS L. BLACKBURN, as
Assistant Trustee of the JEAN KLEMPF
REVOCABLE TRUST, a Florida Trust,

    Counterclaim Plaintiffs,

v.

FOODONICS INTERNATIONAL, INC.,
a Florida corporation, and KEVIN
JACQUES KLEMPF,

    Counterclaim Defendants.
_____/

## PLAINTIFF/COUNTERCLAIM-DEFENDANTS' RESPONSE TO MOTION TO ALLOW A COURT REPORTER DURING MEET AND CONFER

Plaintiff and Counterclaim-Defendants, Foodonics International, Inc. and Kevin Jacques Klempf (hereinafter "the Foodonics Parties"), respond to Counterclaim Plaintiffs (hereinafter the "Trust") Motion to Allow a Court Reporter During Meet and Confer (Doc. 71) ("Motion") filed herein on October 29, 2018.

1. On October 24, 2018, at 5:39 p.m., counsel for the Trust sent an email to the undersigned counsel for the Foodonics Parties attaching a draft notice for the Discovery Status Hearing scheduled for October 25, 2018. Although the email requested a response from counsel for the Foodonics Parties by 6:30 p.m., the undersigned was unable to respond.[1]

2. The draft notice referenced above was filed ex-parte at 6:56 p.m. on October 24, 2018, without input from the undersigned counsel for the Foodonics Parties.

3. The notice included, among other things, a request by the Trust to order limited depositions of Foodonics, Kevin Jacques Klempf and GrayRobinson. During the discovery status hearing on October 25, 2018, the Court declined to permit the limited discovery deposition of GrayRobinson requested by the Trust but instead directed the parties to meet and confer on or before November 5, 2018. No request was made at the hearing for attendance of a court reporter at such a meet and confer nor was such a procedure ordered by the Court.

4. On October 26, 2018, counsel for the parties agreed on a schedule for the meet and confer to be held on November 1, 2018, in the offices of GrayRobinson. During such scheduling communications, counsel for the Trust advised of the intention to have a court reporter attend the meet and confer to which counsel for the Foodonics Parties objected.

5. On October 29, 2018, counsel for the Trust emailed the undersigned counsel for the Foodonics Parties at 9:03 a.m. advising that a call would be placed to the Court by 10:00 a.m. if the issue of attendance of a court reporter at the meet and confer was not resolved. The undersigned advised counsel for the Trust at approximately 9:20 a.m. that the objection to the

---

[1] Based on communications between counsel for the parties on October 23, 2018, counsel for the Trust was aware that the undersigned would be traveling on both October 23, 2018 and October 24, 2018, with limited availability.

2

attendance by a court reporter was still maintained. The instant Motion was thereafter received at 5:42 p.m. on October 29, 2018.

6. The non-authoritative documents attached to the Motion suggest that the basis for attendance of a court reporter at meetings between counsel is based on a lack of cooperation between the parties. However, the Motion does not allege that the Foodonics Parties have been uncooperative or that there is a general lack of cooperation in the proceedings.

7. While there have certainly been issues in responding to discovery matters in this case, the issues are not predicated on a lack of cooperation but instead difficulties in accessing certain areas of electronically stored information and the inclusion of certain documents in privilege logs which may not be privileged. These discovery matters are, and have been, the subject of intense and continuous effort by counsel for the Foodonics Parties to resolve and will undoubtedly be the primary focus of the meet and confer scheduled for November 1, 2018.

8. It is respectfully submitted that the rationale and objective of Trust's Motion is to circumvent the very procedure denied by the Court, a discovery deposition of GrayRobinson.

WHEREFORE, the Foodonics Parties respectfully request the Court to deny the Trust's Motion.

/s/ S. Grier Wells
S. GRIER WELLS, ESQ.
Florida Bar No.: 203238
Primary E-Mail Address:
grier.wells@gray-robinson.com
Secondary E-Mail Address:
Barbara.rude@gray-robinson.com
GrayRobinson, P.A.
50 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Phone: (904)-598-9929

JOHN M. BRENNAN
Florida Bar No.: 297951
Primary E-Mail Address:
jay.brennan@gray-robinson.com
Secondary E-Mail Address:
jessica.rolon@gray-robinson.com
MICHAEL R. SANTANA
Florida Bar No.: 42124
Primary E-Mail Address:
michael.santana@gray-robinson.com
Secondary E-Mail Address:
lisandra.acosta@gray-robinson.com
GrayRobinson, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32802
Phone: (407) 843-8880
Attorneys for Plaintiff/Counterclaim
Defendants, FOODONICS
INTERNATIONAL, INC., a Florida
Corporation and KEVIN JACQUES
KLEMPF, and Non-Parties HEATHER
JEAN KLEMPF, JULIANNE MARIE
KLEMPF LEE, ALEXANDRA
RENEE KLEMPF, DENNIS HUGHES,
REGGIE DALTON, JOHN REECE,
and RICHARD STILL.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was furnished by email delivery to JAMES H. POST, ESQ., MICHAEL E. DEMONT and R. CHRISTOPHER DIX *(jpost@smithhulsey.com, mdemont@smithhulsey.com, cdix@smithhulsey.com)*, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 *(Attorneys for Defendant/Counterclaim Plaintiffs)*, this 30th day of October, 2018.

/s/ S. Grier Wells, Esq.
Attorney

\732024\20 - # 1738688 v1