UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC.,
a Florida corporation,

    Plaintiff,

v.

DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Georgia trust,

    Defendant.

Case No. 3:17-cv-1054-J-32JRK

DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Florida trust,
and DENNIS L. BLACKBURN, as
Assistant Trustee of the JEAN KLEMPF
TRUST,

    Counterclaim Plaintiffs,

v.

FOODONICS INTERNATIONAL, INC.,
a Florida corporation, and KEVIN
JACQUES KLEMPF,

    Counterclaim Defendants.

## NOTICE OF DEPOSITION OF
## JACQUES KLEMPF REGARDING
## THE PRODUCTION OF ESI AND DOCUMENTS

Please take notice that counterclaim plaintiffs, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust, and Dennis Blackburn, as Assistant Trustee of the Jean Klempf Trust, will take the videotaped deposition of counterclaim defendant Kevin

Jacques Klempf ("Jacques Klempf") on November 28, 2018 beginning at 9:30 a.m., at the offices of Smith Hulsey & Busey, One Independent Drive, Suite 3300, Jacksonville, Florida 32202, before an officer authorized by law to administer oaths and take depositions, concerning the areas of inquiry set forth in the attached Exhibit A.

This deposition is being taken for discovery purposes, for use at trial or hearing, or both, and shall continue from day to day until completed.

SMITH HULSEY & BUSEY

By: /s/ James H. Post

James H. Post
Michael E. Demont
R. Christopher Dix

Florida Bar Number 175460
Florida Bar Number 364088
Florida Bar Number 036988
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com
mdemont@smithhulsey.com
cdix@smithhulsey.com

Attorneys for Dina Klempf Srochi, as
   Trustee, and Dennis L. Blackburn,
   as Assistant Trustee, of the Laura Jean
   Klempf Revocable Trust

2

# Definitions

As used herein:

1. "Document(s)" shall have the same meaning as in Rule 34, Federal Rules of Civil Procedure and shall include, without limiting the generality of the foregoing, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses or other form of communication is recorded, now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

2. "ESI" means electronically stored information in all forms in which it is stored and communicated, and has the same meaning as in Rule 34, Federal Rules of Civil Procedure. ESI specifically includes emails, word processing files, electronic documents, spreadsheets, presentations, databases, images, movies, audio files, voicemails, text messages, and any other information stored on any computer, laptop, tablet, cell phone, smartphone, external hard drive USB drive, cd drive, dvd drive, backup drive, SharePoint site, file server, or in any remote or "cloud"-based system or location, including Dropbox. ESI specifically includes all of the following electronic file types: *.msg, *.pst, *.eml, *.jpg, *.tif, *.gif, *.mov, *.mpg, *.mpeg, *.wmv, *.avi, *.wav, *.mp3, *.doc, *.docx, *.wpd, *.xls, *.xlsx, *.ppt, *.pptx, *.mdb and *.pdf. ESI also includes social media data, including information stored by you or communicated by you through Facebook, Twitter, LinkedIn, Skype and blogs. ESI also includes business or personal email accounts such as Yahoo Mail, Gmail, Hotmail, Outlook.com, AOL mail and other web-based email services.

3. "Foodonics" refers to plaintiff, Foodonics International, Inc. doing business as Dixie Egg Co., its officers, directors, affiliates, subsidiaries, employees, agents, attorneys, and representatives.

4. "Jacques Klempf" refers to K. Jacques Klempf, his employees, agents, entities, affiliates, attorneys, and representatives.

# EXHIBIT A

## Areas of Inquiry[1]

1. **Identification:** The identification of the potentially relevant sources of documents and ESI in the possession, custody or control of Foodonics, Jacques Klempf and their respective agents and employees (collectively, the "Foodonics Parties"), including:

    a. data maps, custodian questionnaires, and other information describing the locations and types of potentially discoverable information in the possession, custody or control of the Foodonics Parties;

    b. the name of each person that identified potentially relevant sources of documents and ESI, each person's affiliation with the Foodonics Parties and the location(s) of the particular documents and ESI identified by each such person;

    c. the date on which the Foodonics Parties began identifying potentially relevant sources of documents and ESI, and the date (if ever) on which the Foodonics Parties finished identifying potentially relevant sources of documents and ESI;

    d. the policies and procedures (whether written or oral) which relate to retention or destruction of all potentially relevant sources of documents and ESI;

    e. the potentially discoverable information disclosed by the Foodonics Parties on March 26, 2018, pursuant to the Order Governing ESI Issues; and

    f. the process of identifying information required to be disclosed by the Foodonics Parties pursuant to Rule 26(a)(1).

2. **Preservation:** The Foodonics Parties' preservation of potentially relevant sources of documents and ESI, including:

    a. written or oral legal hold notices sent to custodians of potentially relevant sources of documents or ESI;

---

[1] The categories of matters described below are derived from the Electronic Discovery Reference Model, available at: https://www.edrm.net/frameworks-and-standards/edrm-model/.

b. the date(s) on which any legal hold notices (written or oral) were sent, and the name of every person that was sent a legal hold notice;

c. process of deciding on those persons;

d. the steps taken to follow up with each person that was sent a legal hold notice to ensure that each person understood and complied with the hold process, and the dates on which each of those steps were taken;

e. automated deletion or archival processes in place affecting any potentially relevant sources of ESI, and if so, what steps were taken (and when) to disable those processes;

f. the sources and volume (e.g., the total number of electronic files and total amount of data in megabytes/gigabytes) of ESI preserved by the Foodonics Parties;

g. process by which the Foodonics Parties located and/or preserved inaccessible documents or ESI;

h. the date(s) on and process by which ESI was preserved by the Foodonics Parties; and

i. the sources of any potentially relevant ESI not preserved by the Foodonics Parties (regardless of whether the failure to preserve was intentional or inadvertent).

3. **Collection:** The collection of potentially relevant sources of documents and ESI from the Foodonics Parties, including:

   a. the identity of each person from whom a collection was made or attempted to be made;

   b. the identity of the individuals and technicians that collected ESI;

   c. the particular ESI collected by each individual and technician,

   d. the date(s) on which ESI was collected,

   e. the methods used to collect the ESI; and

   f. the chain of custody for all ESI collected.

4. **Processing:** The Foodonics Parties' processing of ESI, including:

   a. the identity of the individuals and technicians that processed the ESI, the date(s) on which the ESI was processed, and the instructions and methods used to process the ESI;

   b. error reports generated during or after each time ESI was processed, and the steps taken to address and resolve each error; and

   c. any encrypted/password protected files and the password(s) used to access them.

5. **Search and Review:** The search and review of documents and ESI on behalf of the Foodonics Parties, including:

   a. the search terms and other methods used to find documents or ESI responsive to the Trust's request for production to Foodonics and subpoena to Jacques Klempf;

   b. the quality control procedures used to ensure the accuracy and completeness of document or ESI searches;

   c. the date(s) on which ESI was searched, and the individuals involved in the search process; and

   d. the identity of all reviewers of ESI, the date(s) on which ESI was reviewed and the quality control protections used to ensure the accuracy and completeness of the review.

6. **Analysis:** The analysis of the documents and ESI on behalf of the Foodonics Parties, including:

   a. data analytics, predictive coding, technology assisted review, email threading, and any other technology and methods used to analyze documents or ESI;

   b. the identity of all individuals that analyzed ESI and the date(s) on which such analysis occurred;

   c. the process and criteria by which ESI was designated as privileged, work product or otherwise withheld from production; and

   d. the identity of all individuals that decided whether ESI was privileged, work product or otherwise withheld from production and the date(s) on which that work was performed.

7. **Production:** The Foodonics Parties' production of documents and ESI, including:

   a. The ESI produced to the Trust on August 30, 2018;

   b. the text messages produced to the Trust on September 14, 2018;

   c. the ESI produced to the Trust on October 17, 2018; and

   d. the privilege logs produced by the Foodonics Parties, the individuals that created and edited those logs, and the process by which the logs were created or generated.

8. The actions taken on behalf of the Foodonics Parties related to the discovery status conference orders entered on the following dates:

   a. March 15, 2018 Order Governing ESI Issues (Doc. No. 27);

   b. June 6, 2018 Order (Doc. No. 45);

   c. July 3, 2018 Order (Doc. No. 49);

   d. August 8, 2018 Clerk's Minutes from Discovery Status Hearing (Doc. No. 53);

   e. August 22, 2018 Order (Doc. No. 57);

   f. October 4, 2018 Order (Doc. No. 62); and

   g. October 22, 2018 status conference.

9. All actions taken by Jacques Klempf personally or on his behalf in connection with the identification, preservation, collection, processing, search and review, analysis and production of ESI and documents as to the documents and ESI requested in this case from Jacques Klempf and Foodonics.

10. The following information with respect to the mobile devices used by Jacques Klempf between September 1, 2008 and January 19, 2018:

    a. the make, model and carrier of each of Jacques Klempf's mobile devices and the present condition and location of each such device.

    b. the location of any backups of data for each of Jacques Klempf's mobile devices (iCloud, iTunes, VerizonCloud/ATT Locker, laptop or desktop computer backups, etc.).

c.  who was involved in the collection of Jacques Klempf's telephone text messages in this case? What was done? When?

e.  the date ranges and total number of text messages from Jacques Klempf's mobile devices that were preserved, and the dates on which the preservation occurred.

f.  The dates on which the text messages were collected from Jacques Klempf's mobile devices and the names of the KLDiscovery technicians or other persons that collected the text messages.

g.  To the extent that any of the mobile devices owned by Jacques Klempf between September 1, 2008 and January 19, 2018 were damaged, lost or otherwise disposed of (the "Removed Phones"):

   (i)  the date and circumstances relating to the disposition of each Removed Phone and the transfer of the information contained herein, by who and when;

   (ii) the identity of all persons with whom Jacques Klempf discussed or notified of (i) any damaged phones or (ii) the retention or loss of information contained therein; and

   (iii) all documents or ESI which refer or relate to each such discussion or notification.

11. All facts, events and circumstances which support the claims of privilege in the privilege log furnished by Foodonics and Jacques Klempf on October 17, 2018 (the "Foodonics/Jacques Klempf Privilege Log") which reflects the disclosure or sharing of documents to the persons or email accounts identified in Exhibit 1 attached.

1016614

5

Exhibit 1

Isaura Costa (icosta@cmfoods.com)
Jeff Hardin (jhardin@cmfoods.com)
Patrice Long (plong@cmfoods.com)
Troy Fernley (tfernley@cmfoods.com)
David Holder (dholder@cmfoods.com)
Dick Still (dstill@cmfoods.com)
Sherman Miller (smiller@cmfoods.com)
dgdorsey@bb&t.com
Ggilley@BBandT.com
Pkay@BBandT.com
Fraser Burns (fburns@forkingamazingrestaurants.com and fburns@ocenture.com)
Lauren Cate (lcate@forkingamazingrestaurants.com)
Matt Mannick (mmannick@forkingamazingrestaurants.com)
Alexandria Klempf (aklempf@forkingamazingrestaurants.com, aklempf@bamjax.com and aklempf@gmail.com)
Lou Vaccaro (lou.vaccaro@amerisbank.com)
Sean Magee (sean.magee@amerisbank.com)
Amy Williamson (amy.williamson@amerisbank.com)
Kendall Spencer (kendall.spencer@amerisbank.com)
Scott Hall (scott.hall@amerisbank.com)
Mark Frisch (mfrisch@seabest.com)
Mail Delivery Subsystem (mailer-daemon@googlemail.com)
Mail Delivery Subsystem (MAILER-DAEMON@mx0a-001d4d01.pphosted.com)
Nancy Ferdman (nferdman@bamjax.com)
Nicole White (nwhite@bamjax.com)
Susan Miller (susan@boldcitybrewery.com)
Colin Edwards (cedwards@burlockandbarrel.com)
Roger Bagalacsa (roger.m.bagalacsa@irs.gov)
Russell Beard (rbeard@brinkmere.com)
Robert Monsky (hrmonsky@firstfloridacapital.com)
Reggie Dalton (rdalton11@tampabay.rr.com)
Billy Morrow (bmorrow@bdo.com)
Heather Klempf (hklempf6@gmail.com)
Mack Craft (mackcraft@yahoo.com)
Mark Carden (mcarden@bankunited.com)
Jim Mattera (james.mattera@cbiz.com)
Mike Robinette (mrobinette@cbiz.com)
Nina Medina (nmedina@bdo.com)
Patrick Wallace (pwallace@bdo.com)
Sam Jacobson (sam@jacobsonwright.com)
Sam Oosterhoudt (sam@lcmg.info and sam@fcgc.info)
Sarah Louviere (slouviere@bdo.com)
Mary Kimbrough (mkimbrough@cmfoods.com)
Rob Holladay (rholladay@cmfoods.com)

Bill Dias (bdias@smki.net)
Dorothy Merrick (dmerrick@hq1.com)
Ian Haensly (ihaensly@burlockandbarrel.com)
Jess Wright (jwright@smki.net)
Joe Indriolo' (jindriolo@pinestreetrps.com)
Karen Koch (kkoch@smki.net)
Lisa Smith (lsmith@smki.net)
Marc Klempf (mklempf@gmail.com)
Scott Moore (focused2be@gmail.com)
Steve Rosenbloom (srosenbloom@smki.net)
Ty Taylor (ttaylor@smki.net)
Zim (zim@oesjax.com)
Chad Munsey ( chad@ovinte.com, chad@wineloungeconcepts.com and cmunsey@vingevity.com)
ac@hallmarkpartners.com
aida_osmanovic@yahoo.com
gattwood@adf.com
kg@hallmarkpartners.com
colinlackey@ureach.com
aixcater@bistrox.com

Certificate of Service

I certify that on November 8, 2018, a copy of this document has been furnished by email to:

S. Grier Wells, Esq.
GrayRobinson, P.A.
50 North Laura Street, Suite 1100
Jacksonville, Florida 32202
grier.wells@gray-robinson.com
barbara.rude@gray-robinson.com

_____
Attorney