UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| FOODONICS INTERNATIONAL, INC., a Florida corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:17-cv-1054-J-32JRK<br>) |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Georgia trust, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Florida trust, and DENNIS L. BLACKBURN, as Assistant Trustee of the JEAN KLEMPF TRUST, | )<br>)<br>)<br>)<br>)<br>) |
| Counterclaim Plaintiffs, | )<br>) |
| v. | )<br>) |
| FOODONICS INTERNATIONAL, INC., a Florida corporation, and KEVIN JACQUES KLEMPF, | )<br>)<br>)<br>) |
| Counterclaim Defendants. | )<br>) |

**MOTION TO SHORTEN TIME
FOR THE PRODUCTION OF DOCUMENTS**

Counterclaim plaintiffs, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf

Revocable Trust, and Dennis Blackburn, as Assistant Trustee of the Jean Klempf Trust (the

"Trust"), moves the Court for the entry of an order requiring counterclaim defendant,

Kevin Jacques Klempf ("Jacques Klempf"), to produce documents on November 27, 2018, which will be eighteen days rather than within the thirty days allowed by Rule 34, Federal Rules of Civil Procedure (the "Motion"), and in support says:

1. The Trust has scheduled the deposition of Jacques Klempf in this case for November 28, 2018 and served its request for production on November 9, 2018, a copy of which is attached.

2. In order to conduct a more effective and thorough deposition of Jacques Klempf regarding the discovery issues (including failure to preserve text messages on his mobile devices), the Trust will need to obtain the requested documents from Jacques Klempf before the scheduled deposition. The number of items requested are few and should be readily available to Mr. Klempf and, in any event, can be obtained by Mr. Klempf by request to his phone carriers and the Apple Data Privacy web page (https://privacy.apple.com/).

3. By this Motion, the Trust requests the time for production of the documents be shortened from thirty days to eighteen days (to November 27, 2018) so the Trust can use the documents during the deposition of Jacques Klempf.

**MEMORANDUM OF LAW**

Under Rule 34, Federal Rules of Civil Procedure, a party is afforded thirty days from receipt of a discovery request in which to answer. The same Rule also states that a longer or shorter time may be ordered by the court. The normal thirty-day response period for discovery would not allow the Trust's counsel sufficient time to review the documents prior to the deposition of Jacques Klempf.

WHEREFORE, the Trust respectfully requests that this Court enter an order shortening the time within which Jacques Klempf must produce the requested documents to November 27, 2018.

**Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), counsel for the Trust certifies that he has conferred in good faith with counsel for Jacques Klempf, who states that he opposes the relief requested in this motion.

SMITH HULSEY & BUSEY

By: /s/ *James H. Post*
James H. Post
Michael E. Demont
R. Christopher Dix

Florida Bar Number 175460
Florida Bar Number 364088
Florida Bar Number 036988
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com
mdemont@smithhulsey.com
cdix@smithhulsey.com

Attorneys for Dina Klempf Srochi, as Trustee, and Dennis L. Blackburn, as Assistant Trustee, of the Laura Jean Klempf Revocable Trust

Certificate of Service

I certify that on this 9th day of November, 2018, I electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to all CM/ECF participants in this case. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

/s/ <i>James H. Post</i><br>Attorney

1018165

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| FOODONICS INTERNATIONAL, INC., a Florida corporation, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-1054-J-32JRK |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Georgia trust, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Florida trust, and DENNIS L. BLACKBURN, as Assistant Trustee of the JEAN KLEMPF TRUST, | )<br>)<br>)<br>)<br>)<br>) |
| Counterclaim Plaintiffs, | ) |
| v. | ) |
| FOODONICS INTERNATIONAL, INC., a Florida corporation, and KEVIN JACQUES KLEMPF, | )<br>)<br>)<br>) |
| Counterclaim Defendants. | )<br>) |

**COUNTERCLAIM PLAINTIFFS' REQUEST FOR PRODUCTION
TO COUNTERCLAIM DEFENDANT KEVIN JACQUES KLEMPF**

Counterclaim plaintiffs, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf

Revocable Trust, and Dennis Blackburn, as Assistant Trustee of the Jean Klempf Trust,

(the "Laura Jean Klempf Trust" or the "Trust"), pursuant to Rule 34, Federal Rules of

Civil Procedure, requests that counterclaim defendant, Kevin Jacques Klempf, produce for inspection and copying the documents and electronically stored information described below at the law offices of Smith Hulsey & Busey, One Independent Drive, Suite 3300, Jacksonville, Florida 32202, on November 27, 2018.

**Definitions**

As used herein:

1. "Cal-Maine" refers to Cal-Maine Foods, Inc., its officers, directors, affiliates, subsidiaries, employees, agents, attorneys, and representatives.

2. The "Cal-Maine Sale" refers to the sale of the Assets of Foodonics to Cal-Maine on or about October 16, 2016.

3. "Document(s)" shall have the same meaning as in Rule 34, Federal Rules of Civil Procedure and shall include, without limiting the generality of the foregoing, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses or other form of communication is recorded, now or at any time in your possession, custody or control, including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

4. "Dolph Baker" refers to Adolphus B. Baker, Chairman, Chief Executive Officer and President of Cal-Maine Foods, Inc., his employees, agents, entities, affiliates, attorneys, and representatives.

5. "ESI" means electronically stored information in all forms in which it is stored and communicated, and has the same meaning as in Rule 34, Federal Rules of Civil Procedure. ESI specifically includes emails, word processing files, electronic documents, spreadsheets, presentations, databases, images, movies, audio files, voicemails, text messages, and any other information stored on any computer, laptop, tablet, cell phone, smartphone, external hard drive USB drive, cd drive, dvd drive, backup drive, SharePoint site, file server, or in any remote or "cloud"-based system or

location, including Dropbox. ESI specifically includes all of the following electronic file types: *.msg, *.pst, *.eml, *.jpg, *.tif, *.gif, *.mov, *.mpg, *.mpeg, *.wmv, *.avi, *.wav, *.mp3, *.doc, *.docx, *.wpd, *.xls, *.xlsx, *.ppt, *.pptx, *.mdb and *.pdf. ESI also includes social media data, including information stored by you or communicated by you through Facebook, Twitter, LinkedIn, Skype and blogs. ESI also includes business or personal email accounts such as Yahoo Mail, Gmail, Hotmail, Outlook.com, AOL mail and other web-based email services.

6. "Financial Information" shall refer to any record of the financial activities of a business, person, or other entity, including, but not limited to, income statements, balance sheets, statements of financial positions, profit and loss reports, statements of revenue and expense, cash flow statements, audited financial statements, and compilations of financial information.

7. "Foodonics" refers to Plaintiff, Foodonics International, Inc. doing business as Dixie Egg Co., its officers, directors, affiliates, subsidiaries, employees, agents, attorneys, and representatives.

8. "Foodonics' Assets" or "Assets" shall refer to any or all of the assets of Foodonics in existence between September 1, 2008 and December 31, 2016 including, but not limited to, (i) the egg production assets of Foodonics and its related entities and/or (ii) Foodonics' interest in American Egg Products, LLC and the Egg-Land's Best franchise with licensing rights for portions of certain markets in Alabama, Florida, and Georgia as well as Puerto Rico, Bahamas and Cuba.

9. "Foodonics Complaint" means the complaint filed by Foodonics in the referenced action on September 6, 2017, and any amendments thereto.

10. "Foodonics' Stock" or "Stock" refers to all Class A Voting Shares and Class B Non-Voting Shares of Foodonics in existence between September 1, 2008 and December 31, 2016.

11. "Laura Jean Klempf" refers to Laura Jean Klempf, her employees, agents, entities, affiliates, attorneys and representatives.

12. "Marc Klempf" refers to Marc E. Klempf, his employees, agents, entities, affiliates, attorneys, and representatives.

13. The "Redemption Sale" refers to the redemption transaction on the Settlement and Redemption Agreement which was closed on December 31, 2015.

14. "Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in

connection with, the specified subject.  Thus, documents or information that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

15. The "Settlement and Redemption Agreement" refers to the Settlement and Redemption Agreement entered into as of December 21, 2005 by and among Foodonics; Jacques Klempf; Laura Jean Klempf, individually; Laura Jean Klempf, in her capacity as Trustee of, and on behalf of, the Laura Jean Klempf Revocable Trust dated April 1, 1992, as Amended (the "Seller"); Jacques Klempf and Laura Jean Klempf as Trustees of the Family Trust under the Edward Klempf Revocable Trust Agreement dated April 1, 1992; Dina Klempf Srochi; and Marc Klempf.

16. "Trust" or "Defendant" refers to Dina Klempf Srochi, including but not limited to in her capacity as Trustee of the Laura Jean Klempf Trust dated April 1, 1992.

17. "You" or "Your" refers to K. Jacques Klempf, his employees, agents, entities, affiliates, attorneys, and representatives.

18. The "relevant time period" shall mean September 1, 2008 through November 8, 2018.

**Instructions**

1. These discovery requests are continuing in nature so as to require You to file supplementary responses if You obtain new or different information up to and including the time of trial of this action.

2. Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, in the event that any document or ESI called for by a request is withheld by You on the basis of claim of privilege, please identify that document or ESI by stating: (a) any addressor or addressee, (b) matter, number of pages, and attachments or appendices, (c) all persons to whom the document or ESI was distributed, shown or explained, (d) its present custodian, and (e) the nature of the privilege asserted.

3. If any responsive document or ESI is no longer in existence, cannot be located, or is not in Your possession, custody, or control, identify it, describe its subject matter, and describe its disposition, including, without limitation, identifying the person having knowledge of the disposition.

4. In each of Your responses to these discovery requests, You are requested to provide not only such information as is in Your possession, but all information as is reasonably available.  In the event that You are able to provide only

part of the information called for by any discovery request, please provide all of the information You are able to provide and state the reason for Your inability to provide the remainder.

5. Produce ESI in native or near-native format, and do not convert ESI to an imaged format (e.g., *.TIF or *.PDF). Native format requires production in the same format in which the ESI was customarily created, used and stored by you. Near-native format requires production of native format ESI so that the content and metadata are electronically accessible. If the native or near-native format is not compatible with a Microsoft Office Suite software program or application, you should provide a description of a software program or application that may be used to access and view the ESI.

6. Documents should be produced in searchable *.PDF format with logical unitization and family relationships preserved.

7. No potentially discoverable information contained on your computer systems should be deleted or modified and procedures that may affect such data should not be performed unless all potentially discoverable data has been copied and preserved. The data to be preserved includes not just active data, but archival, backup and residual data.

8. All drafts or versions of documents and ESI should be produced in addition to the final document or ESI. All documents and ESI containing written notations, comments, edits or marginalia, or which are in any way different from the original should be produced in addition to the original.

9. In response to this request, You are required to furnish all information and documents in Your possession, custody or control, or in the possession, custody or control of Your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on Your behalf.

## Documents and ESI Requested

1. Documents or ESI sufficient to identify the make, model and carrier of each of Your mobile devices and the condition and location of each such device during the relevant time period.

2. Documents or ESI sufficient to identify the location of any backups of data for each of Your mobile devices (iCloud, iTunes, VerizonCloud/ATT Locker, laptop or desktop computer backups, etc.) during the relevant time period.

3. All documents or items of ESI (including receipts, invoices, messages or bills) relating or referring to any iPhone or other mobile device owned by You which was damaged, lost, replaced or otherwise disposed during the relevant time period.

4. The phone records or other documents or ESI sufficient to identify the dates and total number of all phone calls exchanged between You and Dolph Baker on each of Your mobile devices during the relevant time period.

5. The phone records or other documents or ESI sufficient to identify the dates and total number of all text messages exchanged between You and Dolph Baker on each of Your mobile devices during the relevant time period.

SMITH HULSEY & BUSEY


By: /s/ *James H. Post*
    James H. Post
    Michael E. Demont
    R. Christopher Dix

Florida Bar Number 0175460
Florida Bar Number 0364088
Florida Bar Number 0036988
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com
mdemont@smithhulsey.com
cdix@smithhulsey.com


Attorneys for Dina Klempf Srochi, as
   Trustee, and Dennis L. Blackburn,
   as Assistant Trustee, of the Laura Jean
   Klempf Revocable Trust

Certificate of Service

I certify that on November 9, 2018, a copy of this document has been furnished by email to:

    S. Grier Wells, Esq.
    GrayRobinson, P.A.
    50 North Laura Street, Suite 1100
    Jacksonville, Florida 32202
    grier.wells@gray-robinson.com
    barbara.rude@gray-robinson.com



                                                */s/ James H. Post*
                                                  Attorney

1018095