UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| FOODONICS INTERNATIONAL, INC., a Florida corporation, <br><br> Plaintiff, <br><br> v. <br><br> DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Georgia trust, <br><br> Defendant. | Case No. 3:17-cv-1054-J-32JRK |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Florida trust, and DENNIS L. BLACKBURN, as Assistant Trustee of the JEAN KLEMPF TRUST, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> FOODONICS INTERNATIONAL, INC., a Florida corporation, and KEVIN JACQUES KLEMPF, <br><br> Counterclaim Defendants. | |

**AMENDED NOTICE OF CONTINUATION OF RULE 30(b)(6)
DEPOSITION OF FOODONICS INTERNATIONAL, INC.
<u>REGARDING THE PRODUCTION OF ESI AND DOCUMENTS</u>**
(amended as to date only)

Please take notice that counterclaim plaintiffs, Dina Klempf Srochi, as Trustee

of the Laura Jean Klempf Revocable Trust, and Dennis Blackburn, as Assistant Trustee

of the Jean Klempf Trust, will take the continued videotaped deposition of Foodonics International, Inc. ("Foodonics") on January 24, 2019, beginning at 9:30 a.m., at the offices of Hedquist & Associates, 345 East Forsyth Street, Jacksonville, Florida 32202, before an officer authorized by law to administer oaths and take depositions. This deposition will be videotaped by Advantage Video Productions, Inc., 9951 Atlantic Boulevard, Suite 101, Jacksonville, Florida 32225.

On November 9, 2018, the Trust filed a Motion to Shorten Time for the Production of Documents (Doc. 78) seeking production of information prior to the depositions of Jacques Klempf and Foodonics on November 28-29, 2019. The motion was opposed by Jacques Klempf as "unnecessary" because he represented through counsel that such ESI and documentation would be voluntarily produced before or at the depositions (Doc. 79). None of the requested ESI or documents, however, was produced prior to the depositions.

This deposition is being continued because Foodonics has not yet completed the production of the documents, ESI and other information described in Exhibit A as required by Court Order, the Federal Rules of Civil Procedure or as stipulated by counsel for Jacques Klempf and Foodonics during the depositions of those parties on November 28-29, 2018.

Pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, Foodonics is required to designate one or more officers, directors, managing agents, or other persons

who consent to do so, to testify on its behalf concerning the areas of inquiry set forth in Exhibit A to the Amended Notice of Deposition served on November 14, 2018.

SMITH HULSEY & BUSEY

By: */s/ James H. Post*
    James H. Post
    Michael E. Demont
    R. Christopher Dix

Florida Bar Number 175460
Florida Bar Number 364088
Florida Bar Number 036988
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com
mdemont@smithhulsey.com
cdix@smithhulsey.com

Attorneys for Dina Klempf Srochi, as
   Trustee, and Dennis L. Blackburn,
   as Assistant Trustee, of the Laura Jean
   Klempf Revocable Trust

Certificate of Service

I certify that on January 3, 2019, a copy of this document has been furnished by email to:

>S. Grier Wells, Esq.
>GrayRobinson, P.A.
>50 North Laura Street, Suite 1100
>Jacksonville, Florida 32202
>grier.wells@gray-robinson.com
>barbara.rude@gray-robinson.com



>*/s/ James H. Post*
>Attorney

c:  Hedquist & Associates
    (904) 354-4111
    hedquist@bellsouth.net

    Advantage Video
    (904) 724-9006
    scheduling@advantagevideo.com

1020033.3

**From:** James H. Post
**Sent:** Friday, November 30, 2018 5:15 PM
**To:** grier.wells@gray-robinson.com
**Cc:** david.hancock@gray-robinson.com; Chris Dix <cdix@smithhulsey.com>
**Subject:** RE: Foodonics v. Klempf Trust - Meet and Confer

Grier,

      As we informed you yesterday, the 30(b)(6) deposition of the designated representative for Foodonics, David Hancock, has been continued so that your clients can complete the production of the following ESI and other information as required by Court Order, the Federal Rules of Civil Procedure or as stipulated to by you and your clients during the deposition:

    A.    The documents and ESI as described in the Trust's request for production served on you on November 9, 2018:

        1.    Documents or ESI sufficient to identify the make, model and carrier of each of Your mobile devices and the condition and location of each such device during the relevant time period.

        2.    Documents or ESI sufficient to identify the location of any backups of data for each of Your mobile devices (iCloud, iTunes, VerizonCloud/ATT Locker, laptop or desktop computer backups, etc.) during the relevant time period.

        3.    All documents or items of ESI (including receipts, invoices, messages or bills) relating or referring to any iPhone or other mobile device owned by You which was damaged, lost, replaced or otherwise disposed during the relevant time period.

        4.    The phone records or other documents or ESI sufficient to identify the dates and total number of all phone calls exchanged between You and Dolph Baker on each of Your mobile devices during the relevant time period.

        5.    The phone records or other documents or ESI sufficient to identify the dates and total number of all text messages exchanged between You and Dolph Baker on each of Your mobile devices during the relevant time period.

        These are the same ESI and documents you represented to the Court that would be voluntarily produced by your clients at or before his November 28, 2018 deposition. Of course, none of these records were produced before or at the deposition.

    B.    Invoices, billing records and statements describing any services rendered by KLDiscovery to the GrayRobinson firm or its clients in the referenced case, including services to identify, preserve, collect, process, search, review, analyze or produce ESI (and the dates on which those services were provided).

**EXHIBIT A**

C. The results of the search and examination by a KLDiscovery forensic examiner (or other qualified expert) of the forensic images of Jacques Klempf's desktop computer and two laptop computers created by KLDiscovery in April or May of 2018 to determine whether any backups of Mr. Klempf's phone data were created or stored by iTunes.

D. Documents or ESI from Microsoft which reflect the date(s) on which DixieEgg.com email accounts (including the email account of Richard Still) were terminated and, if different, the date(s) on which the data for each of those accounts was deleted or could no longer be retrieved.

E. The data associated with Jacques Klempf's Apple ID account that Jacques Klempf requested and obtained from Apple after visiting the following website: https://privacy.apple.com/. The Apple data (1) should be collected by a KLDiscovery forensic examiner (or other qualified expert) and (2) need not include the following categories of ESI: (i) App Store, iTunes Store, iBooks Store and Apple Music activity, (ii) Marketing subscriptions, downloads and other activity, (iii) Game Center activity, (iv) iCloud Bookmarks and Reading List, (v) Maps data or (vi) iCloud Photos.

F. The production of a revised privilege log on behalf of Foodonics and Jacques Klempf and the corresponding production of all unprivileged documents.

We are sending you a notice of continued deposition today. As usual, we will reasonably attempt to accommodate the schedules of counsel, parties and the witness. The completion of this deposition, however, is dependent upon the completion of the production from your clients – all of which needs to be completed as soon as practicable, but no later than January 11, 2019.

Please let me know if you have any questions regarding the foregoing.

Jim
James H. Post

**SMITH HULSEY & BUSEY**

One Independent Drive | Suite 3300 | Jacksonville, Florida 32202
904-359-7700 | Direct 904-359-7783
jpost@smithhulsey.com | www.smithhulsey.com



*This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system. Thank you for your cooperation.*