UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC.,  )
a Florida corporation,
                                )
    Plaintiff,
                                )
v.                                              Case No. 3:17-cv-1054-J-32JRK
                                )
DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF        )
REVOCABLE TRUST, a Georgia trust,
                                )
    Defendant.
                                )

DINA KLEMPF SROCHI, as Trustee  )
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Florida trust, )
and DENNIS L. BLACKBURN, as
Assistant Trustee of the JEAN KLEMPF )
TRUST,
                                )
    Counterclaim Plaintiffs,
                                )
v.
                                )
FOODONICS INTERNATIONAL, INC.,
a Florida corporation, and KEVIN )
JACQUES KLEMPF,
                                )
    Counterclaim Defendants.
                                )

**UNOPPOSED MOTION TO EXTEND**
**CASE MANAGEMENT DEADLINES**

Counterclaim plaintiffs, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust, and Dennis Blackburn, as Assistant Trustee of the Jean Klempf Trust (the "Jean Klempf Trust" or the "Trust"), move for entry of an order

modifying the Second Amended Case Management and Scheduling Order (the "Scheduling Order"; Doc. No. 63), to extend the remaining deadlines by 180 days, and in support say:

1. Scheduling orders under Rule 16 may be modified "for good cause and with the judge's consent." Rule 16(b)(4), Fed. R. Civ. P. "The court may modify the schedule on a showing of good cause if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) 1983 advisory committee's note; *see also In re Accutane Prods. Liab. Litig.*, 923 F. Supp. 2d 1349, 1351 (M.D. Fla. 2013) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note).

2. Rule 6(b) states, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b)(1). The standard is a liberal one, and "an application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright, et al., Fed. Prac. & Proc., § 1165 at 605, 608 (2015).

3. Scheduling difficulties have arisen based on difficulties in the production and review of documents by parties and non-parties. As a result, the parties will not have sufficient time under the present deadlines to (i) complete and review the extensive document productions and (ii) cannot adequately prepare for depositions prior to the current discovery deadline of September 30, 2019.

4. Because discovery is not complete, the parties are also unable to (i) make an informed determination as to the need to add additional parties or to amend the pleadings or (ii) prepare and disclose the initial and rebuttal reports of expert witnesses.

5. Accordingly, the parties request that the Court extend all remaining deadlines in the Scheduling Order by approximately four months, and propose the following schedule:

| **Deadline or Event** | **Current Date** | **Modified Date** |
|---|---|---|
| Motions to Add Parties or to Amend Pleadings | 5/31/19 | 6/30/19 |
| Disclosure of Fact Witnesses | 3/6/20[1] | 9/30/19 |
| Disclosure of Expert Reports      Initial:<br>                                                   Rebuttal: | 6/28/19<br>8/12/19 | 10/28/19<br>12/12/19 |
| Discovery deadline | 9/30/19 | 1/30/20 |
| Dispositive and *Daubert* motions (responses due 21 days after service) | 10/30/19 | 3/2/20 |
| All other motions, including motions *in limine* | 3/19/20 | 7/20/20 |
| Joint Final Pretrial Statement | 3/19/20 | 7/20/20 |
| Final Pretrial Conference | 3/25/20<br>10:00 A.M.<br>Judge Corrigan | TBD by the Court |
| Trial Term Begins | April 6, 2020<br>9:00 A.M. | August, 2020 |

---

[1] Pursuant to Rule 26(a)(3), Federal Rules of Civil Procedures, the deadline for the parties to disclose fact witnesses is currently scheduled for March 6, 2020 (which is currently 158 days after the present discovery deadline date). Pursuant to Rule 26(a)(3)(B), Federal Rules of Civil Procedure, the parties respectfully request that the Court establish the deadline of September 30, 2019 for the parties to disclose fact witnesses (which will be 122 days before the proposed discovery deadline date). In the alternative, if the Court does not grant the 120-day extension of the remaining deadlines, the parties request that the Court, at a minimum, establish the deadline of June 28, 2019 to disclose fact witnesses. (See para. 6 of this motion).

6. Additionally, pursuant to Rule 26(a)(3), Federal Rules of Civil Procedures, the deadline for the parties to disclose fact witnesses is currently scheduled for March 6, 2020 (which is currently 158 days after the present discovery deadline date). Pursuant to Rule 26(a)(3)(B), Federal Rules of Civil Procedure, the parties respectfully request that the Court establish the deadline of September 30, 2019 for the parties to disclose fact witnesses (which will be 122 days before the proposed discovery deadline date). In the alternative, if the Court does not grant the 120-day extension of the remaining deadlines, the parties request that the Court, at a minimum, establish the deadline of July 26, 2019 to disclose fact witnesses.

7. Lastly, the parties respectfully request that this Court modify its Order of July 3, 2018 (Doc. No. 49) and allow depositions, including party depositions, to go forward at this time.

8. This motion is not brought to unreasonably delay the trial of this action, but instead to proactively address scheduling issues that were not foreseen when Foodonics International, Inc. ("Foodonics") and the Trust submitted their Case Management Report (Doc. No. 16).

WHEREFORE, the Trust requests an extension of the remaining deadlines in the Scheduling Order by approximately 120 days.

**Local Rule 3.01(g) Certification**

Pursuant to Local Rule 3.01(g), counsel for the Trust certifies that he has conferred in good faith with counsel for Foodonics and Jacques Klempf, who does not oppose the relief requested in this Motion.

SMITH HULSEY & BUSEY


By: /s/ *James H. Post*
  James H. Post
  Michael E. Demont
  R. Christopher Dix

Florida Bar Number 0175460
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com
mdemont@smithhulsey.com
cdix@smithhulsey.com

Attorneys for Counterclaim Plaintiffs,
  Dina Klempf Srochi, as Trustee of the
  Laura Jean Klempf Revocable Trust
  and Dennis L. Blackburn, as Assistant
  Trustee of the Jean Klempf Trust

<u>Certificate of Service</u>

      I certify that on this 17th day of May, 2019, I electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to all CM/ECF participants in this case. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

                                              /s/ *James H. Post*
                                                     Attorney

1033259