IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC.,
a Florida corporation,

    Plaintiff,

Case No.: 3:17-cv-1054-J-32JRK

v.

DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Georgia Trust,

    Defendant.
_____/

DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Florida Trust,
and DENNIS L. BLACKBURN, as
Assistant Trustee of the JEAN KLEMPF
REVOCABLE TRUST, a Florida Trust,

    Counterclaim Plaintiffs,

v.

FOODONICS INTERNATIONAL, INC.,
a Florida corporation, and KEVIN
JACQUES KLEMPF,

    Counterclaim Defendants.
_____/

### AGREED MOTION TO EXTEND TIME TO RESPOND TO MOTIONS FOR SANCTIONS AND TO COMPEL DISCOVERY

Plaintiff/Counterclaim Defendant Foodonics International, Inc. ("Foodonics") Counterclaim Defendant Kevin Jacques Klempf ("Jacques") and GrayRobinson, P.A. (all collectively referred to as "Respondents"), pursuant to Rule 6(b), Federal Rules of Civil Procedure and Rule 3.01 of the Rules of this Court, respectfully move for an extension of time to

respond to Counterclaim Plaintiffs' Motion for Sanctions directed to all Respondents (Dkt. 98), Motion to Compel directed to Foodonics (Dkt. 100) and Motion to Compel directed to GrayRobinson (Dkt. 101) ("Discovery Motions"). In support of this Motion, Respondents would show as follows:

1. This Court's **ORDER** dated April 11, 2019 (Dkt. 91) required all Parties herein to file discovery or related motions by May 20, 2019 and further required response to such motions to be filed fourteen (14) days thereafter.

2. Counterclaim Plaintiffs filed their Discovery Motions initially on May 20, 2019 with amended motions to compel filed on May 22, 2019.

3. Accompanying the Discovery Motions is a voluminous 1,050-page Appendix with, *inter alia*, email and other communications between counsel, subpoenas, hearing transcripts, deposition transcripts and Court orders.

4. Pursuant to the ORDER Respondents' responses to the Discovery Motions are due June 3, 2019.

5. The Discovery Motions are not necessarily voluminous in themselves but reference multiple events and circumstances between the Court and the Parties which require extensive review and analysis in order to prepare appropriate responses. Despite diligent efforts by Respondents, the review and analysis necessary for such responses cannot be completed by June 3. Respondents consequently request a seven (7) day extension to complete Respondents' responses to the Discovery Motions.

6. Respondents acknowledge the admonition in the ORDER that the Court is not inclined to extend the deadlines in the ORDER absent compelling circumstances. However, it appears the ORDER was predicated in large part by the Court's view that there have been

difficulties in scheduling depositions as evidenced by the preamble to the ORDER and specific reference to "multiple continuations of depositions preceding these deadlines." Respondents respectfully submit that there has not been an issue with the continuation of depositions. In support hereof, Respondents would show as follows:

    A.    The Court permitted Counter Plaintiffs to depose Klempf and the 30(6)(b) Corporate Representative of Foodonics for the purpose of determining actions taken by Klempf and Foodonics to comply with discovery requests.

    B.    Subsequent to agreements by counsel of the Parties as to deposition dates, the deposition of Klempf was taken on November 28, 2018 for a period of approximately 5 hours. At the conclusion of the deposition of Klempf, counsel for Counterclaim Plaintiffs did not request that the deposition of Klempf be continued.

    C.    The deposition of David Hancock, one of Klempf and Foodonics' ESI Liaisons and the 30(b)(6) designee of Foodonics, was taken on November 29, 2018 for approximately 4 hours. At the conclusion of the deposition of Mr. Hancock on November 29, 2018, Counterclaim Plaintiffs reserved the right to continue the deposition of Mr. Hancock as the 30(b)(6) designee of Foodonics.

    D.    The continued deposition of Mr. Hancock was taken on January 24, 2019 for approximately 2.5 hours. At the conclusion of the deposition on January 24, 2019, Counterclaim Plaintiffs did not request any further continuation of the deposition of Foodonics' 30(b)(6) Designee.

    E.    On March 26, 2019, without prior notice or discussion, Counterclaim Plaintiffs filed a Notice of Continuation of Deposition of Jacques Klempf, Individually

3

and as the 30(b)(6) Representative of Foodonics International Regarding the Production of ESI Documents ("Continuation Notice") (Dkt. 90).

F. The undersigned counsel for Klempf and Foodonics objected to the Continuation Notice on the basis that there had been no prior request, during the deposition of Klempf or otherwise, to a continuation of the deposition of Klempf and, furthermore, that the designation of a Parties' 30(b)(6) Designee was within the sole province of that Party, not opposing counsel, and that the deposition of Foodonics' 30(b)(6) Designee had been taken twice by Counterclaim Plaintiffs.

7. Following this Court's ORDER, Counterclaim Plaintiffs filed their Notice of Cancellation of Continuation of Deposition of Jacques Klempf, individually and as the 30(b)(6) Representative of Foodonics International. (Dkt. 92).[1]

8. This Motion for Extension of Time is made in good faith, is not intended to unreasonably delay further proceedings of this cause, nor will any prejudice result to any Party.

WHEREFORE, Respondents respectfully request this Court enter an Order extending the time to respond to Counterclaim Plaintiffs discovery motions until June 10, 2019.

## CERTIFICATE OF COMPLIANCE

Pursuant to the requirements of Rule 3.01(g)of this Court, the undersigned counsel has conferred with counsel for Counterclaim Plaintiffs' who consents to an Order extending Respondents' response time until June 10, 2019.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6(b), entitled Extending Time, provides as follows:

---

[1] It appears the Continuation Notice and subsequent cancellation were filed in contravention of Rule 3.03 of this Court.

4

(1) *In general.* When an act may or must be done in a specified time, the Court may, for good cause, extend the time:

    (a) with or without motion or notice if the Court acts, or if a request has been made, before the original time or its extension expires; . . .

Respondents respectfully submit that the foregoing Motion establishes good cause for an extension of time and request that they be granted an extension of time to June 10, 2019 to respond to the Discovery Motions.

/s/ S. Grier Wells
S. GRIER WELLS, ESQ.
Florida Bar No.: 203238
grier.wells@gray-robinson.com
barbara.rude@gray-robinson.com
GrayRobinson, P.A.
50 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904)-598-9929

JOHN M. BRENNAN
Florida Bar No.: 297951
jay.brennan@gray-robinson.com
jessica.rolon@gray-robinson.com

MICHAEL R. SANTANA
Florida Bar No.: 42124
michael.santana@gray-robinson.com
lisandra.acosta@gray-robinson.com
GrayRobinson, P.A.
301 East Pine Street, Suite 1400
Orlando, Florida 32802
Telephone: (407) 843-8880

Attorneys for Plaintiff/Counterclaim Defendants, FOODONICS INTERNATIONAL, INC., a Florida Corporation and KEVIN JACQUES KLEMPF

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2019, I electronically filed the foregoing document with the Clerk of the Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to: JAMES H. POST, ESQ., MICHAEL E. DEMONT and R. CHRISTOPHER DIX *(jpost@smithhulsey.com, mdemont@smithhulsey.com, cdix@smithhulsey.com)*, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 *(Attorneys for Defendant/Counterclaim Plaintiffs)*.

/s/ S. Grier Wells, Esq.
Attorney

\732024\20 - # 1808683 v2