UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC., )
a Florida corporation,
                                )
        Plaintiff,
                                )
v.                                          Case No. 3:17-cv-1054-J-32JRK
                                )
DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF        )
REVOCABLE TRUST, a Georgia trust,
                                )
        Defendant.
_____ )

DINA KLEMPF SROCHI, as Trustee  )
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Florida trust, )
and DENNIS L. BLACKBURN, as
Assistant Trustee of the JEAN KLEMPF )
TRUST,
                                )
        Counterclaim Plaintiffs,
                                )
v.
                                )
FOODONICS INTERNATIONAL, INC.,
a Florida corporation, and KEVIN )
JACQUES KLEMPF,
                                )
        Counterclaim Defendants.

**NON-PARTIES CAL-MAINE FOODS, INC.'S AND DOLPH BAKER'S**
**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Non-parties Cal-Maine Foods, Inc. and Dolph Baker (collectively "Cal-Maine") oppose

the Motion to Compel filed by defendants Dina Klempf Srochi, as Trustee of the Laura Jean

Klempf Revocable Trust, and Dennis Blackburn, as Assistant Trustee of the Jean Klempf Trust.

## SUMMARY OF ARGUMENT

Cal-Maine made a substantial document production of documents to Defendants nearly a year ago. The production included all non-privileged internal and external communications, valuation data, and due diligence concerning its 2016 acquisition of Foodonics International, Inc.'s assets. Cal-Maine also produced a server acquired in connection with the transaction and produced all closing documents for the transaction. Cal-Maine made these productions pursuant to a heavily negotiated stipulation in which Defendants agreed they would not seek additional documents from Cal-Maine until Foodonics substantially completed its productions and then only if Cal-Maine likely had documents which would add materially to the productions by the parties. *See* Joint Motion to Enter Stipulation, Rec. Doc. 51; Order Entering Stipulation, Rec. Doc. 52. Defendants now seek to deny Cal-Maine the benefit of their bargain by moving to compel Cal-Maine to collect and review texts and email communications from the hand held devices and email accounts of its CEO dating back to January 1, 2008 even though: (1) Cal-Maine has informed Defendants several times that its CEO did not retain responsive text messages and that they are not recoverable; (2) Defendants are still sparring with Foodonics over the completeness of its production and (3) Cal-Maine is highly unlikely to have additional documents responsive to the subpoenas since its prior collection went back to January 1, 2016 and disclosed no documents responsive to the subpoenas created before April 2016.

## BACKGROUND

Cal-Maine is one of more than a dozen nonparties to receive document subpoenas issued by Defendants. Further, counting subparts the subpoenas issued to Cal-Maine included no fewer than 49 requests. Many of the requests duplicated each other in whole or part. Others sought information entirely irrelevant to the proceedings. In addition to overreaching on their requests,

Defendants incorporated Definitions and Instructions in their subpoenas that went well beyond any obligations imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Nonetheless, in an effort to cooperate, Cal-Maine proactively met and conferred with Defendants to narrow the issues in dispute. These communications ultimately lead to a stipulation in which Cal Maine agreed to undertake a substantial production in exchange for guarantee that it would not be bothered further until Foodonics completed its document production and then only if Cal-Maine could add materially to gaps in the production. Nonetheless, in their motion, Defendants seek to compel Cal-Maine to produce all text messages and email communications from the handheld devices and accounts of its CEO or, alternatively, to provide at least two affidavits confirming the text messages are not recoverable.

## LAW AND ARGUMENT

The Federal Rules provide that a party serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1). Further, when discovery "can be obtained from some other source that is more convenient, less burdensome, or less expensive," the parties to a lawsuit are required to pursue discovery from that source.  *See* Rule 26(b)(2)(C)(1).  In their pursuit of non-party discovery in this case, Defendants have routinely and repeatedly ignored these obligations by issuing subpoenas with sweeping overbroad requests for ESI and highly sensitive information to dozens of non-parties including Cal-Maine. In their motion, Defendants fall far short of establishing either the substantial need mandated by Rule 45 or that they can met the requirements of the Stipulation between Cal-Maine and Defendants for compelling further productions from Cal-Maine.

First, Defendants concede in their motion papers that they are continuing to seek additional documents from Foodonics.  They complain, for example, that the "discovery

responses from Foodonics, Jacques Klempf and Gray Robinson proved to be incomplete, sluggish and replete with errors and inconsistencies," Rec. Doc. 107 at 8. The docket further reveals that Defendants have moved to compel further productions by Foodonics and/or its counsel. *See* Rec. Doc. 100, 101. While Cal-Maine takes no position on the ongoing discovery disputes between Defendants and Foodonics, Cal-Maine agreed to make its earlier production based on the promise that Defendants would not further burden Cal-Maine until they had exhausted all data sources from Foodonics. By filing their motion to compel while at the same time pursuing further document productions from Foodonics, Defendants are breaking the terms of the Stipulation and improperly denying Cal-Maine the benefits of its bargain.

That said, Defendants would be in the same position even if Foodonics had substantially completed its production. Cal-Maine previously produced all documents responsive to the subpoena, including email communications from the email accounts of its CEO, for the period January 1, 2016 to January 19, 2018. Defendants now want to compel Cal-Maine to produce text messages and emails dating back to January 1, 2008 based on speculation that Cal-Maine may be able to fill gaps in the production of Foodonics. Cal-Maine has previously informed Defendants that Mr. Baker did not retain responsive text messages on his handheld devices and that Cal-Maine is unable to recover those text messages. Moreover, the only production gap identified by Defendants in their motion concerns a lost email account for Foodonics' former CFO, and any communications that Cal-Maine may had with the CFO about issues material to the claims in this case were collected and produced in connection with Cal-Maine's initial production.[1]

---

[11] Cal-Maine produced 274 email communications responsive to the subpoena which were either sent or received by the former CFO of Foodonics for the period January 1, 2016 through January 19, 2018. Any communications Cal-Maine may have had with the CFO prior to January 1, 2016 related to ordinary course transactions between Cal-Maine and Foodonics involving the purchase and sale of egg products and would not be responsive to the subpoenas.

The prior production by Cal-Maine also demonstrates that a document collection dating back to 2008 is highly unlikely to reveal documents that would materially aid the parties. As part of its prior production, Cal-Maine collected documents for the period beginning on January 1, 2016. However, Cal-Maine identified no documents responsive to the subpoenas dated before April 2016. The absence of documents prior to April 19, 2016 is consistent with the history of dealings between the parties. Cal-Maine and Foodonics never pursued an asset transaction with each other prior to 2016. As such, they would have had no reason to engage in substantive discussions about Foodonics' valuation or other issues of interest to Defendants in the years prior to 2016. To the extent that Defendants argue otherwise, they are engaged in rank speculation.

Defendants, in fact, spend much of their brief casting aspersions on Cal-Maine. They argue that Cal-Maine had an especially close relationship with Foodonics and allege that Cal-Maine has engaged in a "joint effort" with Foodonics to delay discovery. Rec. Doc. 107 at 4, 11. Defendants offer no factual support or evidence in support of these contentions. Nor could they. Cal-Maine is a publicly traded company and has no interest whatsoever in the outcome of this litigation. Cal-Maine has cooperated throughout the discovery process and has consistently responded to inquiries from counsel for Defendants promptly. Despite all of their complaining and speculation, Defendants have voiced no complaint about the completeness of the production made by Cal-Maine and credit Cal-Maine for producing documents not located by Foodonics. Rather, Defendants simply want the Court to compel Cal-Maine to engage in further document collections on the off chance Cal-Maine might locate a stray document of marginal relevance. Both the stipulation between the parties and Fed. R. Civ. Pro. 45 require a much more substantial showing before imposing these types of obligations on a non-party like Cal-Maine particularly

when Cal-Maine had already made a substantial production of documents and turned over an entire server acquired from Foodonics to facilitate the discovery of the parties.

## CONCLUSION

For the reasons set forth above, Cal-Maine respectfully requests that the Court deny the Motion to Compel filed by Defendants.

Respectfully submitted,

/s/ *Mark A. Cunningham*
MARK A. CUNNINGHAM
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8536
Facsimile: (504) 589-8536
mcunningham@joneswalker.com

*/s/ Edward R. Shohat*
EDWARD R. SHOHAT
Jones Walker LLP
201 S. Biscayne Boulevard, Suite 2600
Miami, Florida 33131
Telephone: (305) 679-5700
Facsimile: (305) 679-5710
Florida Bar No. 152634
eshohat@joneswalker.com

Attorneys for Non-parties
Cal-Maine Foods, Inc. and Dolph Baker

## CERTIFICATE OF SERVICE

I hereby certify and declare under penalty of perjury that on June 25, 2019, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to all counsel of record registered in the CM/ECF system.

/s/ *Edward R. Shohat*
EDWARD R. SHOHAT, ESQUIRE