UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| FOODONICS INTERNATIONAL, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-1054-J-32JRK |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, | ) |
| Defendant. | ) |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, et al., | ) |
| Counterclaim Plaintiffs, | ) |
| v. | ) |
| FOODONICS INTERNATIONAL, INC., et al., | ) |
| Counterclaim Defendants. | ) |

**COUNTERCLAIM PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL
CAL-MAINE FOODS AND DOLPH BAKER TO PRODUCE DOCUMENTS AND ESI**

Counterclaim Plaintiffs, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust, and Dennis Blackburn, as Assistant Trustee of the Jean Klempf Trust (the "Trust"), file this reply in support of the Motion to Compel Cal-Maine Foods, Inc. and Adolphus Baker to Produce Documents and ESI (Doc. No. 107; the "Motion to Compel") and say:

1. The Motion to Compel requested that this Court compel non-parties Cal-Maine Foods and Adolphus ("Dolph") Baker (collectively, the "Cal-Maine Parties") to supplement their limited initial production to include limited additional information (if available) from one custodian (Dolph Baker).

2. Pursuant to a stipulation with the Cal-Maine Parties, the Trust delayed seeking additional information until after the Trust determined that the Cal-Maine Parties likely possessed information materially additive to the information produced from other sources, including the counterclaim defendants, Jacques Klempf and Foodonics International, Inc. (the "Foodonics Parties").

3. As described below, the Cal-Maine Parties' opposition to the Motion to Compel (Doc No. 110; the "Cal-Maine Opposition") failed to address the key issues raised in the Trust's Motion to Compel, and instead raised arguments which do not provide a basis for denying the relief requested by the Trust.

A. **The initial Cal-Maine production was not substantial or complete.**

4. The Cal-Maine Opposition argues that the Cal-Maine Parties "made a substantial document production to Defendants nearly a year ago." The referenced production by the Cal-Maine Parties, however, was by design and agreement only a partial production that included 991 documents from one custodian (Dolph Baker) related solely to the Cal-Maine/Foodonics sale transaction (the "Transaction") and did not include any information dated prior to April 19, 2016.

5. On page 2 of the Cal-Maine Opposition, the Cal-Maine Parties attempted to demonstrate that their production was "substantial" by referencing their production of "a server acquired in connection with the transaction." Cal-Maine's delivery of a server containing irrelevant documents to counsel for the Foodonics Parties should not be considered by this Court as evidence of Cal-Maine's compliance with their obligation to produce information to the Trust.[1]

---

[1] The server was produced to counsel for the Foodonics Parties, rather than counsel for the Trust, and only contained day-to-day financial information related to Foodonics accounts receivable and accounts payable which are irrelevant to the disputes in this case. See Affidavit of Eddie Lee Rosemond filed with the Court on August 10, 2018 (Doc. No. 55).

**B.　The Cal-Maine Parties—and not the Trust—have reneged on their agreement.**

6.　The Cal-Maine Opposition argues that the Trust is seeking "to deny Cal-Maine the benefit of their bargain." To the contrary, by refusing to produce *any* additional information now, it is the Cal-Maine Parties—and not the Trust—that have reneged on their obligation under the prior agreement to provide a limited amount of additional information requested by the Trust from a single custodian (Dolph Baker) that cannot be obtained from other sources.

**C.　The Cal-Maine Parties did not demonstrate they are disinterested.**

7.　The Trust requested that the Court take into consideration that the Cal-Maine Parties are not "classic disinterested non-parties" or "bystanders" in this case as described in paragraph 5 of the Motion to Compel, including Cal-Maine's contractual agreement to pay Jacques Klempf $3,000,000 ($600,000 per year for five years) as a business consultant of Cal-Maine. Without citing any applicable legal authority or providing any sworn testimony, the Cal-Maine Opposition contains only conclusory statements from counsel that "Cal-Maine is a publicly traded company and has no interest whatsoever in the outcome of this litigation." The Cal-Maine Opposition does not refute, or even address, the longstanding and close personal relationship between Jacques Klempf and Cal-Maine's CEO, Dolph Baker. Therefore, the Cal-Maine Parties have not demonstrated that they are disinterested non-parties.

**D.　The Cal-Maine Parties provide no evidence of undue burden or cost.**

8.　Paragraph 29 of the Trust's Motion to Compel addressed the failure of the Cal-Maine Parties to comply with their burden under Rule 45(e)(1)(D) to demonstrate that the Trust's request is not reasonably accessible because of undue burden or cost. The Cal-Maine Opposition does not contain any affidavits or other evidence regarding any specific burden or cost. The Cal-Maine Parties are presumably aware that the Trust's request is *minimally* rather than *unduly*

burdensome, particularly for a company that generated over $1.5 billion in revenue and a CEO that earned over $1.2 million in total compensation in fiscal year 2018.[2]

**E.   The Cal-Maine Parties provided no evidence that the text messages of Dolph Baker were not retained and are not recoverable.**

9.   The Motion to Compel asks the Court to compel the Cal-Maine Parties to either (i) produce text messages from Dolph Baker's mobile devices sent to or from Jacques Klempf (former CEO of Foodonics) or Richard Still (former CFO of Foodonics) between September 1, 2008 and January 19, 2018 or (ii) produce an affidavit explaining why the text messages cannot be produced and the search that was conducted to look for backups of the requested text messages.[3]  The Cal-Maine Opposition alleges without any sworn testimony or forensic reporting that the text messages from Dolph Baker's mobile devices are "not recoverable."  If Dolph Baker's text messages are truly not recoverable, Mr. Baker should have no problem producing to the Trust and this Court a sworn statement to that effect.

**F.   Cal-Maine has not taken reasonable steps to determine whether there is additional information responsive to the Trust's subpoenas.**

10.   Faced with numerous delays and deficiencies in the production of information by the Foodonics Parties, the Trust requested that the Cal-Maine Parties search for additional information from one custodian in an attempt to fill in gaps in the existing productions.  Rather than conducting searches to see if any responsive documents existed, the Cal-Maine Parties responded by speculating that (i) they are "highly unlikely to have additional documents responsive to the subpoena…" (Cal-Maine Opposition, p.2) and (ii) any communications involving the former CFO of Foodonics "related to ordinary course transactions" would not be

---

[2] See Cal-Maine's 2018 Annual Report, available at https://www.calmainefoods.com/investors/financial-reports/.

[3] As described in the Trust's motion for sanctions against the Foodonics Parties (Doc No. 98), the Trust did not receive any relevant text messages from Jacques Klempf until after the Trust inquired about possible iTunes backups of Jacques Klempf's text messages.

responsive to the subpoena (Cal-Maine Opposition, p. 5). If Cal-Maine truly has no additional documents to produce to the Trust, then there should be minimal cost to conduct the searches necessary to determine whether there are any additional documents.

**Conclusion**

The Trust therefore respectfully requests the entry of an order compelling the Cal-Maine Parties to (i) produce all documents and ESI from Dolph Baker's personal or Cal-Maine email accounts responsive to the subpoena (not merely limited to the "Transaction") from September 1, 2008 through January 19, 2018 (except those previously produced by the Cal-Maine Parties in this case) and (ii) if Dolph Baker's text messages and emails cannot be produced, to submit the appropriate affidavits explaining why.

SMITH HULSEY & BUSEY

By: /s/ *James H. Post*
    James H. Post
    Michael E. Demont
    R. Christopher Dix

Florida Bar Number 0175460
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com
mdemont@smithhulsey.com
cdix@smithhulsey.com

Attorneys for Defendant/Counterclaim
   Plaintiffs Dina Klempf Srochi, as Trustee,
   and Dennis L. Blackburn, as Assistant
   Trustee, of the Laura Jean Klempf
   Revocable Trust

Certificate of Service

I certify that on this 15th day of July, 2019, I electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to all CM/ECF participants in this case. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

/s/ *James H. Post*  
Attorney

1040218.2