UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC.,　)
a Florida corporation,
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　Case No. 3:17-cv-1054-J-32JRK
　　　　　　　　　　　　　　　　)
DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF　　　　)
REVOCABLE TRUST, a Georgia trust,
　　　　　　　　　　　　　　　　)
　　　　Defendant.
_____)

DINA KLEMPF SROCHI, as Trustee　　)
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Florida trust,　　)
and DENNIS L. BLACKBURN, as
Assistant Trustee of the JEAN KLEMPF　)
TRUST,
　　　　　　　　　　　　　　　　)
　　　　Counterclaim Plaintiffs,
　　　　　　　　　　　　　　　　)
v.
　　　　　　　　　　　　　　　　)
FOODONICS INTERNATIONAL, INC.,
a Florida corporation, and KEVIN　　　)
JACQUES KLEMPF,
　　　　　　　　　　　　　　　　)
　　　　Counterclaim Defendants.

**NON-PARTIES CAL-MAINE FOODS, INC.'S AND DOLPH BAKER'S SUR-REPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

In their reply memorandum, defendants Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust, and Dennis Blackburn, as Assistant Trustee of the Jean Klempf Trust (collectively, the "Trust") argue that they have not violated the Stipulation (Rec. Doc. 51)

between themselves, Cal-Maine, and Mr. Baker. In support of this argument, they contend that they "delayed seeking additional information until after the Trust determined that the Cal-Maine Parties likely possessed information materially additive to the information produced from other sources, including the counterclaim defendants Jaques Klempf and Foodonics International, Inc. (the "Foodonics Parties")." Rec. Doc. 138 at 2. The argument falls short.

Whether the Trust believes that Cal-Maine and Mr. Baker possess additional relevant information is not the standard agreed on. The Stipulation expressly prohibited the Trust from pursuing further productions from Cal-Maine or Mr. Baker "until Foodonics and Jacques Klempf have substantially completed their document production in this case and then only if the Trust reasonably believes that Cal-Maine or Mr. Baker possess documents that would be materially additive to the documents produced." Rec. Doc. No. 51 at 2. The Trust does not dispute that Foodonics and Mr. Klempf have not completed their productions. Consequently, the Trust has no right to even request further productions from Cal-Maine or Mr. Baker at this stage of the proceedings and acted prematurely and in breach of the Stipulation by moving to compel same.[1]

Nor should the Court be misled by the suggestion in the Reply Memorandum that Cal Maine or Mr. Baker have additional material information or that its production was anything but complete. While the Trust includes a heading that states that the "initial Cal-Maine production was not substantial or complete" (Rec. Doc. 138 at 2), the accompanying text makes clear that the Trust does not contend that Cal-Maine did not live up to its obligations under the Stipulation.

---

[1] The Trust also argues that Cal-Maine and Mr. Baker have themselves breached the Stipulation "by refusing to produce *any* additional information now." Rec. Doc. 138 at 3. The argument flies in the face of the express terms of the Stipulation. As set forth above, the Trust may not seek any further productions under the Stipulation until Foodonics and Mr. Klempf have completed their productions. This triggering event has not occurred. Moreover, the Stipulation specifically provides that Cal-Maine and Mr. Baker maintain their objections to the underlying subpoenas and "retain the right to move to quash and/or oppose any future motion to compel in the event the Trust seeks further productions." Rec. Doc. 51 at 3.

*Id.* Rather, the Trust seems to be arguing that Cal-Maine's and Mr. Baker's production obligation under the Stipulation was limited to a single custodian and that the scope of the production was limited to the transaction between Cal-Maine and Foodonics. These limitations were negotiated by the Trust which, therefore, has no cause to complain. Further, the limitations negotiated by the Trust did not deprive the Trust of any information relevant to these proceedings. In this lawsuit, the Trust is complaining that it was misled about the valuation of Foodonics. Cal-Maine has produced all non-privileged internal and external communications, valuation data, and due diligence concerning its 2016 acquisition of Foodonics International, Inc.'s assets. Any other documents responsive to the subpoena would be, at best, of marginal value and cumulative.

The Trust also contends that Cal-Maine and Mr. Baker have not established why producing additional documents or an affidavit explaining its efforts to collect text messages would be an undue burden or that Cal-Maine. The Stipulation expressly excluded text messages from Cal-Maine's production obligation and clearly defined the scope of Cal-Maine's and Mr. Baker's obligation to produce documents. Even so, as a courtesy, Cal-Maine and Mr. Baker have repeatedly informed the Trust through counsel that it does not believe that it has other documents that would be relevant to the case and that any responsive text messages were deleted prior to the issuance of the subpoenas. Under these circumstances, compelling Cal-Maine and Mr. Baker to assume production and testimonial obligations prohibited by the Stipulation is exactly the type of undue burden that Rule 45 was designed to protect against.

Lastly, the Trust argues that Cal-Maine and Mr. Baker are not "disinterested" witnesses. However, the Complaint names neither Cal-Maine nor Mr. Baker as parties to the litigation and contains no allegation that Cal-Maine or Mr. Baker have a financial interest in its outcome. As such, the Trust remains bound by its obligation under Rule 45 to mitigate the burden on Cal-

Maine and Mr. Baker. Not only has the Trust not lived up to its obligation under Rule 45, it has violated the Stipulation by moving to compel prematurely. Consequently, Cal-Maine and Mr. Baker respectfully ask that the Court deny the pending motion and that it caution the Trust against continuing its needless harassment of Cal-Maine and Mr. Baker.

    Respectfully submitted,

/s/ *Mark A. Cunningham*
MARK A. CUNNINGHAM (La. Bar Roll No. 24063) (admitted *pro hac vice*)
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8536
Facsimile: (504) 589-8536
mcunningham@joneswalker.com

and

EDWARD R. SHOHAD
Jones Walker LLP
201 S. Biscayne Boulevard, Suite 2600
Miami, Florida 33131
Telephone: (305) 679-5700
Facsimile: (305) 679-5710
eshohat@joneswalker.com

Attorneys for Nonparties
Cal-Maine Foods, Inc. and Dolph Baker

## CERTIFICATE OF SERVICE

I hereby certify and declare under penalty of perjury that on July 26, 2019, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to all counsel of record registered in the CM/ECF system.

/s/ *Mark A. Cunningham*