UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC., )
a Florida corporation, )
 )
    Plaintiff, )
 )
v. ) Case No. 3:17-cv-1054-J-32JRK
 )
DINA KLEMPF SROCHI, as Trustee )
of the LAURA JEAN KLEMPF )
REVOCABLE TRUST, a Georgia trust, )
 )
    Defendant. )
_____)

DINA KLEMPF SROCHI, as Trustee )
of the LAURA JEAN KLEMPF )
REVOCABLE TRUST, a Florida trust, )
and DENNIS L. BLACKBURN, as )
Assistant Trustee of the JEAN KLEMPF )
TRUST, )
 )
    Counterclaim Plaintiffs, )
 )
v. )
 )
FOODONICS INTERNATIONAL, INC., )
a Florida corporation, and KEVIN )
JACQUES KLEMPF, )
 )
    Counterclaim Defendants. )
_____)

## COUNTERCLAIM PLAINTIFFS' UNOPPOSED MOTION TO
## DROP DENNIS L. BLACKBURN AS A PARTY TO THIS LITIGATION

Counterclaim Plaintiffs, Dina Klempf Srochi, as Trustee of the Laura Jean

Klempf Revocable Trust (the "Trust"), and Dennis L. Blackburn, as Assistant

Trustee of the Trust, move the Court, pursuant to Rule 21, Federal Rules of Civil

Procedure, for an order dropping Dennis L. Blackburn as a party in this litigation and in support of the motion, the Trust says:

1. Dina Klempf Srochi ("Dina Klempf") is the Trustee of the Trust.

2. On July 27, 2017, Dina Klempf appointed Dennis L. Blackburn ("Dennis Blackburn") as the Assistant Trustee of the Trust.

3. Dennis Blackburn's role as Assistant Trustee was limited to matters related to the Trust's interest in Foodonics International, Inc. ("Foodonics") and the redemption of the Trust's shares in Foodonics pursuant to the Settlement and Redemption Agreement dated December 21, 2015 (the "Redemption Agreement"). Dina Klempf has all other Trustee powers including the power to hold, manage and sell Trust assets.

4. On September 6, 2017, Foodonics filed a complaint against Dina Klempf, as Trustee of the Trust, for breach of contract, unjust enrichment and a declaratory judgment relating to the Redemption Agreement. Foodonics did not name Dennis Blackburn as a defendant. Further, at no point has Foodonics brought a cause of action against Dina Klempf or Dennis Blackburn individually.

5. In response, Dina Klempf, as Trustee of the Trust, and Dennis Blackburn, as Assistant Trustee of the Trust, filed a counterclaim against Foodonics based on the same aggregate of operative facts at issue in Foodonics' declaratory judgment action.

6. As counterclaim plaintiffs, Dina Klempf and Dennis Blackburn are both appearing as Trustees of the Trust. The claims they assert are identical. The

2

relief they seek is identical. Neither Dina Klempf nor Dennis Blackburn allege any causes of action in their individual capacities.

### Memorandum of Law

7. Under Federal Rule of Civil Procedure 21, either "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

8. A court may properly drop a dispensable party from litigation. *See Tarzia v. Am. Sec. Ins. Co.*, No. 6:11-cv-1651-Orl-28TBS, 2012 WL 4828681, at *2 (M.D. Fla. Sept. 19, 2012) ("[Plaintiff] has made clear that she does not wish to participate in this case and Defendant has no vested right to keep her in this lawsuit against her will.") *report and recommendation adopted*, 2012 WL 4815746 (M.D. Fla. Oct. 10, 2012); *see also Payroll Mgmt., Inc. v. Lexington Ins. Co.*, 566 F. App'x 796, 799 (11th Cir. 2014) ("[C]ase law directs courts to dismiss diversity spoiling parties that do not have a substantial stake in and control over the litigation such that they are not indispensable and would not be prejudiced by being dismissed.").

9. A party is dispensable, and subject to being dropped under Rule 21, if the party is "nominal" or "formal" as opposed to a real party in interest with a real and substantial stake in the litigation that exercises substantial control over the litigation. *Payroll Mgmt. Inc. v. Lexington Ins. Co.*, No. 3:10CV471/MCR/CJK, 2014 WL 12759759, at *2 (N.D. Fla. Dec. 29, 2014) *aff'd*, 815 F.3d 1293 (11th Cir. 2016).

10. When determining whether to drop a dispensable party, the court should "consider whether one of the parties will be prejudiced by the dismissal." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 861 (11th Cir. 2000)

(citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837–38 (1989)). If the parties will not be prejudiced, dismissal is proper. *See Iraola & CIA, S.A.*, 232 F.3d at 861.

11. In addition, courts have allowed a plaintiff to be dropped where the parties stipulated to do so. *See Greer v. Ivey*, No., 6:15-cv-677-Orl-41GJK, 2016 WL 11464648, at *2 (M.D. Fla. July 18, 2016) (dropping a plaintiff where the parties stipulated to do so).

In this case, the Court should grant this motion for authorization to drop Dennis Blackburn as a co-counterclaim plaintiff because it would not prejudice any of the parties and because he is merely a nominal or formal party. Foodonics would not be prejudiced because its claims are against Dina Klempf, as Trustee, of the Trust. Accordingly, Foodonics' claims would remain intact and its ability to pursue the remedies it currently seeks would not be hindered. Likewise, the Trust's claims would survive because Dina Klempf will continue as the real party in interest for the Trust. Because neither Dina Klempf nor Dennis Blackburn are appearing in their personal capacities—that is, they are both appearing only on behalf of the Trust—they are representing *identical* interests. Both Foodonics and the Trust have the ability to fully pursue their claims and obtain complete relief in Dennis Blackburn's absence.

For the same reasons, Dennis Blackburn is a dispensable party. His role as Assistant Trustee is limited to providing services to the Trust necessary for assisting the Trust in connection with the Redemption Agreement. He does not have a direct stake in the outcome of this litigation, and he can perform his duties as Assistant

4

Trustee without being a named party in this action. This Court should not require Dennis Blackburn to remain a counterclaim plaintiff in this action when dropping him will not prejudice either party or otherwise affect this litigation.

WHEREFORE, the Trust respectfully requests this Court, pursuant to Rule 21, Federal Rules of Civil Procedure, grant this motion and drop Dennis L. Blackburn as a party from this litigation.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), counsel for the Trust certifies that he has met and conferred in good faith with counsel for Foodonics and Jacques Klempf regarding the motion and that the motion is unopposed.

SMITH HULSEY & BUSEY

By: /s/ *James H. Post*
    James H. Post
    Michael E. Demont
    R. Christopher Dix

Florida Bar Number 0175460
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com
mdemont@smithhulsey.com
cdix@smithhulsey.com

Attorneys for Counterclaim Plaintiffs,
  Dina Klempf Srochi, as Trustee of the
  Laura Jean Klempf Revocable Trust and
  Dennis L. Blackburn, as Assistant
  Trustee of the Jean Klempf Trust

<u>Certificate of Service</u>

I certify that on this 12th day of November, 2019, I electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to all CM/ECF participants in this case. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

*/s/ James H. Post*
Attorney

01050110