UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| FOODONICS INTERNATIONAL, INC., a Florida corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:17-cv-1054-J-32JRK<br>) |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Florida trust, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Florida trust, | )<br>)<br>) |
| Counterclaim Plaintiff, | )<br>) |
| v. | )<br>) |
| FOODONICS INTERNATIONAL, INC., a Florida corporation, and KEVIN JACQUES KLEMPF, | )<br>)<br>) |
| Counterclaim Defendants. | )<br>) |

**<u>COUNTERCLAIM PLAINTIFF'S JURISDICTIONAL MEMORANDUM</u>**

Pursuant to this Court's directive at the status conference held on November 5, 2019, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust, a Florida trust (the "Trust"), submits the following memorandum of law regarding this Court's jurisdiction of this action.

**Factual Background**

1. On February 5, 2016, Dina Klempf Srochi was appointed as Trustee of the Trust. *See* Declaration of Dina Klempf Srochi (the "Trustee Dec.") attached as Exhibit "A" at ¶ 2.

2. The Trust is a traditional trust under which Dina Klempf Srochi, as Trustee, has the power to, among other things, invest and acquire Trust assets, sell and lease Trust assets, make distributions in cash or in kind and to employ assistants and agents. (Trustee Dec. ¶ 3).

3. On May 30, 2017, pursuant to her power as Trustee, Dina Klempf Srochi appointed Dennis L. Blackburn ("Dennis Blackburn") as successor Special Trustee of the Trust. (Trustee Dec. ¶ 4). As Special Trustee, Dennis Blackburn's role was limited to issues arising from the redemption transaction with Foodonics and Jacques Klempf on December 31, 2015 (the "Redemption Agreement"). As Special Trustee, Dennis Blackburn had no role in any other fiduciary functions with regard to the Trust, all of which remained with Dina Klempf Srochi as Trustee of the Trust. (Trustee Dec. ¶ 4).

4. On July 19, 2017, after Jean Klempf passed away, Dina Klempf Srochi appointed Dennis Blackburn as the Assistant Trustee and Attorney-in-Fact of the Trust. (Trustee Dec. ¶¶ 5 and 6). As Assistant Trustee, Dennis Blackburn had the same limited role as he did as Special Trustee. (Trustee Dec. ¶ 6).

5. On June 23, 2017, counsel for the Trust delivered to Kevin Jacques Klempf ("Jacques Klempf") and Foodonics International, Inc. ("Foodonics") a settlement demand letter and a proposed complaint. As described below, the proposed

complaint included several causes of action, arising under both state and federal law, against Jacques Klempf and Foodonics.

6. On September 6, 2017, Foodonics commenced this action by filing a four-count complaint (the "Complaint") against Dina Klempf Srochi, as Trustee (Doc. No. 1). The Complaint alleged causes of action for breach of contract, unjust enrichment, conversion and sought a declaratory judgment on Foodonics' liability for the claims asserted by the Trust in the proposed complaint (described by Foodonics as the "Fraud Complaint"):

> Plaintiff requests this Court provide declaratory judgment on the counts alleged in the Fraud Complaint, which are: (1) Violation of Florida Securities Act § 517.301; (2) Violation of § 10(b) of the Securities Exchange Act and Rule 10b-5; (3) Control Person Liability-§ 20(a) of the Securities Exchange Act; (4) Fraud; (5) Negligent Misrepresentation; (6) Breach of Fiduciary Duty of Disclosure; and (7) Breach of Fiduciary Duty of Loyalty.
>
> Compl. ¶ 50 (Doc. No. 1).

7. In its Complaint, Foodonics alleged that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[1] At the time Foodonics filed the Complaint, it was a Florida corporation with its principal place of business in Jacksonville, Florida and the Trustee, Dina Klempf Srochi, was a resident of the State of Georgia. (Trustee Dec. ¶ 7).

---

[1] Foodonics also cited to Rule 57, Federal Rules of Civil Procedure, and 28 U.S.C. § 2201, as its basis for bringing the declaratory judgment action.

8. On February 16, 2018, the Trust filed its Answer to the Complaint, Affirmative Defenses and Counterclaim (Doc. No. 20) (the "Trust Counterclaim"). The Trust Counterclaim[2] alleged causes of action against Foodonics and Jacques Klempf identical to the claims which were the subject of the declaratory judgment count in the Foodonics Complaint:

| Count | Counterclaim |
|---|---|
| 1 | Breach of Fiduciary Duty of Disclosure |
| 2 | Breach of Fiduciary Duty of Loyalty |
| 3 | Violation of Florida Securities Act |
| 4 | Violation of § 10(b) of the Securities Exchange Act and Rule 10b-5 |
| 5 | Control Person Liability - § 20(a) of Securities Exchange Act |
| 6 | Fraud by Omission |
| 7 | Negligent Misrepresentation |
| 8 | Breach of Redemption Agreement -- No Ongoing Discussions |

9. On August 12, 2019, the Trust was granted leave to file an Amended Counterclaim (Doc. No. 142) (the "Trust Amended Counterclaim"). The Trust Amended Counterclaim was comprised of all of the counts from the original Trust Counterclaim plus five additional tort and contract counts all arising from the same aggregate of operative facts.

---

[2] The Trust Counterclaim identified as counterclaim co-plaintiffs (i) Dina Klempf Srochi, as Trustee of the Trust, and (ii) Dennis Blackburn as Assistant Trustee of the Trust. Dennis Blackburn, as Assistant Trustee, was joined to the Trust Counterclaim as a co-plaintiff pursuant to Rules 13 and 19, Fed. R. Civ. P.

10. At a status conference held on November 5, 2019, this Court requested the parties to submit memoranda of law addressing the Court's jurisdiction to adjudicate the claims alleged in the Complaint and the Trust Amended Counterclaim.

11. On November 12, 2019, the Trust filed an unopposed motion to drop Dennis Blackburn as a party to litigation (Doc. No. 183). The Court granted the motion and Dennis Blackburn was dropped as a party from this case on November 18, 2019 (Doc. No. 185).

## Memorandum of Law

### A. The Court has diversity jurisdiction over the Foodonics Complaint.

The Court has diversity jurisdiction to adjudicate the claims asserted in the Foodonics Complaint because (i) Foodonics is incorporated in and has its principal place of business in Florida, and (ii) Dina Klempf Srochi, the Trustee, is a Georgia citizen domiciled in Georgia. 28 U.S.C. § 1332(a)(1).

A court's exercise of diversity jurisdiction requires that each plaintiff must be a citizen of a different state than each defendant. For purposes of diversity jurisdiction, citizenship is equivalent to domicile. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile has been described as a person's permanent home. *Id.* at 1258. Diversity determinations are based on facts as they exist at the time the action is brought. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004). A district court's findings regarding domicile are reviewed on appeal under a clearly-erroneous standard. *McCormick*, 293 F.3d at 1257.

A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. *Americold Realty Trust v. Conagra Foods*, *Inc.*, 136 S. Ct. 1012, 1015 (2016). For a trust, citizenship depends on the character of the trust, which comes in essentially two forms:

(i) "traditional trusts" that take the form of a traditional fiduciary relationship; and

(ii) "entity type trusts" for which the "trust label" has been applied "to a variety of unincorporated entities that have little in common with this traditional template." *Id.* at 1016–17.

For the "traditional trust," it is the citizenship of the trustee that is relevant for evaluating diversity jurisdiction. *Id.* at 1016. For "entity type trusts," determining the trust's citizenship requires determining the citizenship of the members or shareholders. *Id.* at 1017.[3]

At the time Foodonics commenced this action by filing the Complaint (Doc. No. 1):

---

[3] "To ascertain whose citizenship is relevant for purposes of diversity, it is necessary to determine whether the entity has the characteristics of a traditional trust . . . or whether the entity is an unincorporated artificial entity with rights in or control to the trust." *Liberty Ins. Underwriters, Inc. v. O & S Holdings, LLC*, No. 8:18-CV-2042-T-36TGW, 2018 WL 8244495, at *2 (M.D. Fla. Sept. 5, 2018). This involves determining whether the trustee possesses "certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980); *see also LMP Ninth Street Real Estate, LLC v. U.S. Bank Nat'l Ass'n*, No. 8:16-CV-2463-T-33AEP, 2016 WL 6068302, at *2 (M.D. Fla. Oct. 17, 2016) (explaining a trustee with customary powers is the real party to the controversy).

In contrast, where the entity is merely called a trust, but possesses the characteristics of a business or other entity, the citizenship of the trustee is not determinative. *See Americold Realty Trust*, 136 S. Ct. at 1017 ("We therefore decline to apply the same rule to an unincorporated entity sued in its organizational name that applies to a human trustee sued in her personal name.").

1. the Trust was a traditional trust by which Dina Klempf Srochi, as Trustee, was empowered with customary trustee powers such as to (1) hold and manage the Trust property, (2) invest and reinvest the Trust assets, (3) sell or lease the Trust assets and (4) distribute shares in cash or in kind. (Trustee Dec. ¶ 3).

2. Dina Klempf Srochi was a resident and domiciled in the State of Georgia (Trustee Dec. ¶ 7).

3. Foodonics was a citizen of Florida because it was incorporated in Florida and had its principal place of business in Jacksonville, Florida. (Compl. at ¶ 4, Doc. No. 1).

Therefore, this Court has diversity jurisdiction over the Complaint because there was complete diversity between the parties at all relevant times–Foodonics was a citizen of Florida and the Trustee, Dina Klempf Srochi, was a citizen of Georgia.

**B.  The Court has jurisdiction over the Trust Amended Counterclaim because it is compulsory.**

This Court also has jurisdiction over the Trust Amended Counterclaim because it is a compulsory counterclaim.

Rule 13(a) defines a counterclaim as compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" that "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). In this circuit, courts apply a logical-relationship test to determine whether a claim is compulsory. *Republic Health Corp. v. Lifemark*

*Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). There "is a logical relationship when 'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'" *Id.* (quoting *Plant v. Blazer Fin. Servs., Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979)). Courts are to consider "judicial economy and the inconvenience to the counterclaimant in having to bring a claim arising out of essentially the same facts in a separate action." *Sikes v. Rubin Law Offices, P.C.*, 102 F.R.D. 259, 262 (N.D. Ga. 1984). While the precise legal issues between the original claim and the counterclaim may differ, the claim is compulsory if it requires a resolution of the same operative facts. *See id.* (explaining the counterclaim was compulsory where "the legal issues are different, [but] the underlying facts relevant to the claims overlap.").

*See also Weitz Co., LLC v. Transp. Ins. Co.,* No. 08-23183-CIV-HUCK/O'SULLIVAN, 2009 WL 10667861, *1 (S.D. Fla. Mar. 27, 2009) (holding that, because the plaintiff sought a declaratory judgment that the defendant had a duty to defend it in an underlying case, the defendant's counterclaim seeking a declaratory judgment on that same issue was compulsory because it arose from the same "aggregate of operative facts."); and *Arcusa v. Lisa Coplan-Garder, P.A.*, No. 3:07-CV-712-J-33TEM, 2007 WL 3521986, at *1–2 (M.D. Fla. Nov. 15, 2007) (holding that the court had supplemental jurisdiction over the defendant's counterclaim which was compulsory because it arose out of the same transaction or occurrence as the plaintiff's complaint).

In this case, the Trust Counterclaim was compulsory because it required the resolution of the same aggregate of operative facts as Foodonics' Complaint. As noted above, before Foodonics filed the original action, the Trust served Foodonics' counsel with a demand package that included a proposed complaint relating to the Redemption Agreement. In its Complaint, Foodonics sought, among other things, a declaratory judgment adjudicating the rights of the parties under each of the counts alleged in the proposed complaint. The claims asserted in the Trust Counterclaim were therefore identical to those addressed in Foodonics' declaratory judgment count.

On August 12, 2019, the Trust was authorized to file the Trust Amended Counterclaim (Doc. No. 142). The Trust Amended Counterclaim included all of the counts from the original Trust Counterclaim and five additional tort and contract counts all arising from the same aggregate of operative facts. As a result, the Foodonics Complaint and the Trust Amended Counterclaim were, in large part, the mirror image of each other and the resolution of the operative facts and legal issues in the Trust Amended Counterclaim will require the resolution of the same aggregate of operative facts and legal issues as those presented in the Foodonics Complaint.

As a matter of law, therefore, the Court has jurisdiction over the Trust Amended Counterclaim because it is compulsory. *Weitz Co., LLC*, 2009 WL 10667861, *1.

### C. The Court may exercise jurisdiction over the Trust Amended Counterclaim even if it is a permissive counterclaim.

Even if this Court determines the Trust Amended Counterclaim is permissive rather than compulsory, it still may exercise jurisdiction over the Trust's claims for two reasons. First, there is an independent basis for the Court's jurisdiction based on diversity jurisdiction. Second, the Trust Amended Counterclaim forms part of the same case or controversy as the Foodonics Complaint, giving the Court jurisdiction pursuant to 28 U.S.C. § 1367.

If a counterclaim is permissive, a court may exercise supplemental jurisdiction over the counterclaim if there is an independent basis for the court's jurisdiction, or pursuant to 28 U.S.C. § 1367, if it is part of the same case or controversy as the original complaint. *See James D. Hinson Elec. Contracting Co., Inc. v. Bellsouth Telecomms., Inc.*, No. 3:07-CV-598-J-32MCR, 2011 WL 2448911, at *2 (M.D. Fla. Mar. 28, 2011) (explaining that since Congress has enacted 28 U.S.C. § 1367, several courts have determined that a court may exercise supplemental jurisdiction over a permissive counterclaim without an independent jurisdictional basis if the counterclaim arises out of the same case or controversy as the complaint). A counterclaim forms part of the same case or controversy as the complaint when it arises out of the same facts, or involves "similar occurrences, witnesses or evidence." *Id.* (quoting *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996)).

In this case, there is an independent basis for the Court's jurisdiction over the Trust Amended Counterclaim because it is between citizens of different states and the amount in controversy exceeds $75,000.00. As explained above, Foodonics and

Jacques Klempf are citizens of Florida and the Trustee, Dina Klempf Srochi, is a citizen of Georgia.

Alternatively, even if the Court determined that the Trust Amended Counterclaim was permissive and the Court lacked an independent jurisdictional basis to hear those claims, the Court could nevertheless still properly adjudicate the Trust Amended Counterclaim because its resolution and the resolution of the Complaint will involve the same facts, occurrences, witnesses and evidence, giving the Court jurisdiction pursuant to 28 U.S.C. § 1367.

>    **D.    The Court, by granting the Trust's unopposed motion to drop Dennis Blackburn as a party, has removed any doubt regarding the diversity of citizenship in this case.**

On November 12, 2019, this Court entered an Order granting the Trust's motion to drop Dennis Blackburn as a party (Doc. No. 185). As a result, the only parties remaining in this action are Foodonics, a Florida corporation, Jacques Klempf, a Florida resident, and Dina Klempf Srochi, a Georgia citizen, as Trustee of the Laura Jean Klempf Revocable Trust. Because Dennis Blackburn has been dropped as a party to this litigation, his citizenship is not relevant for determining whether the Court has jurisdiction over this case. *See Payroll Mgmt., Inc. v. Lexington Ins. Co.*, No. 3:10CV471/MCR/CJK, 2014 WL 12759759, at *2, 4 (N.D. Fla. Dec. 29, 2014) (dropping diversity-destroying party to preserve jurisdiction) *aff'd,* 815 F.3d 1293 (11th Cir. 2016); *see also Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been

rendered."); *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 861 (11th Cir. 2000) (dismissing diversity-destroying party).

## Conclusion

Based on the foregoing, this Court has subject matter diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) to adjudicate the claims pending in the Complaint and in the Trust Amended Counterclaim.

SMITH HULSEY & BUSEY


By: /s/ *James H. Post*
    James H. Post
    Michael E. Demont
    R. Christopher Dix

Florida Bar Number 0175460
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com
mdemont@smithhulsey.com
cdix@smithhulsey.com

Attorneys for Counterclaim Plaintiffs,
  Dina Klempf Srochi, as Trustee of the
  Laura Jean Klempf Revocable Trust

Certificate of Service

I certify that on this 20th day of November, 2019, I electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to all CM/ECF participants in this case. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

              /s/ *James H. Post*
                Attorney

1051758