# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL,
INC., a Florida corporation,

       Plaintiff,

v.                                                      Case No .: 3:17-cv-1054-J-32JRK

DINA KLEMPF SROCHI, as
Trustee of the LAURA JEAN
KLEMPF REVOCABLE TRUST, a
Georgia Trust,

       Defendant.

---

DINA KLEMPF SROCHI, as Trustee of
the LAURA JEAN KLEMPF REVOCABLE
TRUST, a Florida Trust, and DENNIS J.
BLACKBURN, as Assistant Trustee of
the JEAN KLEMPF TRUST, a Florida Trust,

       Counterclaim Plaintiffs,

v.

FOODONICS INTERNATIONAL, INC.,
a Florida corporation, and KEVIN JACQUES
KLEMPF,

       Counterclaim Defendants.

---

## SPECIAL MASTER ORDER FOR FURTHER BRIEFING

This cause is before the Special Master on Counterclaim Plaintiffs'
Amended Motion to Compel Foodonics to Produce Non-Privileged Documents
(the "Foodonics Motion") (Doc. 100) and Schedule A thereto (Doc. 100-1), and on
Counterclaim Plaintiffs' Amended Motion to Compel GrayRobinson to Produce
Non-Privileged Documents (the "GrayRobinson Motion") (Doc. 101) and
Schedule A thereto (Doc. 101-1). Plaintiff/Counterclaim Defendant Foodonics
International, Inc. and its counsel GrayRobinson, P.A. have filed a joint response
to the foregoing motions (the "Joint Response"). (Doc. 106)

On November 7, 2019, the Court, pursuant to Federal Rule of Civil
Procedure 53, appointed the undersigned as Special Master for the purpose of
overseeing discovery in this matter. (Doc. 179)

The Local Rule 3.01(g) conferral certificates within the Foodonics Motion
and the GrayRobinson Motion each states that the movant's counsel "has met and
conferred in good faith . . . on multiple occasions" with opposing counsel
regarding the subjects raised in the motions. (Doc. 100, p. 9; Doc. 101, p. 7) The
Joint Response states that "there have been absolutely no communications between
counsel related to privilege log concerns as contemplated by Rule 3.01(g)." (Doc.
106, p. 2)

Schedule A to the Foodonics Motion (Doc. 100-1) is a list of 75 documents
which the motion asserts have been "improperly categorized as privileged." (Doc.

100-1, pp. 2, 6)  The Joint Response states that the Foodonics Motion addresses 167 documents and it asserts that 165 of those were, upon further review after the Foodonics Motion was filed, determined to be non-privileged and were produced to the movant on June 7, 2019.  (Doc. 106, p. 3)  The Joint Response does not explain the difference between the 75 documents listed on Schedule A to the Foodonics Motion and the Joint Response's reference to 167 documents.  The Joint Response also does not identify which of the documents listed on Schedule A (Doc. 100-1) it produced, nor does it identify the documents on Schedule A it still claims are privileged, or the basis for the privilege claims.  (Doc. 106, p.3)

Similarly, Schedule A to the GrayRobinson Motion (Doc. 101-1) is a list of 363 documents which the motion asserts have been improperly categorized as privileged.  (Doc. 101, pp. 2, 5)  Yet the Joint Response states that the GrayRobinson Motion addresses 558 documents and it asserts that 460 of those were produced to the movant on June 7, 2019. (Doc. 106, p. 3)  The Joint Response does not explain the difference between the 363 documents listed on Schedule A to the GrayRobinson Motion and the Joint Response's reference to 558 documents. The Joint Response also does not identify which of the documents listed on Schedule A (Doc. 101-1) it produced, nor does it identify which documents on the Schedule it still claims are privileged, or the basis for the privilege claims. (Doc. 106, p.3)

The further information ordered here is necessary for the Special Master to be able to decide the foregoing motions. Accordingly, it is

ORDERED:

1.      On or before December 6, 2019, Foodonics and GrayRobinson shall file a supplement to their Joint Response, not to exceed ten (10) pages in length, which will:

        a.      explain the reference to 167 documents in regard to the movant's Schedule A to the Foodonics Motion (Doc. 100-1);

        b.      identify the documents listed on Doc. 100-1 which they claim were produced on June 7, 2019;

        c.      identify the documents listed on Doc. 100-1 which they continue to claim are privileged, and state the legal and factual basis for the privilege;

        d.      explain the reference to 558 documents in regard to the movant's Schedule A to the GrayRobinson Motion (Doc. 101-1);

        e.      identify the documents on Doc. 101-1 which they claim were produced on June 7, 2019;

        f.      identify the documents listed on Doc. 101-1 which they continue to claim are privileged, and state the legal and factual basis for the privilege.

The foregoing supplement shall identify documents using the Document ID numbers shown on Docs. 100-1 and 101-1. For clarity, it is also suggested that , as much as possible, Foodonics and GrayRobinson use Docs. 100-1 and 101-1 as a template on which to provide the further information ordered here.

2. On or before December 13, 2019, the Counterclaim Plaintiffs may file a reply to the Foodonics and GrayRobinson supplement, not to exceed seven (7) pages in length.

3. For all further discovery motions, the Rule 3.01(g) conferral certificate shall identify by name the attorneys for all parties participating in the conference, the date and time of the conference, whether the conference was in person or by telephone, and the approximate length of time of the conference.

Following receipt and review of the foregoing additional briefing, the Special Master shall enter an order on the Foodonics Motion and the GrayRobinson Motion.

DONE AND ORDERED at Jacksonville, Florida, this 21st day of November, 2019

/s/*Michael G. Tanner*
Michael G. Tanner
Special Master