UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL,
INC., a Florida corporation,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No.: 3:17-cv-1054-J-32JRK

DINA KLEMPF SROCHI, as
Trustee of the Laura Jean Klempf
Revocable Trust, a Florida Trust,

    Defendant.

_____

DINA KLEMPF SROCHI, as Trustee of the
Laura Jean Klempf Revocable Trust, et al.,

    Counterclaim Plaintiffs,

v.

FOODONICS INTERNATIONAL, INC.,
a Florida corporation, et al.,

    Counterclaim Defendants.

_____

## SPECIAL MASTER ORDER ON MOTION TO COMPEL
## CAL-MAINE PARTIES

This cause is before the Special Master on the Counterclaim Plaintiffs' (the "Trust's") Motion to Compel Cal-Maine Foods and Adolphus Baker to Produce Documents and ESI (the "Motion to Compel"). (Doc. 107) Cal-Maine Foods, Inc. and Dolph Baker (the "Cal-Maine Parties") filed a memorandum in opposition to the

Motion to Compel (Doc. 110); the Trust filed a reply in support of the Motion to Compel (Doc. 138); and the Cal-Maine Parties filed a sur-reply thereto. (Doc 140)

On November 7, 2019, the Court, pursuant to Federal Rule of Civil Procedure 53, appointed the undersigned as Special Master for the purpose of overseeing discovery. (Doc. 179)

Federal Rule of Civil Procedure 26(b)(1) permits parties to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1) Federal Rule of Civil Procedure 45(d)(1) obligates a party or attorney seeking discovery by subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). A court order compelling a non-party to produce documents must protect that person "from significant expense resulting from the compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). A person opposing a subpoena for electronically stored information on grounds of undue burden or cost bears the burden of showing that "the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 45(e)(1)(D).

On January 12, 2018, the Trust served a subpoena for the production of documents and ESI on Mr. Baker and on January 21, 2018, Mr. Baker served objections to the subpoena. Copies of the subpoena and the objections are attached as Exhibits A and B, respectively, to the Motion to Compel. (Docs. 107-1, 107-2)

On March 15, 2018 the Trust served a subpoena to produce documents on Cal-Maine and on March 29, 2018, Cal-Maine served objections to the subpoena. Copies of the subpoena to Cal-Maine and the Cal-Maine objections are attached as Exhibits C and D, respectively, to the Motion to Compel. (Docs. 107-3, 107-4)

On July 20, 2018, the Trust, Cal-Maine and Mr. Baker entered into a stipulation providing for an "interim resolution of the discovery dispute with respect to the subpoenas for production of documents served by the Trust on Mr. Baker and Cal-Maine." (Doc. 51) The stipulation provided that Cal-Maine and Mr. Baker would produce certain limited documents (Doc. 51, ¶ 1) and that the Trust would not pursue further productions "until Foodonics and Jacques Klempf have substantially completed their document production in this case and then only if the Trust reasonably believes that Cal-Maine or Mr. Baker possess documents that would be materially additive to the documents produced from other sources." (*Id.*, ¶ 2) Cal-Maine and Mr. Baker reserved their objections to the subpoenas in the event of any eventual further discovery efforts by the Trust. (*Id.*) The Court approved the stipulation on July 23, 2018. (Doc. 52)

Pursuant to the stipulation, the Cal-Maine Parties produced material to the Trust concerning Cal-Maine's 2016 acquisition of Foodonics International Inc.'s assets. (Doc 51, ¶ 2; Doc. 110, p. 2)

Through the Motion to Compel, the Trust now seeks a further subset of the documents and ESI sought in the subpoenas to the Cal-Maine Parties (the "Requested

Cal-Maine/Baker Material"), identified specifically on page 13 of the Motion to Compel as:

1. all documents and ESI from Dolph Baker's personal or Cal-Maine email accounts responsive to the subpoena from September 1, 2008 through January 19, 2018 (except those previously produced by the Cal-Maine Parties in this case);

2. all text messages from Dolph Baker's mobile device(s) to or from Jacques Klempf or Richard Still between September 1, 2008 and January 19, 2018 (the "Klempf/Baker Text Messages"); and

3. in the event the Cal-Maine Parties are unable to produce any of the Klempf/Baker Text Messages:

    (i) an affidavit or declaration by Dolph Baker which explains why he is unable to produce text messages between himself and Jacques Klempf between September 1, 2008 and January 19, 2018; and

    (ii) an affidavit or declaration by a person with IT competence setting forth a description of the search he and Dolph Baker conducted to locate any iCloud, iTunes, or other backups of the Klempf/Baker Text Messages and the results of each such search.

From the context of the arguments in the Motion to Compel, the Special Master understands paragraph 1, above, to mean only documents and information responsive to the subpoenas which can be obtained from email accounts of Mr. Baker (either his personal email account(s) or Cal-Maine email account(s) which he alone uses).

The Motion to Compel asserts that the above requested information will be materially additive to the information produced by other sources, particularly because of evidence that Mr. Klempf may be unable to produce his iPhone text messages and

that an email account of Richard Still may have been lost. (Doc. 107, pp. 7-9; *see also* Doc. 86, p. 15; Doc. 99-7, pp. 68-69; Doc. 107-15)

The Cal-Maine Parties' memoranda oppose the Motion to Compel on grounds that: (1) Mr. Baker did not retain responsive text messages and such messages are not recoverable; and (2) "Cal-Maine is highly unlikely to have additional documents responsive to the subpoenas since its prior collection went back to January 1, 2016 and disclosed no documents responsive to the subpoenas created before April 2016." (Doc. 110, p. 2; *see also* Doc. 140, pp. 2-4) The Cal-Maine Parties have not substantiated these assertions with a declaration, sworn affidavit or other evidence, and therefore have not met their burden on these grounds.

The Cal-Maine Parties also assert that the Trust has not completed its discovery from Foodonics and that the Motion to Compel is therefore premature under the terms of their July, 2019 stipulation. (Doc. 110, p. 2; Doc. 140, pp. 2-4)

The scope and order of discovery is ultimately controlled by the Court. *See* Fed. R. Civ. P. 26(b). On November 7, 2019, the Court entered its Third Amended Case Management and Scheduling Order. (Doc. 180) The order set a new discovery deadline in this case of May 1, 2020 and stated that "[a]bsent extraordinary circumstances, the Court does not intend to extend these deadlines." (*Id.*)

The portions of the Requested Cal-Maine/Baker Material ordered here to be produced appear relevant to the Trust's claims and defenses in this case and the scope is proportional to the needs of this case. The terms of this Order will reasonably

protect Cal-Maine and Mr. Baker from undue burden or significant expense, while allowing the Trust to obtain discoverable information within the limited remaining time under the Third Amended Case Management and Scheduling Order.

Counsel for both the Trust and the Cal-Maine Parties consented to the Special Master deciding these matters on the written submissions. After consideration of the Motion and memoranda,

It is ORDERED that the Motion to Compel is **GRANTED**, in part, as follows:

1. On or before December 20, 2019, Cal-Maine and Mr. Baker shall provide to the Trust the information described in paragraphs 2 and 3 of the Requested Cal-Maine/Baker Material and shall file a notice of compliance with the Court at that time.

2. On or before January 10, 2020, the Cal-Maine Parties shall provide to the Trust the information described in paragraph 1 of the Requested Cal-Maine/Baker Material (as paragraph 1 is interpreted in this Order), limited to paragraphs 1, 3, 4, 5 and 11-21 of the subpoena to Mr. Baker. (Doc. 107-1) The Cal-Maine Parties shall file a notice of compliance with the Court at that time.

3. Any request for reasonable additional time to comply with this Order must be made by motion stating specific grounds supported by a declaration under 28 U.S.C. section 1746 or a sworn affidavit.

4. The Cal-Maine Parties shall comply with Federal Rule of Civil Procedure 45(e)(2) with respect to any responsive information which they claim is privileged or subject to other protection.

5. The Cal-Maine Parties' reasonable expenses of the foregoing discovery shall be borne by the Trust. Following completion of the discovery, counsel for the Trust and counsel for the Cal-Maine Parties shall confer and attempt to agree on the amount of the expenses. The Trust shall promptly pay the expenses following agreement. Failing such agreement, either party may apply to the Special Master for assistance.

6. The Motion to Compel is otherwise **DENIED**.

DONE AND ORDERED at Jacksonville, Florida, this 27th day of November, 2019.

/s/*Michael G. Tanner*
Michael G. Tanner, Special Master