UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC.,  )
a Florida corporation,

  )

     Plaintiff,

  )

v.                           Case No. 3:17-cv-1054-J-32JRK

  )

DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF  )
REVOCABLE TRUST, a Florida trust,

  )

     Defendant.

  )

  )

DINA KLEMPF SROCHI, as Trustee  )
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Florida trust,  )

     Counterclaim Plaintiff,  )

v.  )

FOODONICS INTERNATIONAL, INC.,  )
a Florida corporation, and KEVIN
JACQUES KLEMPF,  )

     Counterclaim Defendants.  )

  )

**FOODONICS AND GRAY ROBINSON'S JOINT RESPONSE TO**
**SPECIAL MASTER'S ORDER FOR FURTHER BRIEFING**

Plaintiff / Counterclaim Defendant, Foodonics International, Inc. ("Foodonics")

and counsel for Foodonics, GrayRobinson, P.A. ("Gray Robinson") (collectively,

"Respondents") jointly respond to the Special Master's Order for Further Briefing (Doc.

194) as follows:

1.     On May 22, 2019, Counterclaim Plaintiff, Dina Klempf Srochi, as Trustee

of the Laura Jean Klempf Revocable Trust's (the "Trust") filed two (2) Motions to Compel: (1) an Amended Motion to Compel Foodonics to Produce Non-Privileged Documents ("Foodonics Motion" (Doc. 100)); and (2) an Amended Motion to Compel GrayRobinson to Produce Non-Privileged Documents ("GrayRobinson Motion" (Doc. 101)). Each of the Motions attached, as Schedule A thereto, a listing of the specific documents that the Trust sought to compel Foodonics and GrayRobinson respectively to produce. See Docs. 100-1 and 101-1. Respondents filed a Joint Response to the Motions on June 10, 2019 (the "Joint Response" (Doc. 106)).

2. Schedule A to the Foodonics Motion includes a list of 75 documents by "Document I.D." and bates label range. The Foodonics Motion seeks to compel production of these documents. As the Special Master noted, the Joint Response addresses 167 documents, rather than 75. Doc. 106 at 3. The Joint Response also states that of the 167 documents referenced in Schedule A to the Foodonics Motion (Doc. 100-1), 165 had been produced.

3. Schedule A to the GrayRobinson Motion (Doc. 101-1) includes a list of 363 documents, listed in the same manner as Schedule A to the Foodonics Motion. The GrayRobinson Motion seeks to compel the production of these documents. As with the Foodonics Motion, the Special Master noted that the Joint Response addressed 558 documents, rather than 363. The Joint Response states that of the 558 documents, 460 have been produced.

4. The Special Master's Order requires that Foodonics:

   a. explain the reference to 167 documents in regard to the movant's Schedule A to the Foodonics Motion (Doc. 100-1);

   b. identify the documents listed on Doc. 100-1 which they claim were

produced on June 7, 2019; and

    c.    identify the documents listed on Doc. 100-1 which they continue to claim are privileged, and state the legal and factual basis for the privilege.

5.    Foodonics states that its reference to 167 documents relates to the total number of documents within the families of the 75 specific documents referenced in Schedule A to the Foodonics Motion. Each family of documents includes the parent document (an email, for example) as well as all attachments to the parent document. By way of example, KlempfPriv0003974 (DOC-000146491) is listed by the Trust on Schedule A to the Foodonics Motion as one document. When that document and its family members are counted, it is actually 23 distinct documents, all of which were produced. Likewise, the document identified as KlempfPriv0001127 (DOC-0000160665 on Schedule A is listed as a single document when it actually constitutes eleven (11) separate documents when all the attachments are counted.

6.    When Foodonics revisited its privilege log in June 2019, Foodonics produced to the Trust 73 of the 75 documents listed on Schedule A (Doc. 100-1) as well as all members of those document families (e.g., attachments to emails). When all distinct documents were counted, the production included 165 distinct documents.

7.    Foodonics states that it has produced every document in Schedule A to the Foodonics Motion other than two (2) documents. The first is the sole document listed on page A-8 of Doc. 100-1. This document was removed from the production because it was inadvertently listed as privileged by Foodonics. The document reflects correspondence relating to Jacques Klempf's personal divorce and is neither relevant nor responsive to the Trust's document requests.

8.    The final document withheld is the first document listed on page A-12 of Doc. 100-1 (DOC-0000132526). This document is an email between Jacques Klempf, Alexandria Klempf (Mr. Klempf's daughter), and counsel at Gray Robinson. The email was sent for the purposes of discussing and soliciting legal advice. Both Jacques Klempf and Ms. Klempf were represented by Gray Robinson in that matter.   Therefore, the document is properly subject to a privilege objection.

9.    The Special Master's Order requires that GrayRobinson:

a.    explain the reference to 558 documents in regard to the movant's Schedule A to the GrayRobinson Motion (Doc. 101-1);

b.    identify the documents on Doc. 101-1 which they claim were produced on June 7, 2019; and

c.    identify the documents listed on Doc. 101-1 which they continue to claim are privileged, and state the legal and factual basis for the privilege.

10.    GrayRobinson states that its reference to 558 documents relates to the 363 specific documents listed on Schedule A to the GrayRobinson Motion as well as the related family members of those 363 documents. The family documents include all attachments to the underlying parent documents. When GrayRobinson revisited its privilege log in June 2019, GrayRobinson produced to the Trust 265 of the 363 specific documents listed on Schedule A (Doc. 100-1). When the family members (parent documents and attachments) of the 265 documents are counted, the production included 460 documents. By way of example, GRPriv0008402 (DOC-0001226686-0001) is listed as a single requested document on Schedule A to the GrayRobinson Motion.  However, this document is an attachment to an email message, thereby constituting one member of a family of seven (7) separate documents (the email and all its attachments), all seven of which were produced

and counted in both the 460 and 558 totals.

11.     GrayRobinson states that in June 2019, it produced each and every document (both parent and family) on pages A-1 through A-6 and A-12 through A-22 of Schedule A to the GrayRobinson Motion.

12.     As to page A-7, GrayRobinson produced the following documents, with families, in June 2019: GRPriv0004604; GRPriv0004613; GRPriv0004915; GRPriv0004919; GRPriv0005290; GRPriv0001007; GRPriv0001008; and GRPriv0001009. The remaining documents on page A-7 were inadvertently listed on GrayRobinson's privilege log inasmuch as they relate to a Gray Robinson representation involving an unrelated client that has absolutely no relevance to this case. This same issue applies to every document listed on page A-8 and all of the documents on page A-9, with the exception of the final two (2) on that page. All of the irrelevant documents were inadvertently listed because GrayRobinson's document search picked up all documents involving SMK, including many that related to other clients than Foodonics. As discussed in the Joint Response, had the Trust ever properly conferred with Respondents before filing the Motions, this issue could have been explained and resolved without Court intervention.

13.     The final two (2) documents on page A-9 of Schedule A to the GrayRobinson Motion (DOC-0001266829 and DOC-0001266823) and every document on pages A-10 and A-11 were produced to the Trust on December 4, 2019 and are emails among GrayRobinson attorneys and representatives of SMK and others.

14.     In light of the productions on June 17, 2019 and December 4, 2019, Gray Robinson believes that every document from Schedule A to the GrayRobinson Motion has either now been produced or properly removed entirely as irrelevant.

## CONCLUSION

For all of the foregoing reasons, Foodonics and GrayRobinson respectfully request

that this Court enter an Order denying the Motions.

Respectfully submitted,

ABEL BEAN LAW, P.A.

By: /s/ Daniel K. Bean
Daniel K. Bean, Esq.
Florida Bar No. 15539
Andrew J. Steif, Esq.
Florida Bar No. 0042475
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
Telephone: (904) 516-5486
*dbean@abelbeanlaw.com*
*asteif@abelbeanlaw.com*

GRAY ROBINSON, P.A.

S. Grier Wells, Esq.
Florida Bar No.: 203238
50 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904)-598-9929
grier.wells@gray-robinson.com
barbara.rude@gray-robinson.com

***Attorneys for Counterclaim
Defendants***

**<u>Certificate of Service</u>**

I certify that on this 6th day of December, 2019, I electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to all CM/ECF participants in this case.

/s/ *Daniel K. Bean*
Attorney
