UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC., )
a Florida corporation,
                                )
    Plaintiff,
                                )
v.                                          Case No. 3:17-cv-1054-J-32JRK
                                )
DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF        )
REVOCABLE TRUST, a Georgia trust,
                                )
    Defendant.
                                )
_____

DINA KLEMPF SROCHI, as Trustee  )
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Florida trust, )

    Counterclaim Plaintiff,     )

v.                              )

FOODONICS INTERNATIONAL, INC., )
a Florida corporation, and KEVIN
JACQUES KLEMPF,                 )

    Counterclaim Defendants.    )

_____ )

**COUNTERCLAIM PLAINTIFF'S REPLY TO
FOODONICS AND GRAYROBINSON'S JOINT RESPONSE TO
THE SPECIAL MASTER'S ORDER FOR FURTHER BRIEFING**

Counterclaim plaintiff, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust (the "Trust"), files this reply to Foodonics and GrayRobinson's Joint Response to the Special Master's Order for Further Briefing, and says:

**Summary of Reply**

For over a year – between October 2, 2018 and December 5, 2019 – the Trust endeavored to obtain non-privileged documents that were improperly placed on privilege logs by Foodonics and GrayRobinson. The hundreds of non-privileged documents listed on the privilege logs of Foodonics and GrayRobinson were withheld and not produced to the Trust until after repeated efforts by the Trust, which included the filing of two motions on May 22, 2019 to compel Foodonics and GrayRobinson to produce the non-privileged documents (Doc. Nos. 100 and 101; collectively, the "Privilege Log Motions"). The last batch of non-privileged documents were not produced by Foodonics and GrayRobinson until last week – December 4, 2019 – more than six months after the Privilege Log Motions were filed.

With the last belated production on December 5, it now appears that most of the critical non-privileged documents have been produced and therefore the Trust is no longer seeking an order to compel further production of the remaining non-privileged documents from Foodonics or GrayRobinson. The Trust still respectfully requests, however, an award of attorneys' fees and costs incurred as a result of the foregoing discovery failures and abuses, pursuant to Rule 37(a)(5)(A).[1]

**Background**

The Trust's efforts to obtain non-privileged documents from Foodonics and GrayRobinson, which began in October of 2018, are described in paragraphs 4 to 17 of

---

[1] An award of attorneys' fees in connection with the Privilege Log Motions will be in addition to the Trust's entitlement to attorneys' fees related to sluggish production of non-privileged documents, as set forth in the Trust's Motion for Sanctions for Sluggish Discovery, Failure to Obey Pretrial Orders and Other Discovery Abuse (Doc. No. 98).

the Trust's Motion to Compel Foodonics to Produce Non-Privileged Documents (Doc. No. 100) and paragraphs 8 – 17 of the Trust's Motion to Compel GrayRobinson to Produce Non-Privileged Documents (Doc. No. 101). The Trust's efforts to obtain non-privileged documents included (i) multiple "meet and confers" with opposing counsel, (ii) providing opposing counsel multiple lists of third-party individuals listed on privilege logs whose communications could not have been privileged and (iii) presenting these issues to the Court during several discovery status conferences. See examples at A. 36 – 38; A. 53 – 55; A. 57 – 58; A. 62 – 63; 69; 73; 78.[2] The delays by Foodonics and GrayRobinson in the production of these non-privileged documents were, at best, inexcusable foot dragging (A. 92) and, in many instances, constituted the intentional withholding of material non-privileged information (See e.g. Doc. No. 64, regarding the withholding of non-privileged communications related to Sheldrick McGehee & Kohler, LLC and Jess Wright).

On April 11, 2019, after six months of discovery delays and several discovery status conferences, the Court entered an order directing the parties to file "[a]ny necessary…motions regarding privilege log deficiencies…no later than May 20, 2019" (Doc. No. 91). On May 20, 2019, the Trust filed the Privilege Log Motions because Foodonics and GrayRobinson continued to withhold a multitude of documents that appeared to be non-privileged and material to the issues in this case.

---

[2] ("A. _____") refers to the tab number of the Appendix filed contemporaneously with the Privilege Log Motions (Doc. No. 99).

**The Belated Production of Documents by Foodonics and GrayRobinson**

After the Privilege Log Motions were filed, Foodonics and GrayRobinson continued to dribble out belated productions of non-privileged documents:

| | |
|---|---|
| June 6, 2019: | Foodonics produced 938 pages of documents removed from the Foodonics Privilege Log |
| June 6, 2019: | GrayRobinson produced 2,989 pages of documents removed from the GrayRobinson Privilege log |
| June 25, 2019: | Foodonics and GrayRobinson produced 27 pages of additional documents (after requiring the Trust's counsel to inspect records in person at GrayRobinson's offices) |
| December 4, 2019: | Foodonics and GrayRobinson produced an additional 142 pages of documents related to SMK and Jess Wright (after the Trust filed its Motion to Compel Non-Privileged Documents Related to SMK and Jess Wright). |

The Trust is now satisfied, that as a result of the belated productions described above, the most critical non-privileged documents previously withheld by Foodonics and GrayRobinson have now been produced.

Therefore, the Trust does not request that the Special Master compel further production of non-privileged documents from Foodonics or GrayRobinson. The Trust still requests, however, that the Special Master award attorneys' fees under Rule 37(a)(5)(A), Federal Rules of Civil Procedure, to pay the Trust's reasonable fees and expenses incurred in filing and prosecution of the Privilege Log Motions because Foodonics and GrayRobinson did not produce the non-privileged documents identified in the Privilege Log Motions until after the Privilege Log Motions were filed, including documents that were not produced until six months later. See Rule 37(a)(5)(A) ("If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party . . . whose conduct necessitated

the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.") See also *Morock v. Chautauqua Airlines*, No. 8:07-cv-210-T-17-MAP, 2007 WL 4247767 at *4 (M.D. Fla. Dec. 3, 2007) (denying portion of motion to compel as moot because documents were produced, but granting portion of motion seeking an award of fees and costs because the documents were not produced until after the motion was filed).

Although the Trust no longer seeks to obtain additional disclosure of documents remaining on the privilege logs, an award of attorneys' fees to the Trust is mandated under Rule 37(a)(5)(A) to pay the Trust's reasonable expenses incurred in the filing and prosecution of the Privilege Log Motions. See *Morock*, 2007 WL 4247767 at *4; and *U.S. v. Bollinger Shipyards, Inc.,* Civil Action No. 12-920, 2015 WL 1638063 at *5 (E.D. La. Apr. 13, 2015) (holding that by "producing previously withheld documents and revising its privilege logs, the government has effectively conceded that Bollinger's motion to compel was well-founded . . . [and] finds that Bollinger is entitled to the costs, including reasonable attorneys' fees, it incurred in litigating this issue").

## **Conclusion**

The Trust respectfully requests that the Special Master enter an order granting the following relief:

1. The Trust's request for reasonable attorneys' fees related to the filing of the Privilege Log Motions is granted. On or before January 10, 2020, counsel for the parties shall confer and attempt to agree on the amount of the fees. The fees shall be paid, jointly and severally, by Foodonics and GrayRobinson, on or before January 15,

5

2020.  Failing agreement regarding the amount of the fees, the parties may apply to the Special Master for assistance.

2. The Trust's request that Foodonics and GrayRobinson produce documents identified on privilege logs is denied, in part, as moot, because the Trust states that the material non-privileged documents sought by the Trust have now been produced and the Trust does not seek production of any additional documents from the last versions of the privilege logs of Foodonics and GrayRobinson.

3. The Trust's award of attorneys' fees pursuant to the Privilege Log Motions and this Order be without prejudice to the Trust's entitlement to seek additional attorneys' fees and other sanctions pursuant to the Trust's Motion for Sanctions for Sluggish Discovery, Failure to Obey Pretrial Orders and Other Discovery Abuse (Doc. No. 98).

SMITH HULSEY & BUSEY

By: /s/ *James H. Post*
     James H. Post
     Michael E. Demont
     R. Christopher Dix

Florida Bar Number 175460
Florida Bar Number 364088
Florida Bar Number 036988
One Independent Drive, Suite 3300
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com
mdemont@smithhulsey.com
cdix@smithhulsey.com

Attorneys for Dina Klempf Srochi, as Trustee, of the Laura Jean Klempf Revocable Trust

<u>Certificate of Service</u>

I certify that on this 13th day of December, 2019, I electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to all CM/ECF participants in this case. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

/s/ *James H. Post*
Attorney

01053804