UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL,
INC., a Florida corporation,

    Plaintiff,

v.                                               Case No .: 3:17-cv-1054-J-32JRK

DINA KLEMPF SROCHI, as
Trustee of the Laura Jean Klempf
Revocable Trust, a Florida Trust,

    Defendant.

---

DINA KLEMPF SROCHI, as Trustee of the
Laura Jean Klempf Revocable Trust, et al.,

    Counterclaim Plaintiffs,

v.

FOODONICS INTERNATIONAL, INC.,
a Florida corporation, et al.,

    Counterclaim Defendants.

---

## SPECIAL MASTER ORDER REGARDING PRIVILEGE LOGS

This cause is before the Special Master on Counterclaim Plaintiffs' Amended Motion to Compel Foodonics to Produce Non-Privileged Documents (the "Motion to Compel Foodonics") (Doc. 100) and Schedule A thereto (Doc.

100-1), and on Counterclaim Plaintiffs' Amended Motion to Compel GrayRobinson to Produce Non-Privileged Documents (the "Motion to Compel GrayRobinson") (Doc. 101) and Schedule A thereto. (Doc. 101-1)[1] Plaintiff/Counterclaim Defendant Foodonics International, Inc.("Foodonics") and its counsel GrayRobinson, P.A. ("GrayRobinson") filed a joint response to the foregoing motions (the "Joint Response"). (Doc. 106) Foodonics and GrayRobinson later filed a supplemental response (the "Supplement") (Doc. 201) and Defendant/Counterclaim Plaintiffs filed a reply thereto. (Doc. 203)

On November 7, 2019, the Court, pursuant to Federal Rule of Civil Procedure 53, appointed the undersigned as Special Master for the purpose of overseeing discovery in this matter. (Doc. 179)

The undersigned held a hearing on the matters addressed in this Order on December 23, 2019. (Doc. 206) Counsel for each of the parties appeared and argued their respective positions.

*The Motion to Compel Foodonics*

In January 2018, Defendant/Counterclaim Plaintiffs (the "Trust") served a request for production of documents on Foodonics and a subpoena for documents on Jacques Klempf (Doc. 99-1, Tabs 4, 5). In February 2018, Mr. Klempf served objections to the subpoena and Foodonics served objections to the request for

---

[1] The initial Motion to Compel Foodonics was Document 96 and the initial Motion to Compel GrayRobinson was Document 97.

production. (*Id.*, Tabs 6, 7)  Thereafter, Foodonics sent the Trust an "Initial Privilege Log" (in October 2018), a "First Amended Privilege Log" (also in October 2018), and a "Second Amended Privilege Log" (in January 2019).  (Docs. 99-4, Tab 34; 99-6, Tab 54; 99-9, Tab 88)

Schedule A to the Motion to Compel Foodonics (Doc. 100-1) is a list of 75 documents which appeared on Foodonics' Second Amended Privilege Log and which the motion asserts were "improperly categorized as privileged." (Doc. 100, pp. 2, 6)  The Foodonics and GrayRobinson Joint Response states that, upon further review after the Motion to Compel Foodonics was filed, certain documents listed on the log were determined to be non-privileged and were produced to the Trust on June 7, 2019.  (Doc. 106, p. 3)

In the Supplement (Doc. 201), Foodonics clarified that in June 2019, it produced to the Trust 73 of the 75 documents listed on Schedule A (Doc. 100-1) as well as "all members of those document families (e.g., attachments to emails)." (Doc. 201, ¶ 6)  The Supplement further states that Foodonics has produced every document on Schedule A to the Trust, except for two documents: one which related to Mr. Klempf's personal divorce (Doc. 201, ¶ 7) and one which involved a discussion of legal advice for Mr. Klempf's daughter. (Doc. 201, ¶ 8)

Prior to the hearing on December 23, 2019, the Trust's counsel provided a demonstrative chart which showed that all 75 documents listed on Schedule A

(Doc. 100-1) had been listed on Foodonics' Initial Privilege Log given to the Trust in October 2018 as well as on Foodonics' Second Amended Privilege Log given to the Trust in January 2019. (Demonstrative No. 1)  The Foodonics Parties' counsel did not disagree with the chart.

At the hearing on December 23, 2019, the Trust's counsel represented that he had met with the Foodonics Parties' counsel on November 1, 2018 for the purpose of discussing the privilege log and had asked that all 75 items be removed from the log and the documents produced.  The Foodonics Parties' counsel did not disagree with this representation.

### *The Motion to Compel GrayRobinson*

In March 2018, the Trust also served a subpoena for the production of documents on GrayRobinson.  (Doc. 99-2, Tab 10)  GrayRobinson served objections to the subpoena later in March 2018 (Doc. 99-2. Tab 13) and sent to the Trust an Initial Privilege Log (in October 2018) (Doc. 99-5, Tab 47), a Revised Initial Privilege Log (in January 2019) (Doc. 99-9, Tab 88) and, finally, a Second Privilege Log (in April 2019). (Doc. 99-9, Tab 92)

Schedule A to the Motion to Compel GrayRobinson (Doc. 101-1) is a list of 363 documents which the motion asserts were improperly categorized as privileged.  (Doc. 101, pp. 2, 5)  The Joint Response states that upon further review after that motion was filed, certain listed documents on Schedule A were produced

to the Trust on June 7, 2019. (Doc. 106, p. 3) The Supplement clarifies that GrayRobinson revisited its Second Privilege Log in June 2019 and produced to the Trust 265 of the 363 documents listed on Schedule A (including parent documents and attachments). (Doc. 201, ¶¶ 10, 11, 12) The Supplement also identifies two categories of documents which were not produced to the Trust in June 2019 as follows: (i) documents identified on page A-7 of Schedule A (Doc 101-1) which were "inadvertently listed on GrayRobinson's privilege log inasmuch as they relate to a GrayRobinson representation involving an unrelated client that has absolutely no relevance to this case" (Doc. 201, ¶ 12); and (ii) every document listed on page A-8 of Schedule A and all but the final two documents on page A-9, all of which involve the same unrelated client. (*Id.*) The Supplement states that the final two documents listed on page A-9 of Schedule A (Doc. 101-1) and every document listed on pages A-10 and A-11 of Schedule A were produced to the Trust on December 4, 2019. (*Id.*, ¶ 13)

The Supplement concludes by saying that "[i]n light of the productions on June 17, 2019 and December 4, 2019, GrayRobinson believes that every document from Schedule A to the GrayRobinson Motion has either now been produced or properly removed entirely as irrelevant." (Doc. 201, ¶ 14) The Supplement also states that "had the Trust ever properly conferred with Respondents before filing the Motions, this issue [of irrelevant documents being included on the privilege

logs] could have been explained and resolved without Court intervention." (*Id.*, ¶ 12)

Prior to the hearing on December 23, 2019, the Trust's counsel also provided a demonstrative chart which showed that of the 363 documents listed on Schedule A (Doc. 101-1), 280 documents were first listed on GrayRobinson's Second Privilege Log provided to the Trust in April 2019, and the remaining 83 documents had been listed on GrayRobinson's Initial Privilege Log and Revised Initial Privilege Log. (Demonstrative No. 2) At the December 23 hearing, counsel for the Trust stated that the documents listed on GrayRobinson's Initial Privilege Log were discussed at the November 1, 2018 conferral and the Trust had asked that all 83 documents be removed from the log and the documents produced. The Foodonics Parties' counsel did not contradict this representation or disagree with the demonstrative chart. For the remaining 280 documents listed on Schedule A which first appeared on GrayRobinson's Second Privilege Log, the Trust's counsel was unable to identify any conferral regarding those documents before the Motion to Compel GrayRobinson was filed.

The Supplement states that of the 83 documents listed on GrayRobinson's Initial Privilege Log, 29 of those were produced to the Trust after the Motion to Compel GrayRobinson was filed (one document was produced in June 2019 and 28 documents were produced in December 2019) and 54 documents were not

produced because they involved another client of GrayRobinson which is unrelated to this case. (Doc. 201, ¶¶ 11-14)

In its Reply (Doc. 203), the Trust states that "it now appears that most of the critical non-privileged documents have been produced and therefore the Trust is no longer seeking an order to compel further production of the remaining non-privileged documents from Foodonics or GrayRobinson." (Doc. 203, p. 2) The Trust nonetheless requests an award against Foodonics and Gray Robinson, jointly and severally, for its attorney's fees and costs incurred with respect to both motions, pursuant to Rule 37(a)(5)(A). (*Id.*, p. 5)

## *Findings and Conclusions*

Rule 37(a)(5)(A) requires an award of reasonable expenses, including attorney's fees, against a party or attorney whose conduct necessitated a discovery motion if the motion is granted, or if the requested discovery is provided after the motion is filed. *See* Fed. R. Civ. P. 37(a)(5)(A); *see also Procaps S.A. v. Patheon, Inc.*, 2013 WL 6238647 at *4 (S.D. Fla. Dec. 3, 2013). The award may be entered against the party whose conduct necessitated the motion, its attorney, or both. Fed R. Civ. P. 37(a)(5)(A). However, there must be no award if one of the exceptions to the rule applies. *See* Fed. R. Civ. P. 37(a)(5)(A)(i), (ii), (iii); *see also Procaps*, 2013 WL 6238647 at *4.

Where a motion to compel is granted in part and denied in part, expenses may be apportioned between the parties. *See* Fed. R. Civ. P. 37(a)(5)(C).

In the present case, the Trust's counsel conferred with opposing counsel regarding the 75 documents listed on Schedule A to the Motion to Compel Foodonics (Doc. 100-1) and Foodonics ultimately produced 73 of those after the motion was filed. The remaining two documents should not have been listed on the log because they were unrelated to this case.

Thus, Foodonics has acknowledged, through its productions and through its Joint Statement and Supplement, that none of the 75 documents listed on Schedule A (Doc. 100-1) should have appeared on privilege logs, because the documents were either discoverable and non-privileged, or because they were wholly unresponsive to the discovery. (*See* Doc. 201) Yet all 75 documents remained on Foodonics' privilege log in May 2019, more than six months after the November 1, 2018 conferral. Consequently, Foodonics has not demonstrated that its failure to produce the discoverable, non-privileged documents prior to the motion being filed was "substantially justified." The exception for an award of fees of Rule 37(a)(5)(A)(ii) is therefore inapplicable.

Additionally, the 75 documents listed on Schedule A to the Motion to Compel Foodonics (Doc. 100-1) were listed on Foodonics' Initial Privilege Log, and were the subject of a good faith conferral before the motion to compel was

filed. Consequently, the exception of Rule 37(a)(5)(A)(i) does not apply. Finally, Foodonics has not demonstrated "other circumstances [which would] make an award of expenses unjust" and therefore the exception of Rule 37(a)(5)(A)(iii) is inapplicable.

With respect to the Motion to Compel GrayRobinson, the undersigned concludes that neither party should receive an award of its expenses. The motion was necessitated, in substantial part, by GrayRobinson not removing 83 documents from its initial and revised privilege logs despite having the opportunity to do so over several months after the November 1, 2018 conferral. The motion was also necessitated by GrayRobinson including on its Second Privilege Log 280 documents, all but three of which it later produced as non-privileged (with the remaining three being unresponsive to the discovery). However, the motion to compel was premature as to those 280 listed documents on Schedule A because those were first listed on GrayRobinson's Second Privilege Log for which there was no conferral prior to the filing of the motion. Under these circumstances, the appropriate apportionment of the reasonable expenses incurred with respect to the motion is for each party to bear its own fees and expenses.

After consideration of the argument of counsel and the written submissions, it is ORDERED:

1. The Motion to Compel Foodonics (Doc. 100) is **DENIED** as moot because the discoverable, non-privileged documents were produced after the motion was filed;

2. The Motion to Compel GrayRobinson (Doc. 101) is **DENIED** as moot because the discoverable, non-privileged documents were produced after the motion was filed;

3. The Trust's request for an award of its reasonable expenses, including attorney's fees, against Foodonics and its counsel Gray Robinson, jointly and severally, in bringing and prosecuting the Motion to Compel Foodonics (Docs. 96, 100) is **GRANTED.** Counsel for the Trust and counsel for Foodonics and Gray Robinson shall confer and attempt to agree on the foregoing amount. Foodonics and Gray Robinson shall promptly pay the expenses following agreement. Failing such agreement, either party may apply to the Special Master for assistance.

4. The Trust's request for an award of its reasonable expenses, including attorney's fees, in bringing and prosecuting the Motion to Compel GrayRobinson (Docs. 98, 101) is **DENIED** and the parties shall bear their own respective expenses incurred in connection with the motion.

DONE AND ORDERED at Jacksonville, Florida, this 31st day of December, 2019

/s/*Michael G. Tanner*
Michael G. Tanner
Special Master