UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC., )
a Florida corporation,
)
    Plaintiff,
)
v. )      Case No. 3:17-cv-1054-J-32JRK
)
DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF )
REVOCABLE TRUST, a Florida trust,
)
    Defendant.
)

_____ )

DINA KLEMPF SROCHI, as Trustee )
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Florida trust, )

    Counterclaim Plaintiff, )

v. )

FOODONICS INTERNATIONAL, INC., )
a Florida corporation, and KEVIN
JACQUES KLEMPF, )

    Counterclaim Defendants. )

_____ )

**COUNTERCLAIM DEFENDANTS' RESPONSE IN OPPOSITION TO
MOTION FOR LEAVE TO CONTINE THE DEPOSITION
OF COUNTERCLAIM DEFENDANT KEVIN JACQUES KLEMPOF**

Counterclaim Defendants, Foodonics International, Inc. and Kevin Jacques Klempf

("Counterclaim Defendants"), pursuant to Rule 26(b)(2)(A), Federal Rules of Civil Procedure

and the Special Master's December 24, 2019 Order Regarding Depositions (Doc. 208) opposes

Counterclaim Plaintiff, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable

Trust's (the "Trust"), Motion for Leave to Continue the Deposition of Counterclaim Defendant

1

Kevin Jacques Klempf (the "Motion"). In support, Counterclaim Defendants state:

## FACTUAL BACKGROUND AND SUMMARY OF THE ARGUMENT

On December 23, 2019, the Special Master held a hearing on various discovery issues, including the order and length of depositions. The Special Master's December 24, 2019 Order Regarding Depositions (Doc. 208, the "Order") ruled upon, and resolved multiple disputes between the parties regarding the manner in which fact witness depositions were to be conducted. One of the most significant issues that the Order addressed was the timing of, and limitations on the depositions of Mr. Klempf and Foodonics. On these points, the Order provided:

3.      Regarding the depositions of Mr. Jacques Klempf and Foodonics International, Inc. ("Foodonics"):

(a)      The Trust may depose Mr. Klempf in his individual capacity for a period *not to exceed seven (7) hours*, pursuant to Fed. R. Civ. P. 30(d)(1). This deposition shall take place in *one (1) sitting*. The Trust may request reasonable additional time for Mr. Klempf's deposition upon a specific showing which satisfies Rule 30(d)(1);

(b)      The Trust may notice a deposition of Foodonics pursuant to Fed. R. Civ. P. 30(b)(6), giving notice at least ten (10) days in advance stating "with reasonable particularity the matters for examination." Foodonics shall designate appropriate person(s) to testify on its behalf. The total deposition time for all such person(s) shall not exceed seven (7) hours pursuant to Fed. R. Civ. P. 30(d)(1);

(c)      If Foodonics designates Mr. Klempf as one of the persons to testify on its behalf for the 30(b)(6) deposition, the Trust's examination of him in that capacity shall have no more than minimal overlap or duplication of the questions asked of Mr. Klempf during his deposition in his individual capacity.

Doc. 208 (emphasis added).

This deposition protocol, as ordered, provided the Trust with two (2) full deposition days, to question Counterclaim Defendants under oath. The Trust has materially failed to comply with

the Order.

Mr. Klempf's deposition was conducted on January 20, 2020. Between the December 23 hearing and the deposition, the Trust did not make any request, either to the undersigned or to the Court, to exceed the time allotted in the Order or in the Federal Rules of Civil Procedure. Nor did the Trust give any indication that it did not intend to make efforts to complete the deposition in a single sitting as ordered. Rather, the Trust seemingly intended to slowly and methodically cover hundreds of documents over the course of multiple deposition days that it was not entitled to use, without ever mentioning this plan until questioned by counsel for Counterclaim Defendants at the end of seven (7) hours of Mr. Klempf's deposition. See Exhibit A to Motion, p. 248.

A review of the transcript of the January 20, 2020 deposition of Mr. Klempf shows that a large amount of time was spent on topics that were not relevant or which could have been covered in significantly less time. By way of example, the Trust devoted significant time to questions regarding photos of Mr. Klempf's parents and children; the obituary of Mr. Klempf's mother; and birthday cards and notes from 40 years ago. This material appeared to be used solely to "get a rise" out of Mr. Klempf or elicit some level of anger or emotion for purposes of the video record and was unnecessary. Exhibit A to Motion, pp. 15 – 28.

After the deposition reached the seven (7) hour mark, the undersigned requested that counsel for the Trust identify how much longer would be needed to complete the questioning. Counsel for the Trust stated "I have another day." Exhibit A to Motion, p. 248. At no time after the Order was entered (including during the entirety of the day of the deposition) did counsel for the Trust indicate that more time would be needed. The undersigned stated that the Trust was allowed an additional day for the *deposition of Foodonics*, to which the Trust's counsel replied that he did not "want to get into a hassle over what might or might not be proper for a corporate

deposition. I need to finish Mr. Klempf." Exhibit A to Motion, pp. 248-49. When the undersigned objected based upon the Order, the Trust refused to allow cross examination and the parties adjourned the deposition.

In subsequent conversations, the Trust has refused to provide a list of topics for the deposition of Foodonics. Counterclaim Defendants have proposed that the Trust complete the deposition of Mr. Klempf and Foodonics simultaneously in the second seven (7) hour sitting allowed pursuant to the Order, but the Trust has rejected this proposal.

Counterclaim Defendants are willing to sit for an additional single day, 7 hour, combined deposition. The Trust, at its discretion, would be able to use that deposition to question Mr. Klempf individually or to question Foodonics as to particular topics, or both. Counterclaim Defendants submit that any additional time beyond one additional day allowed pursuant to the Order would be excessive.

## ARGUMENT

I.    **Applicable Law Supports, at Most, an Additional 7 Hours of Deposition Time, an Amount of Time the Order Already Allows.**

A review of applicable law, including the cases that the Trust cites in the Motion, shows that the Trust's requested deposition extension is clearly excessive.

Here, the Trust requests a two (2) day extension of Mr. Klempf's deposition. As detailed below, this request goes far beyond what is required to complete the deposition. Moreover, the case law does not support such an extreme request. None of the decisions that the Trust cites in the Motion allowed more than an additional seven (7) hours of deposition time and in multiple cases, the time allowed was significantly less. See Kaplan v. Lappin, No. 10-80227-CIV, 2011 WL 13225149, at *2 (S.D. Fla. Feb. 10, 2011) ("Accordingly, Mr. Lappin's deposition is ordered to be continued for a period not to exceed three (3) hours…."); F.D.I.C. v. Brudnicki, No. 5:12-

CV-00398-RS-GRJ, 2013 WL 5814494, at *5 (N.D. Fla. Oct. 29, 2013) (ordering an additional

session of 7 hours); Dunkin' Donuts Inc. v. Mary's Donuts, Inc., 206 F.R.D. 518, 522 (S.D. Fla.

2002) (ordering one additional session of 7 hours) California Earthquake Auth. v. Metro. W.

Sec., LLC, No. 2:10-CV-0291 MCE GGH, 2012 WL 5880342, at *3 (E.D. Cal. Nov. 21, 2012)

(ordering deposition of 13 hours total (7 hours beyond the first deposition)) Fleming v.

Coverstone, No. 08CV355 WQH NLS, 2009 WL 4040066, at *1 (S.D. Cal. Nov. 19, 2009)

(additional 2 hours and 45 minutes).

Simply stated, the Trust's request in the Motion for two additional days of deposition

time is contrary to applicable law.

**II.      The Trust's Alleged Inability to Complete the Deposition is a Result of an Overly Ambitious Scope of Exhibits and Poor Use of Time.**

Despite the Trust's contentions to the contrary, this action is not complex. The Trust sold

its shares to Foodonics in December, 2015. The Trust contends: (1) that Foodonics and Mr.

Klempf were in negotiations with third parties at the time of this transaction; and (2) that

Foodonics and Mr. Klempf provided the Trust with misleading information or omitted material

information as part of the negotiation. The fact that there are fifteen (15) causes of action in the

Amended Counterclaim simply means that the Trust found numerous creative ways to assert the

same core allegations. Even a cursory review of the Trust's claims show that they have the same

premise. The relevant events at issue relate to less than a twelve (12) month period between 2015

and 2016. The Trust's citation to a single email in which Mr. Klempf referenced a 15 year period

does not alter the fundamental nature of the case and does not support the Trust's contention that

the scope of this case is somehow enlarged. Motion at 2.

That the Trust identified 328 "key" documents for potential use at the deposition of Mr.

Klempf is of no moment. Every deposition, no matter how important, involves a determination

as to which documents are the most necessary for deposition purposes. Clearly, the Trust was not discerning in its choice of exhibits. As discussed herein, many of the exhibits from the first day of the deposition served no purpose (obituary, birthday cards, photos).[1] The Trust could not have reasonably assumed that it would be able to introduce all of its purported exhibits. Moreover, the Trust gave no indication that there was any urgency as it slowly proceeded through the questioning.

In the Motion, the Trust contends that many of the unused exhibits relate to "the time period not yet covered by the deposition, including the critical years of 2015 and 2016." Motion at 4. Counterclaim Defendants respectfully submit that the Trust should have begun its questioning with the most significant documents rather than with photos from the 1950's. Rather, the Trust conducted the deposition as if it was always assumed that there would be an unlimited amount of days set aside and the Trust should not now be rewarded for this conduct.

## III. The Deposition May Be Completed in One Additional Day, or Less

At pages 5-8 of the Motion, the Trust identifies the areas that it contends would be explored at a continued deposition. The three (3) categories at paragraph 5 (pages 5-6) have already been partially covered. For example, the Trust has already covered the "Dream Team" idea at length, which encompasses subparagraph c. As to subparagraph b, there is no evidence that Mr. Klempf had any "pre-redemption" discussions with Dolph Baker or Cal-Maine and the post-redemption discussions, which did not occur until April, 2016, are not in dispute (and there are no more than a few documents that relate to this issue). The list of open issues is far from significant.

---

[1] Counterclaim Defendants did not object to the marking of these exhibits because although they were irrelevant, they were not subject to any objection that would prevent their usage. However, the relevance is a significant concern in relation to a request for additional deposition time.

Moreover, paragraph 6 (pages 6-7), which discusses unused exhibits, is lacking in detail. The Trust identifies only three (3) documents it intends to use, each of which is a circumstantial "sound bite" with no substance. Moreover, the three communications occurred long after the redemption of the Trust's shares and cannot support the claims asserted in this case. The Trust simply has not identified any significant documents or issues that it has been unable to cover.

## IV. The Single Additional Day that the Order Requires Is Sufficient.

Notwithstanding the Trust's careful attempt to characterize the actions described in paragraph 5 of the Motion as the actions of Mr. Klempf, the negotiation of the redemption of the Trust's shares and the sale to Cal-Maine were the actions of Foodonics. Given the Trust's seeming ease in identifying the open issues that have not yet been covered, the Trust should have no difficulty creating a list of corporate topics that have not yet been covered, as the Order requires. Mr. Klempf and Foodonics can then be deposed in a final seven (7) hour sitting at which the Trust may examine Mr. Klempf in his individual capacity or as corporate representative of Foodonics. The Trust has not shown good cause for any additional deposition time.

## CONCLUSION

For the foregoing reasons, Counterclaim Plaintiffs respectfully request that the Court enter an Order limiting the further deposition of Mr. Klempf to a final seven (7) hour deposition to be held jointly with the deposition of Foodonics and to deny the Motion in all other respects.

Respectfully Submitted,

**ABEL BEAN LAW P.A.**

/s/ Daniel K. Bean
Daniel K. Bean, Esq.
Florida Bar No.:0015539
Primary: *dbean@abelbeanlaw.com*
Andrew J. Steif, Esq.
Florida Bar No.: 0042475
Primary: *asteif@abelbeanlaw.com*
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
Telephone: (904) 516-5423

*Attorneys for Foodonics International, Inc.*
*and Kevin Jacques Klempf*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2020, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to all counsel of record registered in the CM/ECF system.

*/s/*Daniel K. Bean
Daniel K. Bean, Esq.
