# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| FOODONICS INTERNATIONAL, INC., a Florida corporation, <br><br> Plaintiff, <br><br> v. <br><br> DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Florida trust, <br><br> Defendant. | Case No. 3:17-cv-1054-J-32JRK |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Florida trust, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> FOODONICS INTERNATIONAL, INC., a Florida corporation, and KEVIN JACQUES KLEMPF, <br><br> Counterclaim Defendants. | |

**DECLARATION OF DINA KLEMPF SROCHI IN SUPPORT
OF THE TRUST'S RESPONSE TO FOODONICS'
<u>MOTION TO COMPEL PRIVILEGED DOCUMENTS</u>**

I, Dina Klempf Srochi, declare as follows:

**<u>Jean Klempf's Privilege Group</u>**

1. The factual allegations in the response filed by the Jean Klempf Trust (the "Trust") to the Counterclaim Defendants' Motion to Compel are true and correct.

2. Jean Klempf, who had reached the age of 76 in 2008, (i) did not have an email account and was unable to communicate electronically; and (ii) as an elderly woman,

had health issues during this period of time which, at times, severely impaired her ability to effectively communicate with her lawyers and advisors.

3. At all material times between 2008 until Jean Klempf passed away in July 2017, Jean Klempf requested the participation and assistance of me and my brother, Marc Klempf, to (i) help facilitate the communications between her and her attorneys and advisors in regard to the ongoing legal issues and disputes she and her Trust were having with Jacques Klempf and Foodonics, including the legal issues and disputes in this case (the "Jacques Klempf Legal Issues") and (ii) help her decide when or how to act upon her lawyers' and advisors' advice. As Jean Klempf grew infirm, she formalized my and Marc Klempf's role as her agents by appointing me to manager her affairs pursuant to that certain Durable Power of Attorney dated April 14, 2015, a copy of which is attached as Exhibit A (the "POA"). My brother, Marc Klempf, was appointed to act as successor Agent and donee of the POA.

4. Attached as Exhibit B is a chart identifying the persons Jean Klempf assembled and relied upon to participate in privileged communications regarding her and her Trust (the "Jean Klempf Privilege Group").

5. Communications among the members of the Jean Klempf Privilege Group were exchanged to provide or receive legal and accounting advice which was intended to be confidential and not subject to disclosure.

6. Marc Klempf and I participated in the Jean Klempf Privilege Group as Jean Klempf's (i) supportive and trusted family members, (ii) agents, and (iii) as beneficiaries of her Trust. On February 5, 2016, Jean Klempf resigned her role as Trustee of the Jean Klempf Trust and appointed me as Trustee.

2

**The emails Dina Klempf Srochi sent to herself were part of a protocol requested by Smith Hulsey & Busey intended to collect material information, <u>work product and input from the client to formulate and provide legal advice</u>**

7.  Pursuant to a protocol between myself and Smith Hulsey & Busey ("SHB"), I sent emails to myself to identify and share with counsel my understanding and opinion of material facts and documents related to the issues in this case. The information and opinions contained in these emails were collected by me to formulate and obtain legal advice from SHB as an agent for Jean Klempf and the Trust.

8.  I intended the messages to myself to be confidential and not subject to disclosure, as demonstrated by the fact that I sent these emails to myself and shared their content only with SHB and, on occasion, with other persons within the Jean Klempf Privilege Group.

Dated: Feb 12, 2020

_____
Dina Klempf Srochi

1060015

3

# EXHIBIT A

**Durable Power of Attorney
Containing Provisions
Relating to Transfer of Real Property
Including Homestead Property
(per F.S. §709.2101, et. seq., as amended)**

BY THIS DURABLE POWER OF ATTORNEY I, LAURA JEAN KLEMPF, of Duval County, Florida, (hereinafter the "Principal") appoint as my Agent to manage my affairs as indicated below, my daughter, DINA KLEMPF SROCHI, (hereinafter my "Agent"). Upon the death, failure or incapacity of DINA KLEMPF to act as my Agent, then I appoint in the alternate, my brother, EDDIE A. NOLAN, JR., of if he ceases or fails to serve, I appoint my son, MARC E. KLEMPF, to act as successor Agent and donee of this Power.

This durable power of attorney is not terminated by my subsequent Incapacity except as provided in chapter 709, Florida Statutes, and is exercisable from the date of execution.

1.   Definitions

All terms that are used but not otherwise defined shall have the definitions provided in the section 709.2102, Florida Statutes.

2.   Grant of Power(s)

Except as otherwise limited by applicable law, or by this durable power of attorney, my Agent has full authority to perform, without prior court approval, every act authorized and specifically enumerated in this durable power of attorney. Certain powers enumerated below require my initials in order to be valid. Any such power below specifically requiring my initials that are not initialed by me **shall not be** authorized. I hereby ratify and confirm that my Agent shall lawfully have, by virtue of this durable power of attorney, all of the powers herein granted including the following:

   a.   To conduct banking transactions as provided in section 709.2208(1), Florida Statutes;

   b.   To conduct investment transactions as provided in section 709.2208(2), Florida Statutes;

   c.   To borrow any sum or sums of money or other property on such terms and with such security as my Agent may deem advisable and to execute and deliver all promissory notes, bonds, mortgages, pledges and other instruments that my Agent finds necessary or desirable;

   d.   To draw, accept, endorse or otherwise deal with any checks or other commercial or mercantile instruments for my benefit, specifically including the right to make withdrawals from any savings account or savings and loan deposits;

  e. To redeem bonds issued by the United States government or any of its agencies, any other bonds and any certificates of deposit or other similar assets belonging to me;

  f. To sell bonds, shares of stock, warrants, debentures, or other assets belonging to me, and execute all assignments and other instruments necessary or proper for transferring them to the purchaser or purchasers, and give good receipts and discharges for all money payable in respect to them. Also, to execute stock powers or similar documents on my behalf and delegate to a transfer agent or similar person the authority to register any stocks, bonds, or other securities either into or out of my name or nominee's name;

  g. To represent me before the Treasury Department, or state or local taxing authority, in connection with any matter involving any federal, state, or local taxes in which I am a party, to make, sign, execute, verify and file any return required to be made under the revenue laws of the United States, or the Internal Revenue Code; or under the statutes of any state or local ordinance code and to file any claim for refund, offer and compromise or application for a closing agreement, receive refund checks, execute waivers of any period of limitation, execute any waiver of restrictions on assessment for collection of any tax, and execute Petition of Appeal to the United States Tax Court or state or local appellate authority, tribunal or agency; to claim tax credits; to file protests or petitions to administrative agencies or courts regarding tax matters; to execute closing agreements, extensions or waivers of the period of limitations and any Power of Attorney required by the Internal Revenue Service or any state or local taxing authority with respect to any tax year; to permit such persons to receive confidential information concerning same; to compromise and settle tax claims or disputes; to prepare, execute and file any other documents in regard to same; to file applications for homestead exemption; and to request any extension of time to perform any of the foregoing;

  h. Specific Real Estate Powers

The Agent herein named is granted the authority to bargain, grant, sell, deed, exchange, and convey any and all real property or interest in land (including, but not limited to, any such property designated as homestead property under the laws of the Constitution of the State of Florida or any other jurisdiction) owned by me, including any proprietary lease or any stock evidencing my ownership of any cooperative apartment, and for such sum or sums of money and upon such terms and conditions, as my Agent shall deem proper and, upon such sale, sales, or conveyances, to make, sign, seal, acknowledge, and deliver deeds and instruments with such covenants, general or special warranties, quit claim, or otherwise, as my Agent shall deem expedient or appropriate, and to buy any real property or interest in land for such sum or sums of money and upon such terms and conditions as my Agent shall deem fit, and to manage any such lands, and to manage, repair, alter, rebuild, or reconstruct, any buildings, houses, or other structures, or any part, or parts, thereof, that may now, or hereafter, be erected upon any such land. If I am married, my Agent may not mortgage or convey my homestead property without joinder of my spouse or my spouse's legal guardian. If I am

married, joinder by my spouse may be accomplished by the exercise of authority in a durable power of attorney executed by my joining spouse, and either my spouse or I may appoint the other as Agent. Such documents shall include, but not be limited to, contracts, deeds, affidavits, bills of sale, closing statements, mortgages, notes and such other instruments as may be required to carry out the purposes herein expressed. My Agent may demand, ask, collect, sue for, receive, and give effectual discharges for any rents, profits, issues, or income now or which shall become due, of any and all of such real property, lands, buildings, tenements or other structures, or of any part, or parts, thereof, and to take and use all lawful proceedings for recovering the said rents, profits, issues or income, and for ejecting defaulting tenants and occupants, and for terminating the tenancy or occupation thereof, and for obtaining, recovering, and retaining possession of all or any of the premises held or occupied by such defaulter. My Agent may enter upon and take possession of any lands, real property, buildings, tenements, or other structures, or any part, or parts thereof, that may belong to me, or to the possession whereof I may be entitled.

  i. _____ [Initial] The Agent named herein is granted the authority to create an inter vivos trust;

  j. _____ [Initial] The Agent named herein is granted the authority, with respect to a trust created by or on behalf of the principal, to amend, modify, revoke, or terminate the trust, but only if the trust instrument explicitly provides for amendment, modification, revocation, or termination by the settlor's agent;

  k. _____ [Initial] The Agent named herein is granted the authority to make a gift, including specifically, a gift of property or an amount above those limitations contained in section 709.2202(3), Florida Statutes;

  l. _____ [Initial] The Agent named herein is granted the authority to create or change rights of survivorship;

  m. _____ [Initial] The Agent named herein is granted the authority to create or change a beneficiary designation, including without limitation beneficiary designations on financial accounts, annuities, life insurance policies and retirements accounts (whether qualified or nonqualified);

  n. _____ [Initial] The Agent named herein is granted the authority to waive the Principal's right to be a beneficiary of a joint and survivor annuity, including a survivor benefit under a retirement plan; or

  o. _____ [Initial] The Agent named herein is granted the authority to disclaim property and powers of appointment.

  p. _____ [Initial] The Agent named herein is granted the authority to make anatomical gifts pursuant to section 765.514, Florida Statutes.

  q. _____ [Initial] The Agent named herein is granted the authority to make burial instructions for purposes of Section 732.804, Florida Statutes, and to create written inter vivos authorizations and directions on the Principal's behalf for purposes of Chapter 497, Florida Statutes. Written instructions provided by the Agent pursuant to this paragraph shall constitute written instructions of the Principal for purposes of determining the "legally authorized person" pursuant to Section 497.005(39)(a), Florida Statutes.

  r. To pursue any litigation or administrative proceeding against any individual or entity who negligently or intentionally fails to honor this Durable Power of Attorney and thus causes such litigation or administrative proceeding, and to pursue all costs and damages, both regular and punitive, against said third party;

  s. To apply for a Certificate of Title upon, and endorse and transfer title thereto, for any automobile, truck, pickup, van, motorcycle or other motor vehicle, and to represent in such transfer assignment that the title to said motor vehicle is free and clear of all liens and encumbrances except those specifically set forth in such transfer assignment;

  t. To procure, change, carry or cancel insurance against any and all risks affecting property or persons against liability, damage or claims of any sort;

  u. To demand, sue for, collect, recover and receive all goods, claims, debts, monies, interests, dividends, annuities, property (both real and personal) payments, legacies, bequests, devises, wares, merchandise, chattels, effects, things, and demands whatsoever now or shall hereafter become due, owing or belonging to me (including the right to institute any action, suit or legal proceedings, for the recovery of any land, buildings, tenements, or other structures, or any part, or parts, thereof, to the possession whereof I may be entitled), to have and take all means for the recovery thereof, by attachments, distress, replevin, garnishment, action at law, suits in equity, or otherwise, and to compromise and agree for the same, and to make, execute and deliver receipts, releases, acquittances or other sufficient discharges therefore, under seal, or otherwise, and to sue and to settle suits of any kind in my name or on my behalf**, _including without limitation initiating any action, suit or legal proceedings to enforce contractual, statutory or any other legal rights that I might have_**;

  v. To have access at any time or times to any safe deposit box rented by me, wheresoever located, and to remove all or any part of the contents thereof, and to surrender or relinquish said safe deposit box, and any institution in which any such safe deposit box may be located shall not incur any liability to me or my estate as a result of permitting my Agent to exercise this power;

  w. To pay all sums of money, at any time or times, that may hereafter be owing by me upon any bill of exchange, check, draft, note or trade acceptance, made, executed, endorsed, and delivered by me, or for me, and in my name, by my said Agent;

4

  x. To sign, seal, execute, deliver, and acknowledge deeds, leases, and assignments of leases, covenants, indentures, agreements, contracts, assignments, mortgages, satisfactions of mortgages, releases, hypothecations, bills, bonds, options, notes, receipts, evidence of debt and such other instruments in writing of whatever kind or nature **_and to exercise my rights on my behalf pursuant to any of the above described written instruments, including without limitation the exercise of my rights set forth in that certain Foodonics International, Inc. Shareholders' Agreement dated September 15, 2006, effective July 1, 2006_**;

  y. To receive and deposit any monies, checks, drafts, instruments, or other property which may come into the possession of my Agent with any bank, broker, trust company, financial institution, savings institution, or other person or corporation, either in my name, or in the name of a nominee, and to withdraw by check or other means any such money or property to which I am from time to time entitled and which is now or shall be so received and deposited, in either applied debts or interest payable by me or any taxes, assessments, insurance, and expenses due and payable or to become due and payable on account of my real property and personal estate, or for any of the purposes mentioned in this Durable Power of Attorney, or for the purchase of any goods or services on my account or otherwise for my use and benefit, or the investment in my name in any stocks, shares, notes, bonds, securities, or any other property (real or personal, tangible or intangible, income producing or otherwise) as my Agent may deem proper, to receive and give receipts for any income or dividends and to receive from such investments, and to sell, assign, transfer, or otherwise dispose of all and any such investments or other investments for my use and benefit as my Agent may deem advisable;

  z. To defend, settle, adjust, compound, submit to arbitration and compromise all actions, suits, accounts, reckonings, claims and demands whatsoever that now are or hereafter shall be pending between me and any person, firm or corporation in such manner and in all respects as my said Agent deem advisable;

  aa. To buy or sell at public or private sale for cash or credit or by any other means whatsoever, or to acquire, dispose of, repair, alter, store or manage my tangible personal property or any interest therein;

  bb. To have all powers granted herein with respect to all and any property owned by me and/or acquired by me after the date hereof;

  cc. To vote stock, membership interest or other equity interests in corporations, partnerships, limited liability companies or any other business entity;

  dd. Form, create, dissolve, reorganize, merge, liquidate or engage in any other corporate transaction with respect to new or existing business entities, including but not limited to corporations, partnerships, limited liability companies;

ee. To engage, employ, and dismiss any accountants, attorneys-at-law, investment counsel, brokers, agents, servants, trustees, professional property managers, doctors, nurses, dentists, clerks, workmen and others, and appoint others in their place, and to pay and allow the persons to be so employed at such salaries, wages or other remunerations, as my said Agent shall deem advisable;

ff. To apply for and receive any government, insurance, and retirement benefits to which I may be entitled, including the right to act as my representative payee with the Social Security Administration, and to exercise any right to elect benefits or payments; to terminate, to change beneficiaries or ownership, to assign rights, to borrow or receive cash value in return for the surrender of any or all rights I may have in life insurance or annuity policies, plans or benefits, Individual Retirement Accounts, or in any retirement, profit sharing, or other employee welfare plans and benefits; and to consent or waive consent in connection with designation of beneficiaries and joint and survivor annuities under any employee benefit plan;

gg. To nominate a guardian or guardians of my estate for consideration by a Court if incompetency proceedings for my estate or person are hereafter commenced. In that regard, I direct my Agent to nominate himself or herself as guardian of my estate, if able and willing to serve. Notwithstanding the foregoing, my Agent may oppose the appointment of any Guardian if my Agent believes that such appointment would not increase the quality of services already afforded by this Durable Power of Attorney;

hh. In addition to all other powers granted by this document, I grant to my agent the power and authority to serve as my personal representative for all purposes of the Health Insurance Portability and Accountability Act of 1996 and its regulations (HIPAA) during any time my health care representative is exercising authority under this document. Pursuant to HIPAA, I Specifically authorize my agent as my HIPAA personal representative to request, receive and review any information regarding my physical or mental health, including, without limitation all HIPAA protected health information, medical and hospital records; to execute on my behalf any authorizations, release or other documents that may be required in order to obtain this information; and to consent to the disclosure of this information. I further authorize my agent to execute on my behalf any documents necessary or desirable to implement the health care decisions that my agent is authorized to make under this document including Medicare Part D decisions and enrollments applications. By signing this Durable Power of Attorney, I specifically empower and authorize my physician, hospital or health care provider to release any and all medical records to my agent's designee. Further, I waive any liability to any physician, hospital or any health care provider who releases any and all of my medical records to my agent. The authority given my agent shall supersede any prior agreement that I may have made with my health care providers to restrict access to or disclosure of my individually identifiable health information. The authority given my Agent has no expiration date and shall expire only in the event that I revoke the authority in writing and deliver it to my health care provider. Nothing contained herein

6

shall invalidate or supersede any Designation of Health Care Surrogate separately executed by the Principal pursuant to Section 765.204, Florida Statutes ("Health Care Surrogate"), nor shall anything contained herein operate, or be construed, to appoint a Health Care Surrogate. Any person appointed by me as my surrogate pursuant to Section 765.204, Florida Statutes, shall also constitute my representative for HIPAA purposes in exercising the surrogate's authority under my Health Care Surrogate.

The above powers conferred upon my Agent extend to all of my right, title and interest in such property as I have described above and in which I may have an interest jointly and with any other person, whether in an estate by the entirety, joint tenancy or tenancy in common.

    3.    <u>Limitations</u>

Notwithstanding the powers contained in this durable power of attorney, my Agent may not:

    a.    Perform duties under a contract that requires the exercise of my personal services;

    b.    Make any affidavit as to my personal knowledge;

    c.    Vote in any public election on my behalf;

    d.    Execute or revoke any will or codicil on my behalf; or

    e.    Exercise powers and authority granted to me as trustee or as court-appointed fiduciary.

    4.    Standard of Care

Except as otherwise provided herein, any agent named herein is a fiduciary who must observe the standards of care applicable to agents as described in Florida Statute Section 709.2114. My Agent is not liable to third parties for any act pursuant to this durable power of attorney if the act was authorized at the time. If the exercise of the power is improper, my Agent is liable to persons as described in Florida Statute Section 709.2117 for damage or loss resulting from a breach of fiduciary duty by my Agent. If my Agent has accepted appointment either expressly in writing or by acting under the power, my Agent is not excused from liability for failure either to participate in the administration of assets subject to the power or for failure to attempt to prevent a breach of fiduciary obligations thereunder.

5. <u>Multiple Agents; When Joint Action Required</u>

Unless my durable power of attorney provides otherwise;

a. If my durable power of attorney is vested jointly in two agents by the same instrument, concurrence of both is required on all acts in the exercise of the power.

b. If my durable power of attorney is vested jointly in three or more agents by the same instrument, concurrence of a majority is required in all acts in the exercise of the power.

c. Any agent who has not concurred in the exercise of authority is not liable to me or any other person for the consequences of the exercise. A dissenting agent is not liable for the consequences of an act in which the agent joins at the direction of the majority of the joint agents if the agent express such dissent in writing to any of the other joint agents at or before the time of the joinder.

d. Unless my durable power of attorney provides otherwise, all authority vested in multiple agents may be exercised by the one or more that remain after the death, resignation, or incapacity of one or more of the multiple agents.

6. <u>Interpretation and Governing Law</u>

This instrument is executed by me in the State of Florida, but it is my intention that this power of attorney shall be exercisable in any other state or jurisdiction where I may have any property or interests in property.

This instrument is to be construed and interpreted as a durable power of attorney as provided for in chapter 709, Florida Statutes, as these statutes may be amended from time to time. This instrument is executed and delivered in the State of Florida, and the laws of the State of Florida shall govern all questions as to the validity of this power and the construction of its provisions.

7. <u>Third Party Reliance</u>

a. Any third party may rely upon the authority granted in my durable power of attorney until the third party has received notice as provided herein.

b. Until a third party has received notice of revocation pursuant to the terms contained herein, partial or complete termination of the durable power of attorney by adjudication of incapacity, suspension by initiation of proceedings to determine incapacity, my death, or the occurrence of an event referenced in this durable power of attorney, the third party may act in reliance upon the authority granted in this durable power of attorney.

8

    c.    A third party that has not received written notice hereunder may, but need not, require that my Agent execute an affidavit stating that there has been no revocation, partial or complete termination, or suspension of the durable power of attorney at the time the power of attorney is exercised. A written affidavit executed by my Agent under this paragraph may, but need not, be in the following form:

STATE OF _____
COUNTY OF _____

    BEFORE ME, the undersigned authority, personally appeared DINA KLEMPF SROCHI, ("Affiant"), who swore or affirmed that:

    1.    Affiant is the Agent named in the durable power of attorney executed by LAURA JEAN KLEMPF, (Principal) on _____, 2015.

    2.    To the best of Affiant's knowledge after diligent search and inquiry:

        a.    The Principal is not deceased, has not been adjudicated incapacitated, and has not revoked, partially or completely terminated, or suspended the durable power of attorney; and

        b.    A petition to determine the incapacity of or to appoint a guardian for the Principal is not pending.

    3.    Affiant agrees not to exercise any powers granted by the durable power of attorney if Affiant attains knowledge that it has been revoked, partially or completely terminated, suspended, or is no longer valid because of the death or adjudication of incapacity of the Principal.

                       _____
                       DINA KLEMPF SROCHI, Affiant

    Sworn and subscribed before me this \_\_\_\_ day of _____, 20\_\_ by DINA KLEMPF SROCHI, (Affiant) who is personally known to me or who provided _____ as identification, and who did not take an oath.

                           _____
                           Notary Public
                           My commission expires:

d. Third parties who act in reliance upon the authority granted to my Agent hereunder and in accordance with the instructions of the Agent will be held harmless by me from any loss suffered or liability incurred as a result of actions taken prior to receipt of written notice of revocation, suspension, notice of a petition to determine incapacity, partial or complete termination, or my death. A person who acts in good faith upon any representation, direction, decision, or act of my Agent is not liable to me or to my estate, beneficiaries, or joint owners for those acts.

e. My Agent is not liable for any acts or decisions made by him or her in good faith and under the terms of the durable power of attorney.

8. <u>Notice</u>

a. A notice, including, but not limited to, a notice of revocation, partial or complete termination, suspension, or otherwise, is not effective until written notice is served upon my Agent or any third persons relying upon this durable power of attorney.

b. Notice must be in writing and served on the person or entity to be bound by such notice. Service may be by any form of mail that requires a signed receipt or by personal delivery as provided in the Florida Statutes for service of process, and must otherwise be in accordance with Florida Statute Section 709.2121.

9. <u>Damages and Costs</u>

In any judicial action regarding this durable power of attorney, including, but not limited to, the unreasonable refusal of a third party to allow an agent to act pursuant to the power, and challenges to the proper exercise of authority by the agent, per statute, the prevailing party is entitled to damages and costs, including reasonable attorney's fees.

10. <u>Validity</u>

This durable power of attorney shall be non-delegable, except as to the stock powers which may be delegated to a transfer agent per paragraph 2.h. hereunder, and shall be valid until such time as I shall die, revoke the power, or shall be adjudged totally or partially incompetent by a court of competent jurisdiction. I may revoke the power only by providing written notice to my Agent. All acts of my Agent taken or done without actual knowledge of 1) my death, 2) an adjudication of my incompetency, or 3) my revocation are valid and effective, and are hereby ratified and confirmed.

11. <u>Revocation of Prior Instruments</u>

By this instrument I hereby revoke any power of attorney, durable or otherwise, that I may have executed prior to the date of this durable power of attorney.

12. <u>Severability</u>

If any provision of this durable power of attorney shall be declared to be invalid or unenforceable, in whole or in part, such invalidity or unenforceability shall not affect the remaining provisions hereof which shall remain in full force and effect.

13. <u>Confirmation of Prior Acts</u>

I hereby confirm all acts of my Agent pursuant to this power. Any act that is done under this power between the revocation of this instrument and notice of that revocation to my Agent shall be valid unless the person claiming the benefit of the act had notice of that revocation.

IN WITNESS WHEREOF, I have set my hand and seal on the 14th day of April, 2015.

Signed, sealed and delivered
in presence of:

_____    _____
Witness                     LAURA JEAN KLEMPF

_____
Witness

STATE OF FLORIDA
COUNTY OF DUVAL

SWORN TO, ACKNOWLEDGED AND SUBSCRIBED before me, this 14th day of April, 2015, by LAURA JEAN KLEMPF, who is personally known to me and who did not take an oath.

_____
Notary Public

DENNIS L. BLACKBURN
Commission # EE 182365
Expires April 7, 2016
Bonded Thru Troy Fain Insurance 800-385-7019

11

# EXHIBIT B

# THE JEAN KLEMPF PRIVILEGE GROUP

