UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC.,　)
a Florida corporation,
　　　　　　　　　　　　　　　　　)
　　　Plaintiff,
v.　　　　　　　　　　　　　　　　) Case No. 3:17-cv-1054-J-32JRK
　　　　　　　　　　　　　　　　　)
DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF　　　　)
REVOCABLE TRUST, a Florida trust,
　　　　　　　　　　　　　　　　　)
　　　Defendant.
_____)

DINA KLEMPF SROCHI, as Trustee　)
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Florida trust,)

　　　Counterclaim Plaintiff,　　　　　)

v.　　　　　　　　　　　　　　　　)

FOODONICS INTERNATIONAL, INC.,　)
a Florida corporation, and KEVIN
JACQUES KLEMPF,　　　　　　　　)

　　　Counterclaim Defendants.　　　　)
_____)

**COUNTERCLAIM DEFENDANTS' MOTION FOR LEAVE
TO FILE A REPLY IN SUPPORT OF COUNTERCLAIM DEFENDANTS'
<u>AMENDED MOTION TO DISSOLVE LIS PENDENS</u>**

Counterclaim Defendants, Foodonics International, Inc. ("Foodonics") and Kevin Jacques Klempf (collectively, the "Counterclaim Defendants"), pursuant to Rule 3.01(d), Local Rules of the United States District Court for the Middle District of Florida, seek leave to file a reply to the

1

Response to Counterclaim Defendants' Amended Motion to Dissolve Lis Pendens filed by Counterclaim Plaintiff, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust (the "Trust") ("Response;" Doc. 234) because the Trust's Response makes numerous misstatements regarding applicable law and the material facts, as detailed below.

1. On January 23, 2020, the Trust filed a duplicative action in the Seventh Judicial Circuit Court, in and for St. Johns County, Florida, Case No. CA20-0083 (the "State Court Action"), asserting the same "fraudulent transfer" cause of action pending before this Court in Count XIV of the Amended Counterclaim. On February 12, 2020, Counterclaim Defendants filed an Amended Motion to Dissolve Lis Pendens ("Motion;" Doc. 225), to which the Trust filed a response in opposition on March 4, 2020 (Doc. 234).

2. Upon review of the Trust' Response, Counterclaim Defendants seek leave to file a short reply to address new arguments and correct factual inaccuracies the Defendants raised for the first time in the Response. The main topics for such arguments are noted below, and Counterclaim Defendants believe that a reply will assist the Court in assessing and ruling upon Counterclaim Defendants' Motion.

3. Counterclaim Defendants respectfully request leave to file a reply brief, which will be no more than ten (10) pages in length, and which will be filed within seven (7) days from the date of the Court's Order.

4. Counterclaim Defendants do not intend to reargue substantive issues previously raised by the parties' respective briefs.

5. The parties met and conferred pursuant to Local Rule 3.01(g) in a good faith effort to resolve the issues raised in this Motion. The Trust opposes the relief requested herein.

# MEMORANDUM OF LAW

Pursuant to Rule 3.01(d), Local Rules of the United States District Court for the Middle District of Florida, the Court may, in its sound discretion, grant a motion to file a reply. See, e.g., EEOC v. Phillips Coll., Inc., 984 F. Supp. 1464, 1465 n.1 (M.D. Fla. 1997); In re Health Care Prods., Inc., 159 B.R. 339, 340 (M.D. Fla. 1993) (motion granted where the reply would serve the interests of justice). Counterclaim Defendants seek leave of Court to file a reply in order to respond to new contentions and factual and legal inaccuracies in the Response. Specifically, Counterclaim Defendants request leave to address: (1) the Trust's misstatements of the relevant procedural history regarding Count XIV of the Amended Counterclaim; (2) the Trust's mischaracterization of the law applicable to the issue of whether the Court possesses supplemental jurisdiction to dissolve the lis pendens and the application of that law to the material facts; and (3) the Trust's erroneous application of legal precedent governing the issue of the required nexus between the properties and the claims asserted in this case. The reply, if allowed by the Court, will be limited in scope and will only address the arguments which Counterclaim Defendants did not have the opportunity to address in their Motion, so as to fully advise the Court on the legal issues directly relevant to disposition of Counterclaim Defendants' Motion.

WHEREFORE, Counterclaim Defendants, Foodonics International, Inc. and Kevin Jacques Klempf, respectfully request the entry of an Order granting leave to file a reply of no more than ten (10) pages in length, to be filed within seven (7) days from the date of the Court's Order, as set forth herein.

Respectfully Submitted,

**ABEL BEAN LAW P.A.**

/s/ Daniel K. Bean

Daniel K. Bean, Esq.
Florida Bar No.:0015539
Primary: *dbean@abelbeanlaw.com*
Andrew J. Steif, Esq.
Florida Bar No.: 0042475
Primary: *asteif@abelbeanlaw.com*
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
Telephone: (904) 516-5423

*Attorneys for Foodonics International, Inc.
and Kevin Jacques Klempf*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 9, 2020, the foregoing was filed with the Clerk of Court by using the electronic filing system, which will serve via e-mail this filing to all counsel of record.

/s/ Daniel K. Bean
Attorney