UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC.,　)
a Florida corporation,
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　Case No. 3:17-cv-1054-J-32JRK
　　　　　　　　　　　　　　　　)
DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF　　　　)
REVOCABLE TRUST, a Florida trust,
　　　　　　　　　　　　　　　　)
　　　　Defendant.
　　　　　　　　　　　　　　　　)

DINA KLEMPF SROCHI, as Trustee　)
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Florida trust,　)
　　　　　　　　　　　　　　　　)
　　　　Counterclaim Plaintiff,
　　　　　　　　　　　　　　　　)
v.
　　　　　　　　　　　　　　　　)
FOODONICS INTERNATIONAL, INC.,
a Florida corporation, and KEVIN　　)
JACQUES KLEMPF,
　　　　　　　　　　　　　　　　)
　　　　Counterclaim Defendants.
　　　　　　　　　　　　　　　　)

**JOINT MOTION TO EXTEND**
**DISCOVERY AND DISPOSITIVE MOTION DEADLINES**

Counterclaim plaintiff, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust (the "Trust") and counterclaim defendants, Foodonics International, Inc. ("Foodonics") and Kevin Jacques Klempf, jointly move for entry of

an order modifying the Third Amended Case Management and Scheduling Order (the "Scheduling Order"; Doc. No. 180), to extend (i) discovery cutoff date from May 1, 2020 to June 30, 2020 and (ii) the dispositive and *Daubert* motions deadline from June 1, 2020 to July 1, 2020, and in support says:

1. Scheduling orders under Rule 16 may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The court may modify the schedule on a showing of good cause if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R Civ. P. 16(b) 1983 advisory committee's note; *see also In re Accutane Prods. Liabl. Litig.*, 923 F. Supp. 2d 1349, 1351 (M.D. Fla. 2013) (explaining modification requires the inability to meet the deadline despite the moving party's diligence).

2. Rule 6(b) states, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b)(1). The standard is a liberal one, and "an application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright, et al., Fed. Prac. & Proc., § 1165 at 605, 608 (2015).

3. The current discovery cutoff date is May 1, 2020, and the deadline to file dispositive and *Daubert* motions is June 1, 2020. Scheduling Order at 2.

2

4. Deposition scheduling difficulties have arisen due to the coronavirus pandemic, including scheduling difficulties with some of the third-party deponents. Accordingly, the parties will not have sufficient time under the present deadlines to complete discovery or to prepare appropriate dispositive or *Daubert* motions.

5. Furthermore, depositions are anticipated in California and other States, and some witnesses are advanced in age and thus exposed to greater risk than others. The parties have been diligently pursuing discovery but multiple upcoming depositions are with large groups of individuals attending.

6. The Parties do not approach this request lightly given the Court's prior pronouncements; however, the totality of the circumstances require this Motion.

7. Accordingly, the parties request that the Court extend (i) the discovery cutoff date to June 30, 2020, and (ii) the dispositive and *Daubert* motion deadline to July 1, 2020. The parties do not currently request any other modifications to the Scheduling Order, including the presently scheduled mediation date (May 21, 2020) or the trial date (January 11, 2021).

8. This motion is not brought to unreasonably delay the trial of this action, but instead to proactively address scheduling issues that were not foreseen when Foodonics and the Trust submitted their Case Management Report (Doc. No. 16).

WHEREFORE, the parties respectfully request an extension of (i) the discovery cutoff date to June 30, 2020 and (ii) of the dispositive and *Daubert* motion deadline to July 1, 2020.

| SMITH HULSEY & BUSEY | ABEL BEAN LAW, P.A. |
|---|---|
| By  /s/ James H. Post  <br> James H. Post <br> Michael E. Demont <br> R. Christopher Dix <br><br> Florida Bar No. 175460 <br> Florida Bar No. 364088 <br> Florida Bar No. 036988 <br> One Independent Drive, Suite 3300 <br> Jacksonville, FL 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> jpost@smithhulsey.com <br> mdemont@smithhulsey.com <br> cdix@smithhulsey.com <br><br> Attorneys for Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust | By  /s/ Daniel K. Bean*  <br> Daniel K. Bean <br> Andrew J. Steif <br><br> Florida Bar No. 15539 <br> Florida Bar No. 0042475 <br> 50 North Laura Street, Suite 2500 <br> Jacksonville, Florida 32202 <br> (904) 516-5486 <br> dbean@abelbeanlaw.com <br> asteif@abelbeanlaw.com <br><br> Attorneys for Foodonics International, Inc. and Jacques Klempf <br><br> GRAYROBINSON, P.A. <br><br> By  /s/ Grier Wells*  <br> Grier Wells <br><br> Florida Bar No.: 203238 <br> 50 North Laura Street, Suite 1100 <br> Jacksonville, Florida 32202 <br> (904)-598-9929 <br> grier.wells@gray-robinson.com <br> barbara.rude@gray-robinson.com <br><br> Attorneys for Foodonics International, Inc. and Jacques Klempf |

* Attorneys Bean and Wells have authorized their electronic signatures.

Certificate of Service

I certify that on this 16th day of March, 2020, I electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to all CM/ECF participants in this case. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: Michael G. Tanner, Esq. (mtanner@gunster.com), 225 Water Street Suite 1750, Jacksonville, Florida 32202.

                /s/ *James H. Post*
                Attorney

1064158