UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FOODONICS INTERNATIONAL, INC.,  )
a Florida corporation,
                                )
    Plaintiff,
v.                              )   Case No. 3:17-cv-1054-J-32JRK
                                )
DINA KLEMPF SROCHI, as Trustee
of the LAURA JEAN KLEMPF        )
REVOCABLE TRUST, a Florida trust,
                                )
    Defendant.
                                )


DINA KLEMPF SROCHI, as Trustee  )
of the LAURA JEAN KLEMPF
REVOCABLE TRUST, a Florida trust, )

    Counterclaim Plaintiff,     )
v.                              )

FOODONICS INTERNATIONAL, INC.,  )
a Florida corporation, and KEVIN
JACQUES KLEMPF,                 )

    Counterclaim Defendants.    )
                                )

**COUNTERCLAIM DEFENDANTS' REPLY IN SUPPORT
OF AMENDED MOTION TO DISSOLVE LIS PENDENS**

Counterclaim Defendants, Foodonics International, Inc. ("Foodonics") and Kevin Jacques Klempf (collectively, the "Counterclaim Defendants"), file this Reply in Support of their Amended Motion to Dissolve Lis Pendens ("Reply;" Doc. 225), and state:

1

The Lis Pendens[1] that the Trust recorded clearly lack a sufficient nexus to the claims asserted against Counterclaim Defendants. Moreover, the Lis Pendens are based upon claims that lack factual and legal merit and which are already being actively litigated in this lawsuit. The Motion is properly before this Court, which has jurisdiction to discharge the Lis Pendens.

The Trust contends that the Court should deny Counterclaim Defendants' Amended Motion to Dissolve Lis Pendens ("Motion") on the grounds that: (1) the Court does not possess jurisdiction over the Lis Pendens because Count XIV of the Trust's Amended Counterclaim is procedurally moot (Doc. 234, at 6-8); and (2) even if the Court does possess jurisdiction, the Trust demonstrated that there is a fair nexus between its fraudulent transfer claim and the Lis Pendens recorded against both properties (Doc. 234, at 9-13). The Trust's arguments are based upon a mischaracterization of the facts and applicable law. Accordingly, the Court should grant Counterclaim Defendants' Motion.

**I.   Count XIV of the Trust's Amended Counterclaim is not procedurally moot.**

Count XIV of the Amended Counterclaim asserts a cause of action against Counterclaim Defendants under the Florida Uniform Fraudulent Transfers Act (Fla. Stat. 726.101 *et. seq.*) and broadly encompasses alleged fraudulent transfers. (Doc. 142, ¶189). The Trust filed numerous Lis Pendens encumbering real property owned by Foodonics through the BAM Entities (Docs. 147-159; 161-163), as well as a single residential home that was not an asset of any of the Foodonics or the BAM Entities: 815 PV (Doc. 160).

The Trust claims that "Count Fourteen of the Amended Counterclaim alleged fourteen

---

[1] The Trust recorded Lis Pendens against 815 Ponte Vedra Blvd., St. Johns County ("815 PV") and 530 Ponte Vedra Blvd., St. Johns County ("530 PV") (the "Lis Pendens").

2

fraudulent transfers to the BAM Entities" and that the Court's October 10, 2019 Order granting the parties' Joint Motion and Stipulation for an Order Regarding the Interim Resolution of Issues Regarding the BAM Entities ("Joint Motion"), renders Count XIV "procedurally moot." [2] (Doc. 234, ¶¶2, 9); see also (Docs. 174-175). **This is false**. Count XIV was not dismissed as to Foodonics or Mr. Klempf. Moreover, there was a *fifteenth* specific fraudulent transfer alleged in Count XIV— the transfer of 815 PV from Foodonics to Mr. Klempf. (Doc. 142, ¶197). 815 PV was not an asset of any of the BAM Entities and was not included within the Joint Motion.

The parties were careful to expressly carve-out 815 PV from their Joint Motion. See Doc. 174, ¶4(d) (defining the "Properties" that BAM Commercial and BAM Residential held and specifically excluding 815 PV); see also id., ¶1. On October 25, 2019, following the entry of the Court's Order on the Joint Motion, the Trust discharged *all* of the Lis Pendens previously filed on August 16, 2019, including the Lis Pendens that had been filed on 815 PV. (Doc. 225-1). Nothing in the Court's Order or the parties' Joint Motion required the Trust to dissolve the Lis Pendens on 815 PV.

Count XIV of the Amended Counterclaim continues to broadly encompass the Trust's claims of fraudulent transfer against Counterclaim Defendants, and specifically addresses the Trust's allegations as to 815 PV. (Doc. 142, ¶¶189-197); see also Doc. 175, ¶3(a), ordering that the BAM Entities—and only the BAM Entities—be "dropped and dismissed as defendants from all claims in the Amended Counterclaim." Moreover, the material facts relating to 815 PV and 530

---

[2] On March 9, 2020, Counterclaim Defendants informed the Trust that they do not object to the dismissal of Count XV of the Amended Counterclaim, as the Court's October 10, 2019 Order expressly resolved the relief requested by the Trust in Count XV. (Doc. 175, ¶3b). Counterclaim Defendants objected to the dismissal of Count XIV and requested the Trust file a formal Motion for Leave to Amend the Complaint.

3

*PV have been addressed at length in this proceeding after Count XIV was dismissed as to the BAM Entities.*[3] The Trust's assertion that Count XIV is somehow procedurally moot is incorrect and misstates the procedural history of this case. Accordingly, the Court possesses supplemental jurisdiction over the Lis Pendens.

II. **The case cited by the Trust regarding the Court's jurisdiction is distinguishable and not controlling.**

The Trust asserts that the Court does not possess jurisdiction over the Lis Pendens because the Lis Pendens were filed in connection with the State Court Action. This argument utterly fails to address the fact that the fraudulent transfer claim that forms the basis of the Lis Pendens filed in the State Court Action was filed in this case *first* (Count XIV), and that claim is still pending.

The case the Trust cites, 377 Realty Partners, L.P. v. Taffarello, No. 4:05-CV-199, 2007 WL 9723954 (E.D. Tex. Jan. 8, 2007), is distinguishable both on its facts and its procedural posture. In Taffarello, a Lis Pendens was filed in a state court case. Id. at *1. The state court, in its final order, directed that a notice of the settlement agreement be filed on the real property records, which was done. Id. at *2. After the completion of the state court action, one of the parties filed a lawsuit in federal court requesting that the Lis Pendens be discharged. Id. The federal court, while informing the parties that the Lis Pendens had already been released, stated that the court that heard the original action should dissolve the Lis Pendens. Id. at *3.

---

[3] Since the dismissal of the BAM Entities, the Trust repeatedly addressed 815 PV, 530 PV, assets owned by the Jacques Klempf Living Trust (a Defendant in the State Court Action), and any other properties owned by Counterclaim Defendants in discovery directed to Counterclaim Defendants. See, e.g., Trust's Second Request for Production to Foodonics, attached hereto as **Exhibit A**, at Request Nos. 10-14, 19, 21-25; Trust's Second Request for Production to Jacques Klempf, attached hereto as **Exhibit B** (same); Excerpt of January 20, 2020 Deposition of Jacques Klempf, attached hereto as **Exhibit C**, at 6:25-15:13; Excerpt of March 10, 2020 Deposition of Jacques Klempf, attached hereto as **Exhibit D**, at 448:13-451:2 (cross); 471:16-473:17 (re-direct).

Two points can be taken from Taffarello. First, it is not "directly on point," as the Trust asserts (Doc. 237, at 7), because it did not involve facts that even remotely resemble those presented in this case. Taffarello merely declined to enforce the state court's final judgment, which happened to include a release of Lis Pendens, over which the state court retained jurisdiction.

Second, Tafarello holds that "a motion [to dissolve a Lis Pendens] should be presented to the state court that originally heard the matter dealing with the property at issue." 377 Realty Partners, L.P. v. Taffarello, No. 4:05-CV-199, 2007 WL 9723954, at *3 (E.D. Tex. Jan. 8, 2007). To the extent Taffarello is even applicable, *the Trust presented the issue of alleged fraudulent transfers from Foodonics to other entities and to Jacques Klempf to this Court first*. Thus, under Taffarello, this Court is the appropriate forum to release the Lis Pendens because it is the Court to originally hear the matter dealing with the properties at issue. Following the Trust's argument to its logical conclusion, the real question that should be asked is why the *state court* should exercise jurisdiction over Lis Pendens that clearly should have been filed in this litigation.

**III.    The Court should exercise its discretion and discharge the Lis Pendens.**

The Trust contends that the Court should not exercise its discretion and discharge the Lis Pendens because: (1) discharging the Lis Pendens will somehow delay this case; and (2) the state court can discharge the Lis Pendens itself. (Doc. 234, at 9). The Trust's choice to file Lis Pendens in a duplicative state court action while this case is pending created unnecessary procedural and jurisdictional difficulty that appears designed to deprive Counterclaim Defendants of a forum in which to have its argument to discharge the Lis Pendens heard. Thus, the Court should discharge the Lis Pendens.

**A.  There will be no delay to this case if the Court discharges the Lis Pendens.**

The Trust argues that exercising its jurisdiction in order to dissolve the Lis Pendens would

delay this case. (Doc. 234, at 9). There is absolutely no basis to justify this assertion, and the Trust's statement directly contradicts its representations to the Special Master regarding this issue on February 18, 2020. See Excerpt of Special Master Hearing Transcript, at 4:11-5:12, attached hereto as **Exhibit E**. All of the relevant briefing and discovery (including multiple depositions) that relate to the Lis Pendens issues have already been completed, *in this action*.

### B. The State Court Action will likely be stayed without discharging the Lis Pendens.

The Trust states that "the Florida state court is fully capable of addressing the substantive issues of the Florida Lis Pendens raised in the Motion to Dissolve." (Doc. 234, at 9). Counterclaim Defendants do not question that Florida's state courts are capable of interpreting Florida Lis Pendens law; however, because this action was filed first and involves substantially similar parties and claims, well-established case law establishes that the state court will likely defer to this Court and wait to address any claims raised by the Trust in the state court proceedings until this litigation is resolved. See Fla. Crushed Stone Co. v. Travelers Indem. Co., 632 So. 2d 217, 220 (Fla. 5th DCA 1994) ("[I]t is … an abuse of discretion to refuse to stay a subsequently filed state court action in favor of a previously filed federal action which involves the same parties and the same or substantially similar issues. This rule is based on principles of comity.") (internal citations omitted); see also Motion to Dismiss or Stay Proceedings,[4] attached hereto as **Exhibit F**.

What is unclear, however, is whether the state court would address a motion to discharge the Lis Pendens prior to staying the proceedings. Should the state court decline to dissolve the Lis Pendens, Counterclaim Defendants will be unable to discharge the Lis Pendens during the

---

[4] Counterclaim Defendants' Motion to Stay is currently set for hearing in the state court on June 2, 2020.

pendency of this case. In other words, the Trust will achieve the result it has repeatedly attempted to obtain since August 2019—encumbering Mr. Klempf's real property for the purpose of satisfying a potential money damages judgment in this case that is has not obtained. The Trust is manipulating well-respected principles of comity to abuse the Lis Pendens mechanism and achieve a result to which it is not entitled. This should not be permitted, and the Court should exercise its discretion to discharge the improperly filed Lis Pendens.

IV. **The Trust has not demonstrated that there is a fair nexus between 815 PV and 530 PV and its fraudulent transfer claims.**

The Trust improperly treats 815 PV and 530 PV as if they are the same real property (referring to 815 PV and 530 PV as the "Foodonics/Jacques Klempf Luxury Properties"). 815 PV and 530 PV are distinct, separate real properties with different facts related to both their ownership history and the "transfers" that the Trust contends are fraudulent. The Trust must be able to establish a "fair nexus" between each property and the claims asserted individually.

A. **815 PV**

The Trust asserts that it has satisfied the fair nexus test with respect to both properties because, if it is successful, the state court could impose a constructive trust or equitable lien on the properties, thereby "affecting" the legal or equitable title of the properties. (Doc. 234, at 13). This misconstrues what is required by Section 48.23 and the fair nexus test. The fair nexus test requires that the party filing the Lis Pendens demonstrate a good faith, viable claim for apparent legal or equitable ownership in the property based upon the dispute raised in the lawsuit. See Chiusolo v. Kennedy, 614 So. 2d 491, 492 (Fla. 1993); India America Trading Co., Inc. v. White, 896 So. 2d 859, 860 (Fla. 3rd DCA 2005). In this case, the fraudulent transfer the Trust asserts must somehow demonstrate that the Trust has a good faith, viable claim for legal or equitable ownership in

7

815 PV. "*[A] lien which may result after a judgment provides no basis for the filing of a Lis Pendens notice.*" DeGuzman v. Balsini, 930 S. 2d 752, 755 (Fla. 5th DCA 2006) (emphasis added).

Here, the Trust does not have a specific legal or equitable claim to title for 815 PV. In other words, the Trust has no interest in the real property itself that the Lis Pendens is designed to protect. Rather, the Trust's sole argument appears to be that the Lis Pendens it has filed creates an interest in 815 PV that could affect legal title. This is insufficient as a matter of law to demonstrate a fair nexus between 815 PV and the fraudulent transfer claim.

### B. 530 PV

All of Counterclaim Defendants' arguments made with respect to 815 PV above are equally applicable to 530 PV. Furthermore, the Trust fails to make any argument that there is a fair nexus between 530 PV and its fraudulent transfer claim. The reason for that is simple—*there has been no transfer*. 530 PV has never been an asset of Foodonics. It has only ever been titled in Jacques Klempf's name, singly or jointly, since 2008. See Warranty Deeds, attached hereto as **Composite Exhibit G**. Jacques Klempf put the 530 PV home up for sale on the open market. The Trust makes no effort to allege what fraud Jacques Klempf has effectuated by putting a home that he owns individually up for sale on the open market. On its face, this act on its own does not satisfy a single factor set out in § 726.105, Florida Statutes. Thus, the Lis Pendens should be discharged.

### V. The primary focus of the Amended Counterclaim and the State Court action is the recovery of money damages.

The Trust claims that it seeks more than money damages in the State Court Action, because, if it succeeds on its fraudulent transfer claims, the state court could grant equitable relief. The Trust's argument elevates form over substance. Although the Trust seeks equitable relief in the State Court Action (as it does in Count XIV of the Amended Counterclaim), the primary focus of

both cases is to preserve 815 PV and 530 PV as assets to satisfy a potential money judgment against Counterclaim Defendants based upon the Trust's legal claims for money damages in excess of $23 million for alleged breach of contract, breach of fiduciary duty, fraud, and securities violations. See Doc. 142 (Counts I – XIII); Doc. 225-2, ¶20. In fact, the Trust requests money damages related to 815 PV and 530 PV to satisfy its underlying claims set out in Counts I through XIII of the Amended Counterclaim no less than six (6) times:

- Requesting an attachment or levy of execution on the 815 PV and 530 PV properties "***to satisfy the claim of the Jean Klempf Trust, in whole or in part***." Doc. 225-2 Count I ad damnum clause (emphasis added);
- Requesting a money judgment against Foodonics, Jacques Klempf, and Jacques Klempf's Living Trust if Jacques Klempf fails to turn over the properties or proceeds "***in satisfaction of the claims of the Jean Klempf Trust***." Doc. 225-2 Count I ad damnum clause (emphasis added);
- Requesting a money judgment against Foodonics and Jacques Klempf if they fail to turn over the properties or proceeds to the Trust. Doc. 142 Count XIV ad damnum clause;
- Noting that 530 PV "is also an asset that could be used ***to satisfy, in part, the claims being asserted against Jacques Klempf or Foodonics in the Federal Action***." Doc. 225-2, ¶24 (emphasis added);
- Demanding a money judgment against Foodonics, Jacques Klempf, and Jacques Klempf's Trust in an amount in excess of $5,100,000, the estimated value of 815 PV. Doc. 225-2 Count II ad damnum clause; and
- Asserting an additional claim for money damages against Foodonics, Jacques Klempf, and Jacques Klempf's Trust in the event 530 PV is sold. Doc. 225-2, ¶32.

Similarly, the Trust all but admits that its only concern is to preserve a substantial source of funds to satisfy a potential money judgment in its Response. See Doc. 234, at 16 ("[T]he Trust does not oppose the sale of the 530 Property if the net sale proceeds are held pending further Order of the Court with appropriate jurisdiction.").

By contrast, the Trust fails to allege, either in the Amended Counterclaim or the State Court Action, any facts that would tend to support the imposition of an equitable lien or constructive trust against either 530 PV or 815 PV. The Trust's pleadings demonstrate that it has no true interest

9

in the properties themselves. Rather, the primary focus of both the Amended Counterclaim and State Court Action is "to attach the properties before the judgment is rendered." Pushko v. Klebener, No. 3:05-CV-211-J-25HTS, 2006 WL 7994718, at *2 (M.D. Fla. Feb. 7, 2006). This is an impermissible use of the Lis Pendens.

**VI.    Alternatively, the Court should require the Trust to post a bond.**

Counterclaim Defendants respectfully submit that sufficient evidence exists to support the imposition of a bond and that the damages averred in Mr. Klempf's affidavits are not speculative. See Docs. 167-1, 225-4. Counterclaim Defendants would further note that Zokaites v. 3236 NE 5th Street, Inc., No. 07-60670-CIV, 2007 WL 9706338 (S.D. Fla. Nov. 13, 2007) does not hold that "[t]he owner of the property identified in the notice of Lis Pendens cannot demonstrate damages merely by arguing that the notice of Lis Pendens prevented the sale of the property." (Doc. 234, at 18). Zokaites only stated that evidence of lost sales was not an appropriate measure of damages when there was evidence that the value of property had increased while the Lis Pendens was placed on the property. Zokaites, 2007 WL 9706338 at *4. There is no evidence on the record to suggest that the value of either 815 PV or 530 PV have increased. Thus, Zokaites is inapposite.

Notwithstanding the foregoing, in the event that the Court does not discharge the Lis Pendens, Counterclaim Defendants respectfully request that the Court set an evidentiary hearing to allow for the submission of evidence regarding the amount of a bond to be posted by the Trust to maintain the Lis Pendens.

WHEREFORE, Counterclaim Defendants respectfully request the entry of an Order discharging the Lis Pendens or, in the alternative, setting an evidentiary hearing to determine the amount of a bond to be posted by the Trust to maintain the Lis Pendens.

Respectfully Submitted,

**ABEL BEAN LAW P.A.**

/s/ Daniel K. Bean
Daniel K. Bean, Esq.
Florida Bar No.:0015539
Primary: *dbean@abelbeanlaw.com*
Andrew J. Steif, Esq.
Florida Bar No.: 0042475
Primary: *asteif@abelbeanlaw.com*
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
Telephone: (904) 516-5423

*Attorneys for Foodonics International, Inc.*
*and Kevin Jacques Klempf*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2020, the foregoing was filed with the Clerk of Court by using the electronic filing system, which will serve via e-mail this filing to all counsel of record.


/s/ Daniel K. Bean
Attorney