# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| FOODONICS INTERNATIONAL, INC., a Florida corporation, | ) ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:17-cv-1054-J-32JRK |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Florida trust, | ) ) ) ) |
| Defendant. | ) ) |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Florida trust, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| v. | ) |
| FOODONICS INTERNATIONAL, INC., a Florida corporation, KEVIN JACQUES KLEMPF, | ) ) ) |
| Counterclaim Defendants. | ) ) |

**SECOND REQUEST FOR PRODUCTION TO
<u>COUNTERCLAIM DEFENDANT KEVIN JACQUES KLEMPF</u>**

Counterclaim plaintiff, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust (the "Laura Jean Klempf Trust" or the "Trust"), pursuant to Rule 34, Federal Rules of Civil Procedure, requests that counterclaim defendant, Kevin Jacques Klempf, produce for inspection and copying the documents and

electronically stored information described below at the law offices of Smith Hulsey & Busey, One Independent Drive, Suite 3300, Jacksonville, Florida 32202, within 30 days of the date of service of this request.

## Definitions

As used herein:

1. "BAM Commercial" refers to BAM Commercial Holdings, LLC, its officers, directors, affiliates, subsidiaries, employees, agents, attorneys, and representatives.

2. "BAM Residential" refers to BAM Residential Holdings, LLC, its officers, directors, affiliates, subsidiaries, employees, agents, attorneys, and representatives.

3. "BAM Investment" refers to BAM Investment Group, LLC, its officers, directors, affiliates, subsidiaries, employees, agents, attorneys, and representatives.

4. The "BAM Entities" refers, collectively, to BAM Commercial, BAM Residential and BAM Investment.

5. "Cal-Maine" refers to Cal-Maine Foods, Inc., its officers, directors, affiliates, subsidiaries, employees, agents, attorneys, and representatives.

6. The "Cal-Maine Sale" refers to the sale of the Assets of Foodonics to Cal-Maine on or about October 16, 2016.

7. "Dennis Blackburn" refers to Dennis L. Blackburn, his employees, agents, entities, affiliates, attorneys, and representatives.

8. "Document(s)" shall have the same meaning as in Rule 34, Federal Rules of Civil Procedure and shall include, without limiting the generality of the foregoing, correspondence, contracts, agreements, leases, memoranda, notes, calendar and diary entries, memoranda or notes of conversations and of meetings, studies, reports, offers, inquiries, bulletins, summaries, newsletters, compilations, charts, graphs, photographs, film, microfilm, articles, announcements, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, opinions, certificates, transcripts and all other tangible things upon which any handwriting, typing, printing, drawings, representation, magnetic or electrical impulses or other form of communication is recorded, now or at any time in your possession, custody or control,

2

including but not limited to the originals (or any copy when originals are not available) and drafts of documents and all copies that are different in any way from the original.

9. "Dolph Baker" refers to Adolphus B. Baker, Chairman, Chief Executive Officer and President of Cal-Maine Foods, Inc., his employees, agents, entities, affiliates, attorneys, and representatives.

10. "Dream Team Analysis" refers to the documents attached as Exhibit C to the Amended Answer and Affirmative Defenses to the Complaint and Amended Counterclaim filed in this Litigation on August 12, 2019 (Doc. No. 142) and all versions of the Dream Team Analysis, including drafts, revisions or modifications.

11. "ESI" means electronically stored information in all forms in which it is stored and communicated, and has the same meaning as in Rule 34, Federal Rules of Civil Procedure. ESI specifically includes emails, word processing files, electronic documents, spreadsheets, presentations, databases, images, movies, audio files, voicemails, text messages, and any other information stored on any computer, laptop, tablet, cell phone, smartphone, external hard drive USB drive, cd drive, dvd drive, backup drive, SharePoint site, file server, or in any remote or "cloud"-based system or location, including Dropbox. ESI specifically includes all of the following electronic file types: *.msg, *.pst, *.eml, *.jpg, *.tif, *.gif, *.mov, *.mpg, *.mpeg, *.wmv, *.avi, *.wav, *.mp3, *.doc, *.docx, *.wpd, *.xls, *.xlsx, *.ppt, *.pptx, *.mdb and *.pdf. ESI also includes social media data, including information stored by you or communicated by you through Facebook, Twitter, LinkedIn, Skype and blogs. ESI also includes business or personal email accounts such as Yahoo Mail, Gmail, Hotmail, Outlook.com, AOL mail and other web-based email services.

12. "Financial Information" refers to any record of the financial activities of a business, person, or other entity, including, but not limited to, income statements, balance sheets, statements of financial positions, profit and loss reports, statements of revenue and expense, cash flow statements, audited financial statements, and compilations of financial information.

13. "Foodonics" refers to Plaintiff/Counterclaim Defendant, Foodonics International, Inc. doing business as Dixie Egg Co., its officers, directors, affiliates, subsidiaries, employees, agents, attorneys, and representatives.

14. "Foodonics' Assets" or "Assets" refers to any or all of the assets of Foodonics in existence between September 1, 2008 and December 31, 2016 including, but not limited to, (i) the egg production assets of Foodonics and its related entities and/or (ii) Foodonics' interest in American Egg Products, LLC and the Egg-Land's Best franchise with licensing rights for portions of certain markets in Alabama, Florida, and Georgia as well as Puerto Rico, Bahamas and Cuba.

15. "Foodonics Complaint" means the complaint filed by Foodonics in the referenced action on September 6, 2017, and any amendments thereto.

16. "Foodonics' Stock" or "Stock" refers to all Class A Voting Shares and Class B Non-Voting Shares of Foodonics in existence between September 1, 2008 and December 31, 2016.

17. The "Jacques Klempf Living Trust" refers to the Kevin Jacques Klempf Living Trust Under Agreement Dated June 28, 2012 and Restated in its Entirety on June 21, 2018.

18. The "Klempf Declaration" refers to the Declaration of Jacques Klempf dated August 30, 2019 (Doc. No. 167-1).

19. "Laura Jean Klempf" refers to Laura Jean Klempf, her employees, agents, entities, affiliates, attorneys and representatives.

20. "Marc Klempf" refers to Marc E. Klempf, his employees, agents, entities, affiliates, attorneys, and representatives.

21. The term "Litigation" or "Lawsuit" means the above-captioned case.

22. The "Redemption Sale" refers to the redemption transaction on the Settlement and Redemption Agreement which was closed on December 31, 2015.

23. "Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way to pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents or information that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

24. The "Settlement and Redemption Agreement" refers to the Settlement and Redemption Agreement entered into as of December 21, 2005 by and among Foodonics; Jacques Klempf; Laura Jean Klempf, individually; Laura Jean Klempf, in her capacity as Trustee of, and on behalf of, the Laura Jean Klempf Revocable Trust dated April 1, 1992, as Amended (the "Seller"); Jacques Klempf and Laura Jean Klempf as Trustees of the Family Trust under the Edward Klempf Revocable Trust Agreement dated April 1, 1992; Dina Klempf Srochi; and Marc Klempf.

25. "SMK" refers to Sheldrick, McGehee & Kohler, LLC, its officers, directors, affiliates, subsidiaries, employees, agents, attorneys, and representatives.

26. "Trust" or "Defendant" refers to Dina Klempf Srochi, including but not limited to in her capacity as Trustee of the Laura Jean Klempf Trust dated April 1, 1992.

27. "You" or "Your" refers to Counterclaim Defendant Kevin Jacques Klempf, his employees, agents, entities, affiliates, attorneys, and representatives.

28. The singular includes the plural, the past tense includes the present tense, and vice versa; the words "and" and "or" should be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be construed to be outside their scope; the word "all" means "any and all"; the word "any" means "any and all"; and the word "including" means "including, without limitation."

29. The "relevant time period" shall mean September 1, 2008 through the date of this request (the "Request").

## Instructions

1. These discovery requests are continuing in nature so as to require You to file supplementary responses if You obtain new or different information up to and including the time of trial of this action.

2. Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, in the event that any document or ESI called for by a request is withheld by You on the basis of claim of privilege, please identify that document or ESI by stating: (a) any addressor or addressee, (b) matter, number of pages, and attachments or appendices, (c) all persons to whom the document or ESI was distributed, shown or explained, (d) its present custodian, and (e) the nature of the privilege asserted.

3. If any responsive document or ESI is no longer in existence, cannot be located, or is not in Your possession, custody, or control, identify it, describe its subject matter, and describe its disposition, including, without limitation, identifying the person having knowledge of the disposition.

4. In each of Your responses to these discovery requests, You are requested to provide not only such information as is in Your possession, but all information as is reasonably available to You or Your attorneys and other agents. In the event that You are able to provide only part of the information called for by any discovery request, please provide all of the information You are able to provide and state the reason for Your inability to provide the remainder.

5. Produce ESI in native or near-native format, and do not convert ESI to an imaged format (e.g., *.TIF or *.PDF). Native format requires production in the

same format in which the ESI was customarily created, used and stored by you. Near-native format requires production of native format ESI so that the content and metadata are electronically accessible. If the native or near-native format is not compatible with a Microsoft Office Suite software program or application, you should provide a description of a software program or application that may be used to access and view the ESI.

6. Documents should be produced in searchable *.PDF format with logical unitization and family relationships preserved.

7. No potentially discoverable information contained on your computer systems should be deleted or modified and procedures that may affect such data should not be performed unless all potentially discoverable data has been copied and preserved. The data to be preserved includes not just active data, but archival, backup and residual data.

8. All drafts or versions of documents and ESI should be produced in addition to the final document or ESI. All documents and ESI containing written notations, comments, edits or marginalia, or which are in any way different from the original should be produced in addition to the original.

9. In response to this Request, You are required to furnish all information and documents in Your possession, custody or control, or in the possession, custody or control of Your past or present agents, attorneys, accountants, advisors, employees, or any other persons acting on Your behalf.

## Documents and ESI Requested

1. All documents and ESI exchanged between You (including Your counsel) and any of the following persons on or after January 1, 2017:

    a. <u>Dolph Baker</u>

        (i) Email ([dbaker@cmfoods.com](mailto:dbaker@cmfoods.com))

    b. <u>Sherman Miller</u>

        (i) Email ([smiller@cmfoods.com](mailto:smiller@cmfoods.com))

    c. <u>Rob Holladay</u>

        (i) Email ([rholladay@cmfoods.com](mailto:rholladay@cmfoods.com))

d. <u>Mark Cunningham</u>

   (i)   Email (mcunningham@joneswalker.com)

e. <u>Dick Still</u>

   (i)   Email (dstill@dixieegg.com)
   (ii)  Email (rstill@comcast.net)

f. <u>Robert Haile</u>

   (i)   Email (rhaile@BBandT.com)

g. <u>Ryan Tiedeberg</u>

   (i)   Email (rtiedeberg@BBandT.com)

h. <u>Matt Turner</u>

   (i)   Email (mturner@BBTscottstringfellow.com)

i. <u>Todd Bishop</u>

   (i)   Email (TWBishop@BBandT.com)

j. <u>Ejnar Knudsen</u>

   (i)   Email (eknudsen@agrpartners.com)
   (ii)  Email (EK@AGRpartners.com)

k. <u>Cecil Gibson</u>

   (i)   Email (Cecil.Gibson@amerisbank.com)

l. <u>Jess Wright</u>

   (i)   Email (jwright@smki.net)

m. <u>Steve Rosenbloom</u>

   (i)   Email (srosenbloom@smki.net)

n. <u>Alexandria Klempf</u>

   (i)   Email (aklempf@bamjax.com)
   (ii)  Email (alexandria.klempf@colorado.edu)

(iii)   Email (alexandria.klempf001@umb.edu)
                (iv)    Email (alexandria@wineloungeconcepts.com)
                (v)     Email (aklempf@gmail.com)
                (vi)    Email (klempf@colorado.edu)
                (vii)   Email (chiquitab3724@aol.com)

        o.      Julianne Klempf

                (i)     Email (jklempf@gmail.com)
                (ii)    Email (jklempf@rollins.edu)

        p.      Heather Klempf

                (i)     Email (hklempf6@gmail.com)
                (ii)    Email (lilpnut938@aol.com)

        q.      Marc Klempf

                (i)     Email (mklempf@gmail.com)
                (ii)    Email (panerabooks@gmail.com)
                (iii)   Email (ctedge@gmail.com)

        r.      Andy Bowers

                (i)     Email (aebgeorgia@aol.com)

        s.      Glenn Hickman

                (i)     Email (ghickman@hickmanseggs.com)
                (ii)    Email (ghickman@hickmaneggs.com)

        t.      Charlie Lanktree

                (i)     Email (clanktree@eggland.com)
                (ii)    Email (clanktree@egglands.com)

    that relate to any of the following subjects:

        a.      this Litigation.

        b.      the Redemption Sale.

        c.      the Settlement and Redemption Agreement.

        d.      the Cal-Maine Sale.

e. the Dream Team Analysis.

f. Laura Jean Klempf or the Jean Klempf Trust.

g. Dina Klempf or Dennis Blackburn.

h. SMK.

i. both (i) You or Foodonics and (ii) Dolph Baker or Cal-Maine.

j. both (i) You or Foodonics and (ii) AGR Partners, Opal Foods, or Ejnar Knudsen.

k. the value of Foodonics' Assets on or any time after January 1, 2015.

l. the value of Foodonics' Stock on or any time after January 1, 2015.

2. All non-disclosure or similar confidentiality agreements (including drafts) to which You or Foodonics was a party from 2009 to date.

3. All valuation reports prepared by SMK related to You or Foodonics from 2005 to the date of this Request (excluding the SMK Valuation Reports dated March 31, 2002, March 31, 2004 and September 30, 2015).

4. All Documents and ESI showing the distributions made to each Foodonics shareholder from January 1, 2010 through December 31, 2018 including all checks, cancelled checks, wire transfer documentation or any other related or supporting Documents or ESI.

5. All Documents and ESI relating to the forgiveness of debt owed to Foodonics by You or any Trust for Your benefit from January 1, 2015 to December 31, 2018.

6. All Documents and ESI relating to the forgiveness of debt owed to Foodonics from Alexandria Klempf, Julianne Klempf, Heather Klempf or any Trust for their respective benefit from January 1, 2015 to December 31, 2018.

7. All Documents and ESI relating to (i) all funds Foodonics received in connection with the Cal-Maine Sale and (ii) Foodonics' use or distribution of all such funds from October 1, 2016 through January 31, 2017 including all checks, cancelled checks, wire transfer documentation or any other related or supporting Documents or ESI.

8. All Financial Statements or other schedules prepared by You or on Your behalf showing Your assets and liabilities from January 1, 2017 through the date of this Request.

9. All federal tax returns, including all schedules, attachments and work sheets filed or prepared by You or on Your behalf, individually, for tax years 2014 through 2018.

10. All Documents and ESI that relate to the alleged transfer by Foodonics to the Jacques Klempf Living Trust of the oceanfront home at 815 Ponte Vedra Boulevard as described in paragraph 15 of the Klempf Declaration including the statements that:

(i) "[i]n repayment of a debt that Foodonics owed me personally, the 815 Ponte Vedra Blvd. property was titled in the name of the Kevin Jacques Klempf Living Trust";

(ii) "this was anticipated to occur before the Trust asserted its claims"; and

(iii) "property on which the house is built was an asset of Foodonics in 2015, before the Agreement was executed. The Trust was aware of the 815 Ponte Vedra property prior to the execution of this Agreement."

11. A copy of the Jacques Klempf Living Trust and all amendments or modifications from 2012 to the date of this Request.

12. All Documents and ESI which identify the assets of the Jacques Klempf Living Trust and the value of such assets from January 1, 2015 to the date of this Request.

13. All Financial Statements, general ledgers, balance sheets or other schedules prepared by or on behalf of Foodonics showing its assets and liabilities from January 1, 2017 through the date of this Request.

14. All Documents and ESI identifying the assets of Foodonics during the period of December 1, 2016 to the date of this Request, and the value of each such asset.

15. All tax returns, including all schedules, attachments, and worksheets, prepared by or on behalf of Foodonics for tax years 2017 and 2018.

16. All general ledgers of Foodonics from January 1, 2010 to the date of this Request.

17. All budgets, projections, and forecasts prepared by or on behalf of Foodonics from January 1, 2010 to the date of this Request.

18. All Documents and ESI relating to patronage distributions or other income received by Foodonics from Eggland's Best from January 1, 2010 to December 31, 2016.

19. All Documents and ESI showing or relating to the values of all Foodonics's investments in other entities or properties from January 1, 2010 to the date of this Request.

20. All Documents and ESI showing or relating to the values of all marketable securities owned by Foodonics from January 1, 2010 to the Date of this Request.

21. All appraisals of property owned by Foodonics with appraisal dates from January 1, 2010 through the date of this Request.

22. All lists of fixed assets owned by Foodonics from January 1, 2010 through December 30, 2014, January 1, 2015 through September 30, 2015, and January 1, 2016 through the date of this Request

23. All lists of notes payable of Foodonics from January 1, 2015 through September 30, 2015.

24. All Documents and ESI identifying the value of Foodonics' remaining assets after the Redemption Sale.

25. All Documents and ESI identifying the transfer of Foodonics' assets to any person or entity after the Redemption Sale.

26. All Documents and ESI showing loans made by Foodonics (and/or any of its affiliates) to any Foodonics' shareholder from January 1, 2010 through December 31, 2018.

27. All Documents and ESI referring or relating to the valuations for Dixie Egg based on (i) "Price/Bird" or (ii) "EBITDA" as set forth in each version of the Dream Team Analysis.

28. All Documents and ESI identifying the assets of each of the BAM Entities during the period of January 1, 2016 to date, and the value of each such asset.

29. All Documents and ESI establishing or relating to any agreements between any of the BAM Entities on the one hand, and You or Foodonics on the other hand.

30. All Documents and ESI relating to any letter of intent, negotiation and/or agreement to sell, dispose and/or otherwise transfer any asset of any of the BAM Entities from January 1, 2016 to the date of this Request.

31. All diagrams, organizational charts or ownership charts reflecting all affiliates and entities related to You and/or Foodonics between January 1, 2015 to the date of this Request.

32. All diagrams, organizational charts or ownership charts reflecting all affiliates and entities related to each of the BAM Entities between January 1, 2016 to the date of this Request, including all Documents and ESI reflecting changes or proposed changes to the ownership structure of any of the BAM Entities.

33. All Documents and ESI reflecting the members of Foodonics Equities II, LLC from January 1, 2015 to the date of this Request.

34. All Documents and ESI reflecting the members of Foodonics Equities, LLC from January 1, 2015 to the date of this Request.

35. All Documents and ESI reflecting (i) the identity of each member of each of the BAM Entities from 2016 to the date of this Request, and (ii) the amount of each member's ownership interest.

36. All operating agreements for each of the BAM Entities from 2016 to the date of this Request.

37. All Documents and ESI referring or relating to (i) all transfers, gifts, redemptions or sales of Foodonics' Stock between January 1, 2016 through December 1, 2019, and (ii) the value or price per share in connection with each such transfer.

38. All insurance certificates, insurance policies and other documents relating to insurance coverage referencing or related to You or Foodonics in connection with or related to any claim or defense in this Litigation.

39. All documents and ESI in the possession of You or Your attorneys that relate to any agreement, or potential agreement, with any fact witness or potential fact witness in this Litigation.

40. All affidavits and statements in the possession of You or Your attorneys from any and all persons relating to this Litigation.

SMITH HULSEY & BUSEY

By: /s/ *James H. Post*
    James H. Post
    Michael E. Demont
    R. Christopher Dix

Florida Bar Number 0175460
Florida Bar Number 0364088
Florida Bar Number 0036988
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com
mdemont@smithhulsey.com
cdix@smithhulsey.com

Attorneys for Dina Klempf Srochi, as
   Trustee of the Laura Jean Klempf
   Revocable Trust

Certificate of Service

I certify that on December 23, 2019, a copy of this document has been furnished by email to:

| | |
|---|---|
| S. Grier Wells, Esq.<br>GrayRobinson, P.A.<br>50 North Laura Street, Suite 1100<br>Jacksonville, Florida 32202<br>grier.wells@gray-robinson.com<br>barbara.rude@gray-robinson.com | Daniel K. Bean, Esq.<br>Abel Bean Law P.A.<br>50 North Laura Street, Suite 2500<br>Jacksonville, Florida 32202<br>dbean@abelbeanlaw.com<br>asteif@AbelBeanLaw.com |

                                              */s/ James H. Post*
                                                 Attorney

1042343.3