UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| FOODONICS INTERNATIONAL, INC., a Florida corporation, | ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:17-cv-1054-J-32JRK ) |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Florida trust, | ) ) ) |
| Defendant. | ) ) |
| DINA KLEMPF SROCHI, as Trustee of the LAURA JEAN KLEMPF REVOCABLE TRUST, a Florida trust, | ) ) ) |
| Counterclaim Plaintiff, | ) |
| v. | ) |
| FOODONICS INTERNATIONAL, INC., a Florida corporation, and KEVIN JACQUES KLEMPF, | ) ) ) |
| Counterclaim Defendants. | ) ) |

**COUNTERCLAIM PLAINTIFF'S SUR-REPLY
TO MOTION TO DISSOLVE LIS PENDENS**

Counterclaim plaintiff Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable Trust (the "Trust"), files this sur-reply to Counterclaim Defendants' Reply in Support of Amended Motion to Dissolve Lis Pendens (the "Reply"; Doc. No. 242).

## I. The Fraudulent Transfer Claim pending in the State Court Action as to the 815 Property is not "duplicative" of the fraudulent transfer claims which had been asserted in Count Fourteen of the Trust's Amended Counterclaim.

The Reply is based on the erroneous contention that the fraudulent transfer claim filed in the State Court Action as to the 815 Property is "duplicative" and "already being actively litigated in this lawsuit." Reply at 2, 5. This is 100% wrong.

Count Fourteen of the Amended Counterclaim asserted 14 fraudulent transfers of property from the Foodonics Parties to the BAM Entities which occurred between February 16, 2017 and June 4, 2018. By stipulation, the parties agreed that the BAM Entities will be jointly and severally liable for any judgment entered against the Foodonics Parties in the Federal Court Action. As a result, this Court entered an Order authorizing the BAM Entities to be dropped as parties and directing that all related lis pendens be discharged (including the lis pendens relating to the 815 Property) (the "Dismissal Order"; Doc. No. 175).

In regard to the 815 Property, Count Fourteen of the Trust's proposed Amended Counterclaim specifically alleged that it would be seeking injunctive relief to prevent a prospective fraudulent transfer of the 815 Property, which was then a Foodonics asset. In connection with that prospective fraudulent transfer, the Trust filed a related notice of lis pendens. However, Foodonics took advantage of the inherent procedural delay between the time that the Trust filed its motion to amend the Counterclaim and the entry of the order granting the amendment by making a fraudulent transfer of the 815 Property to the Kevin Jacques Klempf Living Trust (the "Jacques Klempf Trust").[1] As a result, once this

---
[1] Notably, the Jacques Klempf Trust is not a party to the Federal Court Action but, as the transferee of the 815 Property, is a party to the State Court Action.

fraudulent transfer was made, the Court had no opportunity to adjudicate the Trust's claim for injunctive relief as to the 815 Property and the claim became moot.

The Trust, not wanting to delay the prosecution of its Counterclaim in this case with another motion to amend, commenced the State Court Action to obtain relief under Florida law as to this new fraudulent transfer—the transfer of 815 Property from Foodonics to the Jacques Klempf Trust.

Accordingly, the new fraudulent transfer claim being asserted by the Trust in the State Court Action is not "duplicative" of any of the claims which had been asserted in Count Fourteen of the Amended Counterclaim, all of which are now moot.

## II. The Reply fails to rebut the fundamental principles of jurisdictional law applicable to this case which preclude a federal court from acting outside its statutory subject-matter jurisdiction.

The Reply makes no effort to rebut the fundamental constitutional principles of law applicable to this case, to wit: a federal court acting outside its statutory subject-matter jurisdiction (i) violates the fundamental constitutional precept of limited federal power, (ii) unconstitutionally takes the powers reserved to the states to determine the controversies in their own courts, and (iii) offends fundamental principles of separation of powers. *See Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409–10 (11th Cir. 1999).

In addition, the Reply makes no effort to rebut the jurisdictional principle of law that the Court presiding over the action which created the lis pendens has exclusive jurisdiction to adjudicate its discharge or validity. *See 377 Realty Partners, L.P. v. Taffarello*, No. 4:05-CV-199, 2007 WL 9723954, at *3 (E.D. Tex. Jan. 8, 2007); *see also U.S. Bank Nat. Ass'n v. Quadomain Condo. Ass'n, Inc.*, 103 So.3d 977, 979–80 (Fla. 4th DCA 2012).

Instead of addressing these fundamental jurisdictional principles, the sole argument in the Reply is that the holding of *377 Realty* should be ignored because it is distinguishable on "its facts and its procedural position." Reply at 4. This argument should be rejected for two reasons:

1. First, as noted above, this argument is based on the erroneous contention that the fraudulent transfer claim in the State Court Action is "duplicative" and "already being actively litigated" in Count Fourteen of the Amended Counterclaim. *See* Reply at 2, 5.

2. Secondly, the Reply provides no reason why these so-called "distinguishable" facts, even if accurate, would preclude the application of the foregoing fundamental jurisdictional principles of law. This is an example of the logical fallacy of a "distinction without a difference" – an artificially created distinction which has no importance or practical effect.

### III. In any event, a fair nexus exists between the ownership of the property and the dispute embodied in the State Court Action.

The Trust's State Court Action does "affect" the properties in dispute and, therefore, a fair nexus does exist between the lis pendens and the dispute embodied in the State Court Action.

### a. The Trust's fraudulent transfer claims in the State Court Action directly "affects" the subject properties.

A notice of lis pendens is proper under Florida law if the action "affects" the real property:

> **An action** in any of the state or federal courts in this state **operates as a lis pendens on any real** or personal **property involved therein or to be affected thereby** only if a notice of lis pendens is recorded in the official records of the county where the property is located and such notice has not expired pursuant to subsection (2) or been withdrawn or discharged.
>
> Fla. Stat. § 48.23(1)(a) (emphasis added).

A fraudulent transfer action may, of course, "affect" the property in question because a plaintiff may obtain various forms of relief in such an action, including: (i) avoidance of the transfer; (ii) an attachment or other provisional remedies; (iii) injunctive relief; (iv) appointment of a receiver; and (v) "[a]ny other relief the circumstances may require." Fla. Stat. § 726.108(1). Accordingly, by definition, the voiding of a transfer of property under a Section 726.108 fraudulent transfer action will possibly "affect" title to or possession of the subject property.

Florida courts have recognized that a lis pendens is permitted and proper in an action to cancel a deed fraudulently transferred. *See, e.g., Mohican Valley, Inc. v. MacDonald*, 443 So. 2d 479, 481 (Fla. 5th DCA 1984) ("The lawsuit here . . . is a shareholders derivative suit to cancel a deed fraudulently transferred. . . . A lis pendens is permitted and proper in these cases . . . ."); *see also* Rodney Anderson et al., *Fraudulent Transfers*, § 7.3(c) (the Florida Bar, 7th ed. 2019) ("A creditor seeking to avoid a fraudulent

transfer may (and in most cases should) file a lis pendens relating to the real and personal property subject to fraudulent conveyance.").

Moreover, courts in other jurisdictions which, like Florida, have adopted the Uniform Fraudulent Transfer Act have also recognized that a lis pendens is permitted and proper when predicated on a fraudulent transfer claim because it may "affect" title to or possession of the property:

> Therefore, a fraudulent conveyance claim requesting relief pursuant to Civil Code section 3439.07, subdivision (a)(1), if successful, may result in the voiding of a transfer of title of specific real property. **By definition, the voiding of a transfer of real property will affect title to or possession of real property. Therefore, a fraudulent conveyance action seeking avoidance of a transfer** under subdivision (a)(1) of Civil Code section 3439.07 **clearly "affects title to, or the right to possession of" real property and is therefore a real property claim for purposes of the lis pendens statutes.**
>
> *Kirkeby v. Superior Court of Orange Cty.*, 93 P.3d 395, 399–400 (Cal. 2004) (emphasis added).

*See also Farris v. Advantage Capital Corp.*, 170 P.3d 250, 253 (Ariz. 2007) ("we hold that an action under Arizona's version of the UFTA seeking to void an allegedly fraudulent transfer of real property is one 'affecting title to real property' under A.R.S. § 12-1191(A), the *lis pendens* statute"); *Meljon v. Sonsino*, 325 Ga. App. 719, 753 S.E.2d 456, 458 (2014) ("if Meljon prevails on his fraudulent conveyance claims, the real property in Dunwoody would be directly affected by the relief he seeks because title to the property would transfer from Helen Sonsino back to Victor Sonsino. Such a transfer falls squarely within the raison d'etre for a lis pendens"); *Tex. Kidney, Inc. v. ASD Specialty Healthcare*,

No. 14-13-01106-CV, 2014 WL 3002425, at *8–9 (Tex. App. - Houston [14th Dist.] July 1, 2014, no pet.) (holding that the trial court did not err in allowing a lis pendens to be filed against a property which was purchased by the appellee with fraudulently transferred funds); *Hunting World, Inc. v. Superior Court of the City & Cty. of S.F.*, 22 Cal. App. 4th 67, 73–74 (1994) (allowing notice of lis pendens filed in connection with state court fraudulent transfer action predicated on pending federal action).

Accordingly, a fair nexus exists between the Trust's State Court Action and the lis pendens filed therein because the fraudulent transfer claim may directly "affect" title to or possession of the properties subject to the claim.

### b. In addition, the State Court Action's constructive trust and equitable lien claims "affect" title to or possession of the subject properties.

In the State Court Action, the Trust seeks a constructive trust and related equitable relief which the Eleventh Circuit has recognized is proper in a fraudulent transfer action. *See C & M Inv. Grp., Ltd. v. Campbell*, 448 F. App'x 902, 905–06 (11th Cir. 2011); *see also Mishkin v. Jeannine Gurian Trust Number One*, No. 06-80489-CIV, 2007 WL 9701774, at *2 (S.D. Fla. May 21, 2007) ("'When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest equity converts him into a trustee'" (quoting *Collinson v. Miller*, 903 So. 2d 221, 228 (Fla. 2d DCA 2005)); and *Acapulco Constr., Inc. v. Redavo Estates, Inc.*, 645 So. 2d 182, 184 (3d DCA 1994) (concluding a notice of lis pendens was properly maintained where the plaintiff sought a constructive trust).

Accordingly, the constructive trust and other equitable claims sought by the Trust in the State Court Action may also "affect" the property creating a fair nexus between the fraudulent transfer claim and the properties in dispute.

### c. The State Court Action is a fraudulent transfer action—not a collection action for money damages.

The Reply incorrectly argues that "the primary focus" of the State Court Action "is to preserve 815 PV and 530 PV as assets to satisfy a potential money judgment." Reply at 8–9. Under Florida law, however, a fraudulent transfer action is not an action to collect—it is an action that requires an independent adjudication of liability based on statutorily-defined elements:

> [A]s Plaintiffs point out, contrary to Defendants' argument that this action is just a collection action, **an action for fraudulent transfer under Florida law is not an action to collect, but rather a claim that requires an independent adjudication of liability based on statutorily-defined elements**.
>
> *C & M Inv. Grp., Ltd. v. Campbell*, No. 8:10-cv-394, 2010 WL 4259394, at *2 (M.D. Fla. Oct. 25, 2010) (emphasis added).

*See also LSREF2 Baron, LLC v. Ashourian*, No. 3:14-cv-338, 2014 WL 12873231, at *3 (M.D. Fla. July 21, 2014) (explaining that a fraudulent transfer action is not merely a collection action).

Further, Counterclaim Defendants' reliance on *DeGuzman* is misplaced. *See* Reply at 8. There, the underlying action was for the recovery of purely money damages based on the defendant's failure to pay child support. *DeGuzman v. Balsini*, 930 So. 2d 752, 754–55 (Fla. 5th DCA 2006). If successful in her action, the plaintiff would have been awarded only money damages. *See id.* In contrast, if the Trust is successful in its State Court Action, it will be awarded non-monetary remedies affecting the property in dispute.

Accordingly, the Trust's fraudulent transfer claim pending in the State Court Action is not a mere collection action and provides no basis to dissolve the lis pendens.

**<u>Conclusion</u>**

Based on the foregoing, the Trust respectfully requests the Court to deny the Motion to Dissolve Lis Pendens for (i) lack of jurisdiction (ii) or, alternatively, because there is a fair nexus between the claim asserted in the State Court Action and the properties in dispute.

SMITH HULSEY & BUSEY


By: /s/ *James H. Post*
James H. Post
Michael E. Demont
R. Christopher Dix

Florida Bar Number 0175460
Florida Bar Number 364088
Florida Bar Number 036988
One Independent Drive, Suite 3300
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com
mdemont@smithhulsey.com
cdix@smithhulsey.com

Attorneys for Counterclaim Plaintiff, Dina Klempf Srochi, as Trustee of the Laura Jean Klempf Revocable

Certificate of Service

I certify that on this 15th day of April, 2020, I electronically filed the foregoing with the Clerk of Court through the Court's CM/ECF electronic notification system, which will send a Notice of Electronic Filing to all CM/ECF participants in this case. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

/s/ *James H. Post*
Attorney

01065039.5